1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BERNADETTE HIGHTOWER, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC | |
| Defendant. | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Bernadette Hightower, individually and on behalf of all others similarly situated, brings this action against Receivables Performance Management, LLC ("RPM" or "Defendant"), to obtain damages, restitution, and injunctive relief for the Class, as defined below, from Defendant. Plaintiff makes the following allegations on personal knowledge as to her own actions, the investigation of counsel, and the facts that are a matter of public record, and the remaining allegations upon information and belief.

CLASS ACTION COMPLAINT - 1

Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

**NATURE OF THE ACTION**

1.      Defendant is a large third-party debt collection company with its headquarters in Lynwood, Washington.

2.      In order to provide its debt-collection services, Defendant acquires, stores, processes, analyzes, and otherwise utilizes Plaintiff's and Class Members' personally identifiable information, including, but not limited to, name and Social Security numbers ("Private Information").

3.      On May 12, 2021 Defendant discovered an interruption of its services affecting certain computer system (the "Data Breach"). Defendant launched a forensic investigation that "determined that first access to [Defendant's] systems occurred on approximately April 8, 2021, with ransomware launched on May 12, 2021."[1]

4.      Through the ransomware attack, criminal cyberthieves accessed and exfiltrated Plaintiff's and Class Members' Private Information.

5.      Based upon the investigation, more than 3,766,573 individuals' Private Information was affected in the Data Breach.[2]

6.      Despite first becoming aware of the Data Breach on or around May 12, 2021, Defendant did not notify Plaintiff and Class Members until on or around November 21, 2022 ("Notice of Data Breach").

7.      As a result of the Data Breach, Plaintiff and over 3,700,000 Class Members suffered injury and ascertainable losses in the form of the present and imminent threat of fraud and identity

---

[1] https://apps.web.maine.gov/online/aeviewer/ME/40/11ca5a7c-b09f-404a-81c6-b683305543a1.shtml (last visited Nov. 27, 2022).
[2] *Id.*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

theft, loss of the benefit of their bargain, out-of-pocket expenses, loss of value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach, and the loss of, and diminution in, value of their personal information.

8.      In addition, Plaintiff's and Class Members' sensitive Private Information was compromised and unlawfully accessed in the Data Breach. This information, while compromised and taken by unauthorized third parties, remains also in the possession of Defendant, and without additional safeguards and independent review and oversight, remains vulnerable to additional hackers and theft.

9.      Information compromised in the Data Breach included Social Security numbers.

10.     Defendant did not notify Plaintiff's and Class Members' that their Private Information was subject to unauthorized access resulting from the Data Breach until November 21, 2022, approximately 18 months after it first discovered the Data Breach.

11.     The Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cyber-security procedures and protocols necessary to protect Plaintiff's and Class Members' Private Information.

12.     Plaintiff brings this class action lawsuit on behalf of those similarly situated to address Defendant's inadequate safeguarding of Class Members' Private Information that Defendant collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their information had been subject to unauthorized access by an unknown third party.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

13.     Defendant maintained the Private Information in a reckless manner. In particular, the Private Information was maintained on Defendant's computer network in a condition vulnerable to cyberattacks and ransomware malware.

14.     The mechanism of the hacking and potential for improper disclosure of Private Information was a known risk to Defendant and entities like it, and thus Defendant was on notice that failing to take steps necessary to secure the Private Information from those risks left that property in a dangerous condition and vulnerable to theft.

15.     Defendant disregarded the rights of Plaintiff and Class Members (defined below) by, among other things, intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions; failing to disclose that it did not have adequately robust computer systems and security practices to safeguard Private Information; failing to take standard and reasonably available steps to prevent the Data Breach; failing to properly train its staff and employees on proper security measures;  and failing to provide Plaintiff and Class Members prompt notice of the Data Breach.

16.     In addition, Defendant and its employees failed to properly monitor the computer network and systems that housed the Private Information. Had Defendant properly monitored its property, it would have discovered the intrusion sooner, as opposed to letting cyberthieves roam freely in Defendant's IT network for over a month.

17.     Plaintiff's and Class Members' identities are now at risk because of Defendant's negligent conduct because the Private Information that Defendant collected and maintained is now in the hands of data thieves. This present risk will continue for their respective lifetimes.

CLASS ACTION COMPLAINT - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

18.     Armed with the Private Information accessed in the Data Breach, data thieves can commit a variety of crimes including, for example, opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' information to obtain government benefits, filing fraudulent tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph, and giving false information to police during an arrest.

19.     As a result of the Data Breach, Plaintiff and Class Members are at a present and imminent risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

20.     By waiting to notify Plaintiff and Class Members for approximately 18 months, Defendant harmed Plaintiff and Class Members. If Defendant had notified Plaintiff and Class Members at or around the time the Data Breach was first discovered, Plaintiff and Class Members would be in a better position to protect themselves.

21.     Plaintiff and Class Members will incur out of pocket costs for, e.g., purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

22.     Plaintiff seeks to remedy these harms on behalf of herself and all similarly situated individuals whose Private Information was accessed during the Data Breach.

23.     Plaintiff seeks remedies including, but not limited to, compensatory damages, nominal damages, and reimbursement of out-of-pocket costs.

24.     Plaintiff also seeks injunctive and equitable relief to prevent future injury on behalf of herself and the putative Class.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **PARTIES**

25.     Plaintiff Bernadette Hightower is, and at all times mentioned herein was, an individual citizen of the State of Pennsylvania residing in the City of Elkins Park. Plaintiff received a Notice of Data Security Incident Letter from Defendant dated November 21, 2022.

26.     Defendant Receivables Performance Management is a corporation with its principal place of business located at 20818 44th Ave. W., Ste. 240, Lynnwood, WA 98036.

## **JURISDICTION AND VENUE**

27.     The Western District of Washington has personal jurisdiction over Defendant named in this action because Defendant and/or its parents or affiliates are headquartered in this District and Defendant conducts substantial business in Washington and this District through its headquarters, offices, parents, and affiliates.

28.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs; there are more than 100 members in the proposed class; and at least one member of the class, including the Plaintiff, are citizens of a state different from Defendant.

