HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADETTE HIGHTOWER, *on behalf of herself and all others similarly situated,*<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:22-cv-01683-RSM<br><br>**PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE RELATED CASES AND SET BRIEFING SCHEDULE**<br><br>Note on Motion Calendar:<br>December 30, 2022 |
| LAUREN SHEMEYLA, *on behalf of herself and all others similarly situated,*<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:22-cv-01686-RSM |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 1
Case No. 22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| ALICIA DAMON, *on behalf of herself and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:22-cv-01691-RSM |
| HELEN GOINS, *on behalf of herself and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:22-cv-01692-RSM |
| LATERSHIA JONES, *on behalf of herself and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:22-cv-01715-RSM |

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 2
Case No. 22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| DAVID TRISTAN, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:22-cv-01719-TSZ |

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and LCR 42(a), Plaintiffs Bernadette Hightower, Lauren Shemeyla, Alicia Damon, Helen Goins, Latershia Jones, and David Tristan ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move for an Order consolidating the above-captioned matters: *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683-RSM ("*Hightower Action*"); *Shemeyla v. Receivables Performance Management, LLC*, No. 2:22-cv-01686-RSM ("*Shemeyla Action*"); *Damon v. Receivables Performance Management, LLC*, No. 2:22-cv-01691-RSM ("*Damon Action*"); *Goins v. Receivables Performance Management, LLC*, No. 2:22-cv-01692-RSM ("*Goins Action*"); *Jones v. Receivables Performance Management, LLC*, No. 2:22-cv-01715-RSM ("*Jones Action*"); and *Tristan v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01719-TSZ ("*Tristan Action*") into the first-filed action: the *Hightower Action*. Consistent with LCR 42(b), the undersigned have met and conferred, and are in agreement with this Motion. Defense counsel for Receivables Performance Management, LLC has not yet made an appearance in any of the Related Actions.

        These actions arise out of the same operative facts—a targeted cyber-attack that allowed

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 3
Case No. 22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

a third party to gain unauthorized access to the computer systems housing sensitive consumer

data maintained by Defendant Receivable Performance Management, LLC ("Defendant" or

"RPM") that reportedly exposed confidential and sensitive personally identifying information

("PII") of over 3,700,000 individuals and was first discovered in or around May 2021 (the "Data

Breach"). The Related Actions assert similar causes of action, define overlapping classes, and

seek similar remedies as against a common defendant. To maximize efficiency and judicial

economy, the Court should grant Plaintiffs' Motion, and consolidate the Related Actions into the

*Hightower Action*. Plaintiffs also ask that the Court set a deadline for the submission of motions

to appoint lead counsel under Rule 23(g) for 14 days after the issuance of its Order on this

Motion, but in no event before January 5, 2023.

## I.    BACKGROUND

Located in Lynwood, Washington, Defendant is a consumer debt collection company that

serves bank, retail, auto finance, telecommunications, media and utilities, commercial finance,

and small business industries. [1]

The Related Actions each arise out of a targeted cyber-attack that allowed a third party to

gain unauthorized access to the computer systems housing sensitive consumer data maintained

by Defendant. In the course of its business, Defendant stores and maintains consumers' sensitive

and private information, including Social Security numbers (the "Private Information"). The

Related Actions each allege that, as a result of Defendant's failure to adhere to adequate data

security practices, the Private Information of Plaintiffs and over 3,700,000 other consumers

across the country was accessed by a malicious actor via a ransomware attack (the "Data

---

[1] http://www.receivablesperformance.com/ (last visited Nov. 30, 2022).

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 4
Case No. 22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Breach").

Plaintiffs learned they were victims of the Data Breach, and each decided to file their

respective class actions following their receipt of Notice of Data Incident letters from Defendant.

Plaintiff Hightower filed her action in this District on November 28, 2022. Plaintiff Shemeyla filed

her action in this District on November 28, 2022.  Plaintiff Damon filed her action in this District

on November 29, 2022. Plaintiff Goins filed her action in this District on November 29, 2022.

Plaintiff Jones filed her action in this District on December 2, 2022. Plaintiff Tristan filed his

action in this District on December 2, 2022. Through their respective class actions, Plaintiffs allege

a combination of the following causes of action against Defendant: 1) Negligence; 2) Declaratory

Judgment; 3) violation of the Washington State Consumer Protection Act; 4) Breach of

Confidence; 5) Negligence Per Se; 6) Breach of Implied Contract; and 7) Invasion of Privacy.