29.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant and/or its parents or affiliates are headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## **DEFENDANT'S BUSINESS**

30.     Defendant is a "national leader in accounts receivable management."[3]

---

[3] http://www.receivablesperformance.com/about-us (last visited Nov. 28, 2022).

CLASS ACTION COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

31.     Defendant provides debt-collection services to clients in credit card, retail card, auto finance, and large-utility industries.[4]

32.     Defendant obtains the Private Information of Plaintiff and Class Members in order to provide debt collection services to its clients.

33.     On information and belief, Defendant provides each client with a notice of its privacy practices (the "Privacy Notice"), which explains how it handles Private Information.

34.     A copy of the Privacy Notice is maintained on Defendant's website and may be found here: http://www.receivablesperformance.com/PrivacyPolicy.aspx.

35.     Defendant's Privacy Notice states that Defendant recognizes and respects privacy requirements set forth by Federal and State law.[5]

36.     Due to the highly sensitive and personal nature of the information Defendant acquires and stores, Defendant recognizes privacy rights, and promises in its Privacy Notice, to, among other things, maintain the "privacy of our clients, and the privacy of their customers," including their "sensitive information." That includes the types of data compromised in this Data Breach.

37.     Defendant promises to maintain the confidentiality of Plaintiff's and Class Members' Private Information to ensure compliance with federal and state laws and regulations. It also promises to "maintain physical, electronic and procedural safeguards to guard against unauthorized access to information."

---

[4] *Id.*
[5] http://www.receivablesperformance.com/PrivacyPolicy.aspx (last visited Nov. 28, 2022).

CLASS ACTION COMPLAINT - 7

38.     By obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class Members' Private Information, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' Private Information from unauthorized disclosure.

39.     Plaintiff and the Class Members have taken reasonable steps to maintain the confidentiality of their Private Information. Defendant failed to implement industry standard protections for that Private Information.

40.     Plaintiff and the Class Members relied on Defendant to keep their Private Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

## THE ATTACK AND DATA BREACH

41.     On or about May 12, 2021, Defendant became aware of a data security incident that impacted its server infrastructure and took Defendant's system offline.[6]

42.     Defendant responded immediately by physically disconnecting all equipment and began undertaking necessary efforts to restore its systems.[7]

43.     Defendant retained a forensic investigation firm that determined Defendant's systems were first accessed on or around April 8, 2021 and a criminal third-party launched a ransomware attack on May 12, 2021.

---

[6] https://apps.web.maine.gov/online/aeviewer/ME/40/11ca5a7c-b09f-404a-81c6-b683305543a1.shtml (last visited Nov. 28, 2022).
[7] *Id.*

CLASS ACTION COMPLAINT - 8

44.     Through the ransomware attack, Plaintiff's and Class Members' Private Information, including Social Security numbers, was accessed and exfiltrated by criminal third-parties.[8]

45.     Defendant acknowledges that more than 3,700,000 individuals' Private Information was affected in the Data Breach.[9]

46.     Based on its investigation, Defendant admits that Plaintiff's and Class Members' Private Information was accessed and exfiltrated via a ransomware attack conducted by cybercriminals.

47.     On information and belief, the Private Information contained accessed by hackers was not encrypted.

48.     The targeted attack was expressly designed to gain access to and exfiltrate private and confidential data, including (among other things) the Private Information of Plaintiff and the Class Members.

49.     While Defendant stated in notice letters sent to Plaintiff and Class Members (as well as on its website) that it learned of the Data Breach on or around May 12, 2021, Defendant did not begin notifying impacted individuals, such as Plaintiff and Class Members, until November 21, 2022—over 18 months after first discovering the Data Breach.

50.     Due to Defendant's inadequate security measures, Plaintiff and the Class Members now face a present, immediate, and ongoing risk of fraud and identity theft and must deal with that threat forever.

---

[8] *Id.*
[9] *Id.*

CLASS ACTION COMPLAINT - 9

51.    Due to Defendant's inadequate security measures, Plaintiff's and Class Members' Private Information is now in the hands of cyberthieves.

52.    Defendant failed to comply with its obligations to keep such information confidential and secure from unauthorized access.

## THE DATA BREACH WAS FORESEEABLE

53.    Defendant's data security obligations were particularly important given the substantial increase in cyberattacks and/or data breaches preceding the date of the breach.

54.    In 2021, a record 1,862 data breaches occurred, a 68% increase from 2020.Attacks involving ransomware—like the Data Breach here—are particularly on the rise, having doubled in each of the last two years.[10]

55.    Indeed, cyberattacks have become so notorious that the Federal Bureau of Investigation ("FBI") and U.S. Secret Service have issued a warning to potential targets so they are aware of, and prepared for, a potential attack. As one report explained, "[e]ntities like smaller municipalities and hospitals are attractive to ransomware criminals . . . because they often have lesser IT defenses and a high incentive to regain access to their data quickly."[11]

56.    Therefore, the increase in such attacks, and the attendant risk of future attacks, was widely known to the public and to anyone in Defendant's industry, including Defendant.

---

[11] *FBI, Secret Service Warn of Targeted*, Law360 (Nov. 18, 2019), https://www.law360.com/articles/1220974/fbi-secret-service-warn-of-targeted-ransomware (last visited July 2, 2021).
[11] *FBI, Secret Service Warn of Targeted*, Law360 (Nov. 18, 2019), https://www.law360.com/articles/1220974/fbi-secret-service-warn-of-targeted-ransomware (last visited July 2, 2021).

CLASS ACTION COMPLAINT - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## DEFENDANT FAILED TO PROPERLY PROTECT PLAINTIFF'S AND CLASS MEMBERS' PRIVATE INFORMATION

57.     Defendant did not use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted Private Information it was maintaining for Plaintiff and Class Members, causing the exposure of Private Information for more than 3,700,000 individuals.

### *Defendant failed to properly comply with Federal Trade Commission ("FTC") data security standards*

58.     The FTC has promulgated numerous guides for businesses that highlight the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.

59.     In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established cyber-security guidelines for businesses. The guidelines note that businesses should protect the personal information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.[12] The guidelines also recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone is attempting to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.[13]

---

[12] *Protecting Personal Information: A Guide for Business*, Federal Trade Commission (2016), *available at* https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (last visited Nov. 28, 2022).
[13] *Id*.