## II.    LEGAL ARGUMENT

### A.    Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate
the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

As the rule states, a motion to consolidate must meet the threshold requirement of involving

"a common question of law or fact." If that threshold requirement is met, then whether to grant the

motion becomes an issue of judicial discretion. *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of*

*California*, 877 F.2d 777 (9th Cir. 1989). Courts have specifically addressed what factors should be

considered in determining whether a motion to consolidate should be granted: "Factors relevant to

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 5
Case No. 22-cv-01683-RSM

Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the analysis include judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Pecznick v. Amazon.com Inc.*, No. 2:22-cv-00743, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (citing *Chorak v. Hartford Cas. Ins. Co.*, No. 2:20-cv-00627, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020)). Furthermore, "[i]f the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Desert Mech. Inc. v. Travelers Cas. & Sur. Co of America*, No. 2:15-cv-02298, 2022 WL 1078362, at *3 (D. Nev. Mar. 14, 2022) (*citing Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

**B.     Consolidation is appropriate.**

The Complaints in the Related Actions arise out of and relate to the same, common factual allegations and legal theories. The Related Actions assert multiple common causes of action against the common Defendant relating to the same facts and seek the same or similar relief in response to the same event: the Data Breach. The Actions seek certification of an overlapping nationwide class and allege that Class Members suffered harm as a result of the Data Breach because their PII (including Social Security numbers) was exposed to third parties without their authorization. The Related actions present the quintessential consolidation scenario, and the Court should consolidate to ensure judicial economy and preserve party resources.

Consolidation of the Related Actions (and any future similar actions alleging claims relating to the Data Breach) is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. Consolidation will also reduce the confusion and delay that may result from

prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, evidentiary motions, and other pretrial matters. It will also decrease the amount of time that would have been otherwise required for three separate cases, as many witnesses would have to necessarily be called in four separate cases. Furthermore, it will foster judicial economy and will not prejudice any party.

Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *In re Accellion, Inc. Data Breach Litig.*, No. 21-cv-01155-EJD, 2022 WL 767279, at *3 (N.D. Cal. Mar. 14, 2022) (finding consolidation appropriate in a data breach against a sole defendant); *Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424-K (N.D. Tex. Mar. 19, 2021), ECF No. 37 (ordering consolidation of three cases stemming from the same data breach); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 734, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation); *McDonald v. PaperlessPay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 931599, at *5 (M.D.Fla. Mar. 11, 2021) (finding that the data breach litigations presented a number of common factual and legal issues warranting consolidation); *Galaria v. Nationwide Mutual Ins. Co.*, Nos. 2:13-cv-118; 2:13-cv-257, 2017 WL 4987663, at *3 (S.D. Ohio Aug. 16, 2017) (data breach "consolidation is appropriate under the circumstances of these cases and in the interest of expedition and economy"). Accordingly, Plaintiffs respectfully request that the Court consolidate

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 7
Case No. 22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

the Related Actions, and any subsequently filed or transferred actions relating to the Data

Breach, under the docket number of the first filed case, *Hightower v. Receivables Performance*

*Management, LLC*, No. 2:22-cv-01683-RSM.

**C.      Briefing Under Rule 23(g)**

Counsel for the undersigned Plaintiffs intend to submit competing motions for appointment

as lead counsel under Federal Rule of Civil Procedure 23(g). The parties have met and conferred,

and they agree that the Court should order that leadership applications be filed 14 days after the

entry of the Court's order on this Motion, or January 5, 2023, whichever is later. The parties have

further agreed that no response or reply briefs should be permitted on their motions.

### III.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an

Order:

1.      Consolidating the Related Actions against Receivables Performance

Management pursuant to Rule 42;

2.      Leadership applications shall be filed 14 days after the entry of the Court's

order on this Motion, or January 5, 2023, whichever is later; and

3.      No response or reply briefs on leadership applications shall be permitted.

\\\

\\\

\\\

\\\

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 8
Case No. 22-cv-01683-RSM

Dated:  December 12, 2022

TOUSLEY BRAIN STEPHENS PLLC

By: *s/ Jason T. Dennett*
    *s/ Kaleigh N. Boyd*
Jason T. Dennett, WSBA #30686
Kaleigh N. Boyd, WSBA #52684
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600/Fax: (206) 682-2992
*jdennett@tousley.com*
*kboyd@tousley.com*

Nathan D. Prosser*
**HELLMUTH & JOHNSON, PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
nprosser@hjlawfirm.com

Bryan L. Bleichner, *admitted pro hac vice*
Philip Krzeski, *admitted pro hac vice*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*\*Pro Hac Vice Application forthcoming
Attorneys for Plaintiff Bernadette Hightower and
Putative Class Members*