CLASS ACTION COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

60.     The FTC further recommends that companies not maintain Private Information longer than is needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

61.     The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations. *See, e.g.*, *In the Matter of Labmd, Inc*., A Corp, 2016-2 Trade Cas. (CCH) ¶ 79708, 2016 WL 4128215, at *32 (MSNET July 28, 2016) ("[T]he Commission concludes that LabMD's data security practices were unreasonable and constitute an unfair act or practice in violation of Section 5 of the FTC Act.").

62.     Defendant failed to properly implement basic data security practices explained and set forth by the FTC.

63.     Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized access to Private Information constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

64.     Defendant was at all times fully aware of its obligation to protect Private Information. Defendant was also aware of the significant repercussions that would result from its failure to do so.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
3

*Defendant failed to comply with industry standards*

4       65.     Defendant did not utilize industry standards appropriate to the nature of the
5
sensitive, unencrypted information it was maintaining for Plaintiff and Class Members, causing
6
7   the exposure of Private Information for more than 3,700,000 individuals.

8       66.     As explained by the Federal Bureau of Investigation, "[p]revention is the most
9
effective defense against ransomware and it is critical to take precautions for protection."[14]
10
        67.     To prevent and detect cyberattacks, including the cyberattack that resulted in the
11
Data Breach, Defendant could and should have implemented, as recommended by the United
12
States Government, the following measures:
13

14      •   Implement an awareness and training program.  Because end users are targets,
            employees and individuals should be aware of the threat of cyberattacks and how
15          it is delivered.

16      •   Enable strong spam filters to prevent phishing emails from reaching the end users
            and authenticate inbound email using technologies like Sender Policy Framework
17          (SPF), Domain Message Authentication Reporting and Conformance (DMARC),
            and DomainKeys Identified Mail (DKIM) to prevent email spoofing.
18

19      •   Scan all incoming and outgoing emails to detect threats and filter executable files
            from reaching end users.
20

21      •   Configure firewalls to block access to known malicious IP addresses.

22      •   Patch operating systems, software, and firmware on devices. Consider using a
            centralized patch management system.
23

24      •   Set anti-virus and anti-malware programs to conduct regular scans automatically.

25
─────────────────────
26  [14] *See* How to Protect Your Networks from RANSOMWARE, at 3, *available at* https://www.fbi.gov/file-
    repository/ransomware-prevention-and-response-for-cisos.pdf/view (last visited Nov. 28, 2021).

CLASS ACTION COMPLAINT - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

- Manage the use of privileged accounts based on the principle of least privilege: no users should be assigned administrative access unless absolutely needed; and those with a need for administrator accounts should only use them when necessary.

- Configure access controls—including file, directory, and network share permissions—with least privilege in mind. If a user only needs to read specific files, the user should not have write access to those files, directories, or shares.

- Disable macro scripts from office files transmitted via email. Consider using Office Viewer software to open Microsoft Office files transmitted via email instead of full office suite applications.

- Implement Software Restriction Policies (SRP) or other controls to prevent programs from executing from common cyberware locations, such as temporary folders supporting popular Internet browsers or compression/decompression programs, including the AppData/LocalAppData folder.

- Consider disabling Remote Desktop protocol (RDP) if it is not being used.

- Use application whitelisting, which only allows systems to execute programs known and permitted by security policy.

- Execute operating system environments or specific programs in a virtualized environment.

- Categorize data based on organizational value and implement physical and logical separation of networks and data for different organizational units.[15]

68.    To prevent and detect ransomware attacks, including the ransomware attack that resulted in the Data Breach, Defendant could and should have implemented, as recommended by the United States Cybersecurity & Infrastructure Security Agency, the following measures:

- **Update and patch your computer**.  Ensure your applications and operating systems (OSs) have been updated with the latest patches. Vulnerable applications and OSs are the target of most ransomware attacks….

---

[15] *Id.* at 3–4.

CLASS ACTION COMPLAINT - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

- **Use caution with links and when entering website addresses**.  Be careful when clicking directly on links in emails, even if the sender appears to be someone you know. Attempt to independently verify website addresses (e.g., contact your organization's helpdesk, search the internet for the sender organization's website or the topic mentioned in the email). Pay attention to the website addresses you click on, as well as those you enter yourself. Malicious website addresses often appear almost identical to legitimate sites, often using a slight variation in spelling or a different domain (e.g., .com instead of .net)….

- **Open email attachments with caution**. Be wary of opening email attachments, even from senders you think you know, particularly when attachments are compressed files or ZIP files.

- **Keep your personal information safe**.  Check a website's security to ensure the information you submit is encrypted before you provide it….

- **Verify email senders**.  If you are unsure whether or not an email is legitimate, try to verify the email's legitimacy by contacting the sender directly. Do not click on any links in the email. If possible, use a previous (legitimate) email to ensure the contact information you have for the sender is authentic before you contact them.

- **Inform yourself**.  Keep yourself informed about recent cybersecurity threats and up to date on ransomware techniques. You can find information about known phishing attacks on the Anti-Phishing Working Group website. You may also want to sign up for CISA product notifications, which will alert you when a new Alert, Analysis Report, Bulletin, Current Activity, or Tip has been published.