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/ Jason T. Dennett*
    *s/ Kaleigh N. Boyd*
Jason T. Dennett, WSBA #30686
Kaleigh N. Boyd, WSBA #52684
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600/Fax: (206) 682-2992
*jdennett@tousley.com*
*kboyd@tousley.com*

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 9
Case No. 22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2          John A. Yanchunis, *admitted pro hac vice*
           Ryan D. Maxey, *admitted pro hac vice*
3          **MORGAN & MORGAN COMPLEX**
           **BUSINESS DIVISION**
4          201 N. Franklin Street, 7th Floor
           Tampa, Florida 33602
5          (813) 223-5505
           jyanchunis@ForThePeople.com
6          rmaxey@ForThePeople.com

7

8          *Attorneys for Plaintiff Lauren Shemelya and the*
           *Proposed Class*
9

10         **TOUSLEY BRAIN STEPHENS PLLC**

11         By: *s/ Jason T. Dennett*
               *s/ Kaleigh N. Boyd*
12             Jason T. Dennett, WSBA #30686
               Kaleigh N. Boyd, WSBA #52684
13             1200 Fifth Avenue, Suite 1700
               Seattle, WA 98101-3147
14             Tel: (206) 682-5600/Fax: (206) 682-2992
               *jdennett@tousley.com*
15             *kboyd@tousley.com*

16

17         Terence R. Coates*
           Dylan J. Gould*
18         **MARKOVITS, STOCK & DEMARCO, LLC**
           119 E. Court Street, Suite 530
19         Cincinnati, OH 45202
           Tel: (513) 651-3700/Fax: (513) 665-0219
20         *tcoates@msdlegal.com*
           *dgould@msdlegal.com*
21

22         *\*Pro Hac Vice Application forthcoming*

23         *Attorneys for Plaintiff Alicia Damon and the Putative*
           *Class*
24

25

26

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 10
Case No. 22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2          **TOUSLEY BRAIN STEPHENS PLLC**

3          By: *s/ Jason T. Dennett*
               *s/ Kaleigh N. Boyd*
4              Jason T. Dennett, WSBA #30686
               Kaleigh N. Boyd, WSBA #52684
5              1200 Fifth Avenue, Suite 1700
               Seattle, WA 98101-3147
6              Tel: (206) 682-5600/Fax: (206) 682-2992
               *jdennett@tousley.com*
7              *kboyd@tousley.com*

8              Joseph M. Lyon, *admitted pro hac vice*
               Email: jlyon@thelyonfirm.com
9              **THE LYON FIRM, LLC**
               2754 Erie Avenue
10             Cincinnati, OH 45208
               Telephone: (513) 381-2333
11             Facsimile: (513) 766-9011

12
               Gary M. Klinger*
13             Email: gklinger@milberg.com
               **MILBERG COLEMAN BRYSON PHILLIPS**
14             **GROSSMAN, PLLC**
               221 West Monroe St., Suite 2100
15             Chicago, IL 60606
               Telephone: (866) 252-0878
16

17             *\*Pro Hac Vice Application forthcoming*

18
               *Counsel for Plaintiff Helen Goins and Putative Class*
19             *Members*

20         **TOUSLEY BRAIN STEPHENS PLLC**

21
           By: *s/ Jason T. Dennett*
22             *s/ Kaleigh N. Boyd*
               Jason T. Dennett, WSBA #30686
23             Kaleigh N. Boyd, WSBA #52684
               1200 Fifth Avenue, Suite 1700
24             Seattle, WA 98101-3147
               Tel: (206) 682-5600/Fax: (206) 682-2992
25             *jdennett@tousley.com*
               *kboyd@tousley.com*
26

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 11
Case No. 22-cv-01683-RSM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

William B. Federman*
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
*wbf@federmanlaw.com*

A. Brooke Murphy*
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
*abm@murphylegalfirm.com*

*\*pro hac vice applications* forthcoming

*Counsel for Plaintiff Latershia Jones and the Putative Class*


**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/Thomas E. Loeser*
THOMAS E. LOESER (WSB# 38701)
1301 Second Ave, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: toml@hbsslaw.com

TINA WOLFSON (pro hac vice to be filed)
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
Email: twolfson@ahdootwolfson.com

PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE
RELATED CASES - 12
Case No. 22-cv-01683-RSM

ANDREW W. FERICH (pro hac vice to be filed)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111
Facsimile: 310.474.8585
Email: aferich@ahdootwolfson.com

*Attorneys for Plaintiff David Tristan*

Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992