- **Use and maintain preventative software programs**. Install antivirus software, firewalls, and email filters—and keep them updated—to reduce malicious network traffic . . . .[16]

69.     To prevent and detect cyberattacks, including the cyberattack that resulted in the Data Breach, Defendant could and should have implemented, as recommended by the Microsoft Threat Protection Intelligence Team, the following measures:

**Secure internet-facing assets**

-       Apply latest security updates

---

[16] *See* Security Tip (ST19-001) Protecting Against Ransomware (original release date Apr. 11, 2019), *available at* https://us-cert.cisa.gov/ncas/tips/ST19-001 (last visited Nov. 28, 2022).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

- Use threat and vulnerability management
- Perform regular audit; remove privileged credentials;

**Thoroughly investigate and remediate alerts**

- Prioritize and treat commodity malware infections as potential full compromise;

**Include IT Pros in security discussions**

- Ensure collaboration among [security operations], [security admins], and [information technology] admins to configure servers and other endpoints securely;

**Build credential hygiene**

- Use [multifactor authentication] or [network level authentication] and use strong, randomized, just-in-time local admin passwords

**Apply principle of least-privilege**

- Monitor for adversarial activities
- Hunt for brute force attempts
- Monitor for cleanup of Event Logs
- Analyze logon events

**Harden infrastructure**

- Use Windows Defender Firewall
- Enable tamper protection
- Enable cloud-delivered protection
- Turn on attack surface reduction rules and [Antimalware Scan Interface] for Office [Visual Basic for Applications].[17]

70.     Several best practices have been identified that at a minimum should be implemented by entities like Defendant, including, but not limited to, the following: educating all employees; strong passwords; multi-layer security, including firewalls, anti-virus, and anti-

---

[17] *See* Human-operated ransomware attacks: A preventable disaster (Mar 5, 2020), *available at* https://www.microsoft.com/security/blog/2020/03/05/human-operated-ransomware-attacks-a-preventable-disaster/ (last visited Nov. 28, 2022).

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

malware software; encryption, making data unreadable without a key; multi-factor authentication; backup data, and; limiting which employees can access sensitive data.

71.     Other best cybersecurity practices that are standard include installing appropriate malware detection software; monitoring and limiting the network ports; protecting web browsers and email management systems; setting up network systems such as firewalls, switches and routers; monitoring and protection of physical security systems; protection against any possible communication system; training staff regarding critical points.

72.     Defendant failed to meet the minimum standards of any of the following frameworks: the NIST Cybersecurity Framework Version 1.1 (including without limitation PR.AC-1, PR.AC-3, PR.AC-4, PR.AC-5, PR.AC-6, PR.AC-7, PR.AT-1, PR.DS-1, PR.DS-5, PR.PT-1, PR.PT-3, DE.CM-1, DE.CM-4, DE.CM-7, DE.CM-8, and RS.CO-2), and the Center for Internet Security's Critical Security Controls (CIS CSC), which are all established standards in reasonable cybersecurity readiness.

73.     These foregoing frameworks are existing and applicable industry, and Defendant failed to comply with these accepted standards, thereby opening the door to and causing the Data Breach.

74.     Given that Defendant was storing the Private Information of more than 3.7 million individuals—and likely much more than that—Defendant could and should have implemented all of the above measures to prevent cyberattacks.

75.     The occurrence of the Data Brach indicates that Defendant failed to adequately implement one or more of the above measures to prevent cyberattacks, resulting in the Data Breach and the exposure of approximately 3,700,000 individuals' Private Information.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **DEFENDANT'S BREACH**

### ***Defendant failed to properly protect Plaintiff's and Class Members' Private Information***

76.     Defendant breached its obligations to Plaintiff and Class Members and was otherwise negligent and reckless because it failed to properly maintain and safeguard its computer systems and data. Defendant's unlawful conduct includes, but is not limited to, the following acts and/or omissions:

    a.   Failing to maintain an adequate data security system to reduce the risk of data breaches, cyber-attacks, hacking incidents, and ransomware attacks;

    b.   Failing to adequately protect Private Information;

    c.   Failing to properly monitor its own data security systems for existing or prior intrusions;

    d.   Failing to comply with FTC guidelines for cybersecurity, in violation of Section 5 of the FTC Act, and;

    e.   Failing to adhere to industry standards for cybersecurity.

77.     As the result of computer systems in need of security upgrades, as well as inadequate procedures for handling email phishing attacks, viruses, malignant computer code, and hacking attacks, Defendant negligently and unlawfully failed to safeguard Plaintiff's and Class Members' Private Information.

78.     Accordingly, as outlined below, Plaintiff and Class Members now face a present, increased, and immediate risk of fraud and identity theft.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Cyberattacks and data breaches cause disruption and put individuals at an increased risk of fraud and identity theft*

79.     The United States Government Accountability Office released a report in 2007 regarding data breaches ("GAO Report") in which it noted that victims of identity theft will face "substantial costs and time to repair the damage to their good name and credit record."[18]

80.     That is because any victim of a data breach is exposed to serious ramifications regardless of the nature of the data that was exposed. Indeed, the reason criminals steal personally identifiable information is to monetize it. They do this by selling the spoils of their cyberattacks on the black market to identity thieves who desire to extort and harass victims, and to take over victims' identities in order to engage in illegal financial transactions under the victims' names. Because a person's identity is akin to a puzzle, the more accurate pieces of data an identity thief obtains about a person, the easier it is for the thief to take on the victim's identity, or otherwise harass or track the victim. For example, armed with just a name and date of birth, a data thief can utilize a hacking technique referred to as "social engineering" to obtain even more information about a victim's identity, such as a person's login credentials or Social Security number. Social engineering is a form of hacking whereby a data thief uses previously acquired information to manipulate individuals into disclosing additional confidential or personal information through means such as spam phone calls and text messages or phishing emails.

---

[18] *See* U.S. Gov. Accounting Office, GAO-07-737, Personal Information: Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited; However, the Full Extent Is Unknown (2007), *available at* https://www.gao.gov/new.items/d07737.pdf (last visited Nov. 28, 2022).

CLASS ACTION COMPLAINT - 19

81.     The FTC recommends that identity theft victims take several steps to protect their personal and financial information after a data breach, including contacting one of the credit bureaus to place a fraud alert, reviewing their credit reports, contacting companies to remove fraudulent charges from their accounts, placing a credit freeze on their credit, and correcting their credit reports.[19]

82.     Identity thieves use stolen personal information such as Social Security numbers for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud.

83.     Identity thieves can also use Social Security numbers to obtain a driver's license or official identification card in the victim's name but with the thief's picture; use the victim's name and Social Security number to obtain government benefits; or file a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's Social Security number, rent a house in the victim's name, and may even give the victim's personal information to police during an arrest, resulting in an arrest warrant being issued in the victim's name.

84.     A study by Identity Theft Resource Center shows the multitude of harms caused by fraudulent use of personal and financial information:[20]

---

[19] *See IdentityTheft.gov*, Federal Trade Commission, https://www.identitytheft.gov/Steps  (last visited Nov. 28, 2022).
[20] *See* Jason Steele, *Credit Card and ID Theft Statistics*, CreditCards.com (June 11, 2021) https://www.creditcards.com/credit-card-news/credit-card-security-id-theft-fraud-statistics-1276 (last visited Nov. 28, 2022).

CLASS ACTION COMPLAINT - 20

Americans' expenses/disruptions as a result of criminal activity in their name (2016)

| | |
|---|---|
| I had to request government assistance | 29.5% |
| I had to borrow money | 60.7% |
| Had to use my savings to pay for expenses | 32.8% |
| Couldn't qualify for a home loan | 32.8% |
| I lost my home/place of residence | 31.1% |
| I couldn't care for my family | 34.4% |
| Had to rely on family/friends for assistance | 49.2% |
| Lost out on an employment opportunity | 44.3% |
| Lost time away from school | 19.7% |
| Missed time away from work | 55.7% |
| Was generally inconvenienced | 73.8% |
| Other | 23% |
| None of these | 3.3% |

Source: Identity Theft Resource Center

creditcards.com

85.     Moreover, theft of Private Information is also gravely serious. The existence and maintenance of Private Information comes with extremely valuable property rights.[21]

86.     Its value is axiomatic, considering the value of "big data" in corporate America and the fact that the consequences of cyber thefts include heavy prison sentences. Even this obvious risk to reward analysis illustrates beyond doubt that Private Information has considerable market value.

---

[21] *See, e.g.*, John T. Soma et al., *Corporate Privacy Trend: The "Value" of Personally Identifiable Information ("PII") Equals the "Value" of Financial Assets*, 15 Rich. J.L. & Tech. 11, at *1 (2009) ("PII, which companies obtain at little cost, has quantifiable value that is rapidly reaching a level comparable to the value of traditional financial assets.") (citation omitted).

CLASS ACTION COMPLAINT - 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

87.     There may be a substantial time lag—in some cases measured in years—between when Private Information and/or financial information is stolen and when it is used to commit fraud or identity theft.

88.     According to the U.S. Government Accountability Office, which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[22]

89.     Private Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years.

90.     There is a strong probability that entire batches of stolen information have been dumped on the black market and are yet to be dumped on the black market, meaning Plaintiff and Class Members are at an increased risk of fraud and identity theft for many years into the future.

91.     Thus, Plaintiff and Class Members must vigilantly monitor their financial for many years to come.

92.     Sensitive Private Information can sell for as much as $363 per record according to the Infosec Institute.[23] Personally identifiable information ("PII") is particularly valuable because

---

[22] *See* GAO Report at 29.
[23] *See* Ashiq Ja, *Hackers Selling Healthcare Data in the Black Market*, InfoSec (July 27, 2015), https://resources.infosecinstitute.com/topic/hackers-selling-healthcare-data-in-the-black-market/.

CLASS ACTION COMPLAINT - 22

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

criminals can use it to target victims with frauds and scams. Once PII is stolen, fraudulent use of that information and damage to victims may continue for years.

93.    For example, the Social Security Administration has warned that identity thieves can use an individual's Social Security number to apply for additional credit lines.[24] Such fraud may go undetected until debt collection calls commence months, or even years, later. Stolen Social Security Numbers also make it possible for thieves to file fraudulent tax returns, file for unemployment benefits, or apply for a job using a false identity.[25] Each of these fraudulent activities is difficult to detect. An individual may not know that his or her Social Security Number was used to file for unemployment benefits until law enforcement notifies the individual's employer of the suspected fraud. Fraudulent tax returns are typically discovered only when an individual's authentic tax return is rejected.

94.    Moreover, it is not an easy task to change or cancel a stolen Social Security number.

95.    An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. Even then, a new Social Security number may not be effective, as "[t]he credit bureaus and banks are able to link the new number very quickly to the old number, so all of that old bad information is quickly inherited into the new Social Security number."[26]

96.    This data, as one would expect, demands a much higher price on the black market. Martin Walter, senior director at cybersecurity firm RedSeal, explained, "[c]ompared to

---

[24] *Identity Theft and Your Social Security Number*, Social Security Administration (2018) at 1, *available at* https://www.ssa.gov/pubs/EN-05-10064.pdf (last visited Nov. 28, 2022).
[25] *Id.* at 4.
[26] Brian Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015), http://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-worrying-about-identity-theft (last visited Nov. 28, 2022).

CLASS ACTION COMPLAINT - 23

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

credit card information, personally identifiable information and Social Security Numbers are worth more than 10x on the black market."[27]

97.     For this reason, Defendant knew or should have known about these dangers and strengthened its network and data security systems accordingly. Defendant was put on notice of the substantial and foreseeable risk of harm from a data breach, yet it failed to properly prepare for that risk.

### *Plaintiff Hightower's and Class Members' Harms and Damages*

98.     To date, Defendant has done little to adequately protect Plaintiff and Class Members, or to compensate them for their injuries sustained in the Data Breach. Defendant's Notice of Data Security Incident Letter completely downplays and disavows the theft of Plaintiff's and Class Members' Private Information, when the facts demonstrate that the Private Information was accessed and exfiltrated. The complimentary fraud and identity monitoring service offered by Defendant is wholly inadequate, as the services are offered for only 12 months, and Defendant places the burden squarely on Plaintiff's and Class Members to expend time signing up for that service, as opposed to automatically enrolling all victims of this cybercrime.

99.     Plaintiff and Class Members have been injured and damaged by the compromise of their Private Information in the Data Breach.

100.     Plaintiff's Private Information (including without limitation her name and Social Security number) was compromised in the Data Breach and is now in the hands of the

---

[27] Tim Greene, *Anthem Hack: Personal Data Stolen Sells for 10x Price of Stolen Credit Card Numbers*, Computer World (Feb. 6, 2015), http://www.itworld.com/article/2880960/anthem-hack-personal-data-stolen-sells-for-10x-price-of-stolen-credit-card-numbers.html (last visited Nov. 28, 2022).

CLASS ACTION COMPLAINT - 24

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

cybercriminals who accessed Defendant's network. Class Members' Private Information, as described above, was similarly compromised and is now in the hands of the same cyberthieves.

101.    Plaintiff typically takes measures to protect her Private Information and is very careful about sharing her Private Information. Plaintiff has never knowingly transmitted unencrypted Private Information over the internet or any other unsecured source.

102.    Plaintiff stores any documents containing her Private Information in a safe and secure location. Moreover, Plaintiff diligently chooses unique usernames and passwords for her online accounts.

103.    To the best of her knowledge, Plaintiff's Private Information was never compromised in any other data breach.

104.    As a result of the Data Breach, Plaintiff suffered fraudulent activity on her Citizens Bank account in the early Summer of 2022 and more recently in October 2022.

105.    Specifically, Plaintiff noticed small amounts of money withdrawn from her bank account. Her bank later deposited the funds back into her account after she filed a fraud report. Upon information and belief, this practice is a form of money laundering used by cybercriminals.

106.    Plaintiff and Class Members face substantial risk of out-of-pocket fraud losses such as loans opened in their names, tax return fraud, utility bills opened in their names, and similar identity theft.

107.    Plaintiff and Class Members face substantial risk of being targeted for future phishing, data intrusion, and other illegal schemes because fraudsters could use their Private Information to target such schemes more effectively to Plaintiff and Class Members.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

108.    Plaintiff and Class Members will also incur out-of-pocket costs for protective measures such as credit monitoring fees (for any credit monitoring obtained in addition to or in lieu of the inadequate monitoring offered by Defendant), credit report fees, credit freeze fees, and similar costs directly or indirectly related to the Data Breach.

109.    Plaintiff and Class Members also suffered a loss of value of their Private Information when it was acquired by the hacker and cyber thieves in the Data Breach. Numerous courts have recognized the propriety of loss of value damages in related cases.

110.    Plaintiff and Class Members have spent and will continue to spend significant amounts of time monitoring their financial accounts and records for misuse.

111.    Plaintiff spent many hours over the course of several days attempting to verify the veracity of the notice of breach that she received and to monitor her financial and online accounts for evidence of fraudulent activities.

112.    Plaintiff and Class Members have suffered actual injury as a direct result of the Data Breach. Many victims suffered ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach relating to:

      a.   Finding fraudulent loans, insurance claims, tax returns, and/or government benefit claims;

      b.   Purchasing credit monitoring and identity theft prevention;

      c.   Placing "freezes" and "alerts" with credit reporting agencies;

      d.   Spending time on the phone with or at a financial institution or government agency to dispute fraudulent charges and/or claims;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

e.   Contacting financial institutions and closing or modifying financial accounts;

f.   Closely reviewing and monitoring their Social Security Numbers, bank accounts, and credit reports for unauthorized activity for years to come.

113.   Moreover, Plaintiff and Class Members have an interest in ensuring that their Private Information, which is believed to remain in the possession of Defendant, is protected from further breaches by the implementation of security measures and safeguards, including but not limited to, making sure that the storage of data or documents containing sensitive and confidential personal, health, and/or financial information is not accessible online, that access to such data is password-protected, and that such data is properly encrypted.

114.   Further, as a result of Defendant's conduct, Plaintiff and Class Members are forced to live with the anxiety that their Private Information may be disclosed to the entire world, thereby subjecting them to embarrassment and depriving them of any right to privacy whatsoever.

115.   As a direct and proximate result of Defendant's actions and inactions, Plaintiff and Class Members have suffered a loss of privacy and are at a present and imminent and increased risk of future harm.

## CLASS REPRESENTATION ALLEGATIONS

116.   Plaintiff brings this nationwide class action on behalf of herself and on behalf of others similarly situated pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

117.   The Nationwide Class that Plaintiff seeks to represent is defined as follows:

All United States residents whose Private Information was accessed or acquired during the data breach event that is the subject of the Notice of Data Breach letter that Defendant sent to Plaintiff and other Class Members on or around November 21, 2022 (the "Nationwide Class").

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

118.    Excluded from the Class are Defendant's officers, directors, and employees; any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

119.    <u>Numerosity</u>, Fed R. Civ. P. 23(a)(1): The Nationwide Class (the "Class") is so numerous that joinder of all members is impracticable. Defendant has identified millions of individuals whose Private Information may have been improperly accessed in the Data Breach, and the Class is apparently identifiable within Defendant's records.   Defendant advised the Attorney General of Maine that the Data Breach affected more than 3,700,000 individuals.

120.    <u>Commonality</u>, Fed. R. Civ. P. 23(a)(2) and (b)(3): Questions of law and fact common to the Class exist and predominate over any questions affecting only individual Class Members. These include:

      a.    Whether Defendant unlawfully used, maintained, lost, or disclosed Plaintiff's and Class Members' Private Information;

      b.    Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the hacking incident and Data Breach;

      c.    Whether Defendant's data security systems prior to and during the hacking incident and Data Breach complied with applicable data security laws and regulations;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

d.      Whether Defendant's data security systems prior to and during the Data Breach were consistent with industry standards;

e.      Whether Defendant owed a duty to Class Members to safeguard their Private Information;

f.      Whether Defendant breached its duty to Class Members to safeguard their Private Information;

g.      Whether computer hackers obtained Class Members' Private Information in the Data Breach;

h.      Whether Defendant knew or should have known that its data security systems and monitoring processes were deficient;

i.      Whether Defendant owed a duty to provide Plaintiff and Class Members timely notice of this Data Breach, and whether Defendant breached that duty to provide timely notice;

j.      Whether Plaintiff and Class Members suffered legally cognizable damages as a result of Defendant's misconduct;

k.      Whether Defendant's conduct was negligent;

l.      Whether Defendant was unjustly enriched

m.      Whether Defendant's conduct violated federal law;

n.      Whether Defendant's conduct violated state law;

o.      Whether Plaintiff and Class Members are entitled to damages, civil penalties, and/or treble damages.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

121.    Common sources of evidence may also be used to demonstrate Defendant's unlawful conduct on a class-wide basis, including, but not limited to, documents and testimony about its data and cybersecurity measures (or lack thereof); testing and other methods that can prove Defendant's data and cybersecurity systems have been or remain inadequate; documents and testimony about the source, cause, and extent of the Data Breach; and documents and testimony about any remedial efforts undertaken as a result of the Data Breach.

122.    <u>Typicality</u>, Fed. R. Civ. P. 23(a)(3): Plaintiff's claims are typical of those of other Class Members because all had their PII compromised as a result of the Data Breach and due to Defendant's misfeasance.

123.    <u>Adequacy</u>, Fed. R. Civ. P. 23(a)(4): Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that she has no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class.  Plaintiff seeks no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights and the damages she has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.

124.    <u>Predominance</u>, Fed. R. Civ. P. 23 (b)(3). Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff's and Class Members' data was stored on the same computer systems and unlawfully accessed in the same way. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

125.    <u>Superiority and Manageability</u>, Fed. R. Civ. P. 23(b)(3): Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against a large corporation like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

126.    The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage in individual cases, as it would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

127.    The litigation of the claims brought herein is manageable.  Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

128.   Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

129.   Unless a class-wide injunction is issued, Defendant may continue in its failure to properly secure the Private Information of Class Members, Defendant may continue to refuse to provide proper notification to Class Members regarding the Data Breach, and Defendant may continue to act unlawfully as set forth in this Complaint.

130.   Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

131.   Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

     a.   Whether Defendant owed a legal duty to Plaintiff and Class Members to exercise due care in collecting, storing, using, and safeguarding their PII;

     b.   Whether Defendant breached a legal duty to Plaintiff and Class Members to exercise due care in collecting, storing, using, and safeguarding their PII;

     c.   Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

d.   Whether Defendant adequately and accurately informed Plaintiffs and Class Members that their PII had been compromised;

e.   Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

f.   Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII of Plaintiffs and Class Members; and,

g.   Whether Class Members are entitled to actual, consequential, nominal and/or treble damages, and/or injunctive relief as a result of Defendant's wrongful conduct.

132.   Defendant acted on grounds that apply generally to the Class as a whole, so that class certification and the corresponding relief sought are appropriate on a class-wide basis.

133.   Finally, all members of the proposed Class are readily ascertainable. Defendant has access to Class Members' names and addresses affected by the Data Breach. Class Members have already been preliminarily identified and sent notice of the Data Breach by Defendant.

## CLAIMS FOR RELIEF

### FIRST COUNT
**Violation of the Washington State Consumer Protection Act**
**(RCW 19.86.010 *et seq.*)**
**(On Behalf of Plaintiff and the Nationwide Class)**

134.   Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

135.     The Washington State Consumer Protection Act, RCW 19.86.020 (the "CPA") prohibits any "unfair or deceptive acts or practices" in the conduct of any trade or commerce as those terms are defined by the CPA and relevant case law.

136.     Defendant is a "person" as described in RCW 19.86.010(1).

137.     Defendant engages in "trade" and "commerce" as described in RCW 19.86.010(2) in that it engages in the sale of services and commerce directly and indirectly affecting the people of the State of Washington.

138.     Defendant is headquartered in Washington; its strategies, decision-making, and commercial transactions originate in Washington; most of its key operations and employees reside, work, and make company decisions (including data security decisions) in Washington; and Defendant and many of its employees are part of the people of the State of Washington.

139.     In the course of conducting its business, Defendant committed "unfair acts or practices" by, among other things, knowingly failing to design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class Members' Private Information. Plaintiff and Class Members reserve the right to allege other violations of law by Defendant constituting other unlawful business acts or practices. As described above, Defendant's unfair acts and practices ongoing and continue to this date.

140.     Defendant's conduct was also deceptive. Defendant failed to timely notify and instead concealed from Plaintiff and Class Members the unauthorized release and disclosure of their Private Information. If Plaintiff and Class Members had been notified in an appropriate

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

fashion, and had the information not been hidden from them, they could have taken precautions to safeguard and protect their Private Information and identities.

141.    Defendant's above-described "unfair or deceptive acts or practices" in violation of the CPA effects the public interest because it is substantially injurious to persons, had the capacity to injure other persons, and has the capacity to injure other persons.

142.    The gravity of Defendant's wrongful conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests other than engaging in the above-described wrongful conduct.

143.    Defendant's above-described unfair and deceptive acts and practices directly and proximately caused injury to Plaintiff and Class Members' business and property. Plaintiff and Class Members have suffered, and will continue to suffer, actual damages and injury in the form of, among other things, (1) an imminent, immediate and continuing increased risk of identity theft and fraud—risks justifying expenditures for protective and remedial services for which he or she is entitled to compensation; (2) invasion of privacy; (3) breach of the confidentiality of his or her Private Information; (5) deprivation of the value of his or her Private Information, for which there is a well-established national and international market; (6) the financial and temporal cost of credit monitoring, monitoring financial accounts, and mitigating damages; and/or (7) investment of substantial time and money to monitoring and remediating the harm inflicted upon them.

144.    Unless restrained and enjoined, Defendant will continue to engage in the above-described wrongful conduct and more data breaches will occur. Plaintiff, therefore, on behalf of herself, Class Members, and the general public, also seeks an injunction prohibiting Defendant from continuing such wrongful conduct, requiring Defendant to modify its corporate culture, and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

requiring Defendant to design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures protocols, and software and hardware systems to safeguard and protect Private Information.

145.     Plaintiff, on behalf of herslef and the Class Members, also seeks to recover actual damages sustained by each Class Member together with the costs of the suit, including reasonable attorney fees. In addition, Plaintiff, on behalf of Plaintiff and the Class Members, requests that this Court use its discretion, pursuant to RCW 19.86.090, to increase the damages award for each class member by three times the actual damages sustained not to exceed $25,000.00 per class member.

## SECOND COUNT
### Negligence
### (On Behalf of Plaintiff and the Nationwide Class)

146.     Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

147.     Plaintiff brings this claim individually and on behalf of the Class members.

148.     Defendant knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' Private Information, and had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

149.     Defendant had, and continues to have, a duty to timely disclose that Plaintiff's and Class Members' Private Information within its possession was compromised and precisely the type(s) of information that were compromised.

150.     Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' Private Information.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

151.    Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the Private Information.

152.    Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and its Class Members, which is recognized by laws and regulations, as well as common law. Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Class Members from a data breach.

153.    In addition, Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

154.    Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential Private Information.

155.    Defendant systematically failed to provide adequate security for data in its possession.

156.    The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

a.      Failing to adopt, implement, and maintain adequate security measures to safeguard Class Members' Private Information;

b.      Failing to adequately monitor the security of its networks and systems;

c.      Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

157.    Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' Private Information within Defendant's possession.

158.    Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' Private Information.

159.    Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendant's possession might have been compromised and precisely the type of information compromised.

160.    It was foreseeable that Defendant's failure to use reasonable measures to protect Plaintiff and Class Members' Private Information would result in injury to Plaintiff and Class Members.

161.    It was foreseeable that the failure to adequately safeguard Plaintiff and Class Members' Private Information would result in injuries to Plaintiff and Class Members.

162.     Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' Private Information to be compromised.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

163.    As a result of Defendant's ongoing failure to notify Plaintiff and Class Members regarding what type of Private Information has been compromised, Plaintiff and Class Members are unable to take the necessary precautions to mitigate damages by preventing future fraud.

164.    Defendant's breaches of duty caused Plaintiff and Class Members to suffer from identity theft, loss of time and money to monitor their finances for fraud, and loss of control over their Private Information.

165.    As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes.

166.    Plaintiff seeks the award of actual damages on behalf of the Class. Plaintiff seeks injunctive relief on behalf of the Class in the form of an order (1) compelling Defendant to institute appropriate data collection and safeguarding methods and policies with regard to patient information; and (2) compelling Defendant to provide detailed and specific disclosure of what types of Private Information have been compromised as a result of the data breach.

## <u>THIRD COUNT</u>
### Breach of Confidence
### (On Behalf of Plaintiff and the Nationwide Class)

167.    Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

168.    At all times during Defendant's possession of Plaintiff's and the Class Members' Private Information, Defendant was fully aware of the confidential and sensitive nature of Plaintiff's and the Class Members' Private Information.

CLASS ACTION COMPLAINT - 39

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

169.    Defendant's relationship with Plaintiff and Class Members was governed by terms and expectations that Plaintiff's and the Class Members' Private Information would be collected, stored, and protected in confidence, and would not be disclosed to unauthorized third parties.

170.    Defendant voluntarily received in confidence Plaintiff's and the Class Members' Private Information with the understanding that Private Information would not be disclosed or disseminated to the public or any unauthorized third parties.

171.    Due to Defendant's failure to prevent and avoid the Data Breach from occurring, Plaintiff's and the Class Members' Private Information was disclosed to and misappropriated by unauthorized third parties beyond Plaintiff's and the Class Members' confidence, and without their express permission.

172.    As a direct and proximate cause of Defendant's actions and/or omissions, Plaintiff and Class Members have suffered damages.

173.    But for Defendant's disclosure of Plaintiff's and the Class Members' Private Information in violation of the parties' understanding of confidence, their Private Information would not have been compromised, stolen, viewed, accessed, and used by unauthorized third parties. Defendant's Data Breach was the direct and legal cause of the theft of Plaintiff's and the Class Members' Private Information as well as the resulting damages.

174.    The injury and harm Plaintiff and Class Members suffered was the reasonably foreseeable result of Defendant's unauthorized disclosure of Plaintiff's and the Class Members' Private Information. Defendant knew or should have known its methods of accepting and securing Plaintiff's and the Class Members' Private Information was inadequate as it relates to, at the very

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

least, securing servers and other equipment containing Plaintiff's and the Class Members' Private Information.

175.   As a direct and proximate result of Defendant's breach of its confidence with Plaintiff and the Class, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity how their PII is used; (iii) the compromise, publication, and/or theft of their PII; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Private Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual present and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information of Plaintiff and the Class; and (viii) present and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Data Breach on Plaintiff's and Class Members' Private Information for the remainder of the lives of Plaintiff and Class Members.

176.   As a direct and proximate result of Defendant's breaches of confidence, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for

relief as follows:

A. For an Order certifying this case as a class action and appointing Plaintiff and

Plaintiff's counsel to represent the Class;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct

complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and

Class Members' Private Information, and from refusing to issue prompt,

complete, and accurate disclosures to Plaintiff and Class Members;

C. For equitable relief compelling Defendant to utilize appropriate methods and

policies with respect to consumer data collection, storage, and safety, and to

disclose with specificity the type of PII compromised during the Data Breach;

D. For equitable relief requiring restitution and disgorgement of the revenues

wrongfully retained as a result of Defendant's wrongful conduct;

E. Ordering Defendant to pay for not less than three years of credit monitoring

services for Plaintiff and the Class;

F. Ordering Defendant to disseminate individualized notice of the Data Breach to all

Class Members;

G. For an award of actual damages, compensatory damages, statutory damages, and

statutory penalties, in an amount to be determined, as allowable by law;

H. For an award of attorneys' fees and costs, and any other expense, including expert

witness fees;

CLASS ACTION COMPLAINT - 42

I.   Pre- and post-judgment interest on any amounts awarded; and

J.   Such other and further relief as this court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims so triable.

Dated:  November 28, 2022

**TOUSLEY BRAIN STEPHENS PLLC**


By: *s/ Jason T. Dennett*
    *s/ Kaleigh N. Boyd*
    Jason T. Dennett, WSBA #30686
    Kaleigh N. Boyd, WSBA #52684
    1200 Fifth Avenue, Suite 1700
    Seattle, WA 98101-3147
    Tel: (206) 682-5600/Fax: (206) 682-2992
    *jdennett@tousley.com*
    *kboyd@tousley.com*

    Nathan D. Prosser*
    **HELLMUTH &JOHNSON, PLLC**
    8050 West 78th Street
    Edina, MN 55439
    Telephone: (952) 941-4005
    nprosser@hjlawfirm.com

    Bryan L. Bleichner*
    Philip Krzeski*
    **CHESTNUT CAMBRONNE PA**
    100 Washington Avenue South, Suite 1700
    Minneapolis, MN 55401
    Phone: (612) 339-7300
    Fax: (612) 336-2940
    bbleichner@chestnutcambronne.com
    pkrzeski@chestnutcambronne.com

    *Pro Hac Vice Application forthcoming*

    *Counsel for Plaintiff and Putative Class Members*

CLASS ACTION COMPLAINT - 43