## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN and BRUCE MARK WOODRUFF, individually and on behalf of Participating Settlement Class Members (as defined in Paragraph 29) (together "Plaintiffs"), and RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant" or "RPM") (collectively the "Parties"), in the action *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM, pending in the U.S. District Court for the Western District of Washington (the "Action").

## RECITALS

WHEREAS, Plaintiffs have filed approximately ten (10) Complaints against RPM in the United States District Court for the Western District of Washington relating to a data security incident affecting RPM that occurred in or around May 2021, which Complaints have been consolidated and are presently pending in the Action on January 6, 2023 (Dkts. 8, 12);

WHEREAS, RPM denies the allegations and all liability with respect to any and all facts and claims alleged in the Action, that the class representatives and the classes which they purport to represent have suffered any damages, and/or that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23; and

WHEREAS, following extensive arm's length settlement negotiations, a mediation session, continued discussions and negotiations through the assistance of the mediator, and exchange and acceptance of a mediator's proposal, the Parties reached an agreement of the essential terms of settlement.

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## I.  DEFINITIONS

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.  "Action" means the class action lawsuit captioned *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM, pending in the U.S. District Court for the Western District of Washington before the Honorable Ricardo S. Martinez, resulting from the consolidation of approximately ten (10) cases by the Court on January 6, 2023 (Dkts. 8, 12).

2.  "Approved Claim" means the timely submission of a Claim Form by a Participating Settlement Member that has been approved by the Settlement Administrator.

3.　　　"Attested Time" means time spent remedying issues related to the Data Incident.

4.　　　"California Settlement Subclass" means the persons who are members of the Settlement Class who are residents of the state of California.

5.　　　"California Settlement Subclass Member" means an individual who falls within the definition of the California Settlement Subclass.

6.　　　"California Statutory Damages Payment" means a cash payment of Fifty Dollars and Zero Cents ($50.00) to Participating California Settlement Subclass Members.

7.　　　"Claim Form" or "Claim" means the form(s) Settlement Class Members must submit to be eligible for reimbursement of Out-of-Pocket Losses or Attested Time, and/or to claim Credit Monitoring Services under the terms of the Settlement, which is attached hereto as Exhibit 3.

8.　　　"Claims Deadline" means the last day to submit a timely Claim Form(s), which will occur sixty (60) days after the Notice Deadline.

9.　　　"Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive settlement benefits, which will end sixty (60) days after the Notice Deadline.

10.　　　"Class Counsel" means Bryan L. Bleichner of Chestnut Cambronne P.A., John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Kaleigh N. Boyd of Tousley Brain Stephens, PLLC.

11.　　　"Class Representatives" means Bernadette Hightower, Latershia Jones, George Dean, and Bruce Mark Woodruff.

12.　　　"Court" means the United States District Court for the Western District of Washington.

13.　　　"Credit Monitoring Services" means three (3) years of three-bureau credit monitoring services provided by CyEx (with the Pango Group) to Participating Settlement Class Members under the Settlement. These services include daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

14.　　　"Data Incident" means the data security incident affecting RPM which occurred in or around May 2021.

15.　　　"Effective Date" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment or one (1) business day following entry of an order granting final approval of the settlement if no parties have standing to appeal; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to

attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

16.     "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

17.     "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Agreement, substantially in the form annexed hereto as Exhibit 5.

18.     "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment that will occur no earlier than 120 days after entry of the Preliminary Approval Order

19.     "Litigation Costs and Expenses" means costs and expenses incurred by counsel for Plaintiffs in connection with commencing, prosecuting, and settling the Action.

20.     "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, (iv) Fee Award and Costs approved by the Court.

21.     "Non-Profit Residual Recipient" means the Legal Foundation of Washington, subject to approval by the Court.

22.     "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members, substantially in the form attached hereto as Exhibit 1 ("Short Form Notice") and Exhibit 2 ("Long Form Notice")

23.     "Notice Deadline" means the last day by which Notice must issue to the Settlement Class Members, and will occur no later than forty (40) days after entry of the Preliminary Approval Order.

24.     "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the

eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

25.    "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be sixty (60) days after the Notice Deadline.

26.    "Opt-Out Deadline" is the last day on which a Settlement Class member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

27.    "Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident, and that have not already been reimbursed by a third party, as set forth in Paragraph 56.  Out-of-Pocket Losses may include, without limitation, unreimbursed costs associated with fraud or identity theft including professional fees including attorneys' fees, accountants' fees, and fees for credit repair services and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges, as well as costs for credit monitoring costs or other mitigative services that were incurred on or after April 8, 2021.

28.    "Personal Information" means information that identifies an individual or in combination with other information can be used to identify, locate, or contact an individual.  The term "Personal Information" is not intended here, nor should it be viewed as, having any bearing on the meaning of this term or similar term in any statute or other source of law beyond this Agreement, or how the Parties may use the term in other circumstances.

29.    "Participating Settlement Class Member" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

30.    "Participating California Settlement Subclass Member" means a Settlement Class Member who is a resident of the state of California who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

31.    "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as Exhibit 4.

32.    "Released Claims" means any and all claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description—whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated,

legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and any amendment thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, RPM's provision of notice to Settlement Class Members following the Data Incident, RPM's information security policies and practices, or RPM's maintenance or storage of Personal Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

33.     "Released Parties" means RPM and each of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, as well as  well as clients of RPM and each of their respective predecessors, successors, assignors, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assignees of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

34.     "Releasing Parties" means the Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys and assignees.

35.     "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

36.     "Residual Cash Payment" means a pro rata cash payment to all Settlement Class Members who submit an Approved Claim, to be paid from the Residual Settlement Fund, with a cap of One Hundred Dollars and Zero Cents ($100.00), as set forth in Paragraph 71(b).

37.     "Residual Credit Monitoring Services" means additional Credit Monitoring Services for all Settlement Class Members who submit an Approved Claim for Credit Monitoring Services, to be paid from the Residual Settlement Fund, up to a cap of five (5) years of Credit Monitoring Services, as set forth in Paragraph 71(a).

38.     "Residual Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for California Statutory Damages Payment(s); (v) Approved Claim(s) for Attested Time; (vi) Approved Claim(s) for Credit Monitoring Services; (vii) Residual Credit Monitoring Service; (viii) Residual Cash Payments; (ix) Service Awards Payments approved by the Court; and (x) Fee Award and Costs approved by the Court.

39.     "RPM's Counsel" or "Defendant's Counsel" means Sarah Turner, Brian Middlebrook and John T. Mills of Gordon Rees Scully Mansukhani, LLP.

40.     "Service Award Payment" means compensation awarded by the Court and paid to a Class Representative in recognition of his or her role in this litigation.

41.     "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

42.     "Settlement Administrator" means Kroll Settlement Administration LLC, subject to Court approval.

43.     "Settlement Class" means the persons who are identified on the Settlement Class List, including all individuals residing in the United States who were sent a notification by RPM that their Personal Information was potentially compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in which RPM or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

44.     "Settlement Class List" means the list generated by RPM containing the full names and current or last known addresses of Settlement Class Members, which RPM shall provide to the Settlement Administrator within ten (10) days of the Preliminary Approval Order.

45.     "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

46.     "Settlement Fund" means the sum of Five Million Six Hundred Thousand Dollars and Zero Cents ($5,600,000.00) to be paid by or on behalf of RPM as specified in Paragraph ___, including any interest accrued thereon after payment.  This payment is the limit and extent of the monetary obligations of RPM, its respective predecessors, successors, assignors, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assignees of any of the foregoing, with respect to this Agreement and the settlement of this matter.

47.     "Settlement Payment" or "Settlement Check" means the payment to be made via mailed check or electronic payment to a Participating Settlement Class Member pursuant to Paragraph 64.

48.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiff's

motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiff's motion for an award of attorneys' fees, costs, and expenses, and/or service awards, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

49.    "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon RPM with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## II.    **SETTLEMENT FUND**

50.    **Establishment of Settlement Fund**. Within ten (10) days of the Preliminary Approval Order, RPM shall deposit or cause to be deposited the total sum of Five Million Six Hundred Thousand Dollars and Zero Cents ($5,600,000.00) into an interest bearing account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator and RPM.

51.    **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of RPM in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 86.

52.    **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

53.    **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 86.

54.    **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for California Statutory Damages Payment(s); (v) Approved Claim(s) for Attested Time; (vi) Approved Claim(s) for Credit Monitoring Services; (vii) Residual Credit Monitoring Service; (viii) Residual Cash Payments; (ix) Service Awards Payments approved by the Court; and (x) Fee Award and Costs approved by the Court.  Following payment of all of the above expenses, any amount remaining in the Residual Settlement Fund shall thereafter be paid to the Non-Profit Residual Recipient in accordance with Paragraph 72.  No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

55.    **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## III.    REIMBURSEMENT FOR OUT-OF-POCKET LOSSES AND ATTESTED TIME

56.    **Reimbursement for Out-of-Pocket Losses**. All Settlement Class Members may submit a claim for reimbursement of Out-of-Pocket Losses. "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's personal information; (ii) costs incurred on or after April 8, 2021, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges.  Settlement Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim, to the extent available; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Settlement Class Member has been reimbursed for the loss by another source. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents

such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Settlement Class Members shall not be reimbursed for Out-of-Pocket Losses if they have already been reimbursed for the same Out-of-Pocket Losses by another source. There is no cap on a claim for Out-of-Pocket Losses, provided that the Settlement Class Member(s) otherwise comply with the provisions of this Paragraph and this Agreement overall and the Settlement Administrator determines that the Claim should be processed as an Approved Claim, subject to the dispute procedures outlined in Paragraph 60.

57.     **Assessing Claims for Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects valid Out-of-Pocket Losses actually incurred that are fairly traceable to the Data Incident, but may consult with Class Counsel and RPM's Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after April 8, 2021; and/or (ii) whether the Personal Information used to commit identity theft or fraud consisted of the same type of Personal Information that was potentially impacted as a result of the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

58.     **Reimbursement for Attested Time**. All Settlement Class Members may submit a claim for reimbursement of Attested Time up to four (4) hours at Twenty Five Dollars and Zero Cents ($25.00) per hour rounded to the nearest whole hour. Settlement Class Members can receive reimbursement of Attested Time with a brief description of the actions taken in response to the Data Incident and the time associated with each action. Claims for Attested Time are capped at One Hundred Dollars and Zero Cents ($100.00) per individual.

59.     **Assessing Claims for Attested Time**. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Attested Time but may consult with Class Counsel and RPM's Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

60.     **Disputes**. To the extent the Settlement Administrator determines a claim for Out-of-Pocket Losses or Attested Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement

Administrator may consult with Class Counsel and RPM's Counsel in making such determinations.

## IV.   CREDIT MONITORING

61.    **Credit Monitoring Services**. All Settlement Class Members are eligible to enroll in three (3) years of three-bureau Credit Monitoring Services provided by CyEx (with the Pango Group) or other comparable provider, regardless of whether the Settlement Class Member submits a claim for reimbursement of Out-of-Pocket Losses or Attested Time and/or a claim for a California Statutory Damages Payment. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within thirty (30) days of the Effective Date which can be used to activate Credit Monitoring Services.  Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail.  The provider shall provide Credit Monitoring Services to all valid claimants who timely activate those services for a period of three (3) years from the date of activation, including daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

## V.    CALIFORNIA STATUTORY DAMAGES PAYMENT

62.    **California Statutory Damages Payment**. In addition to the benefits made available to Settlement Class Members under Sections III and IV, Paragraphs 56-61 above, all California Settlement Subclass Members may submit a claim for a California Statutory Damages Payment of Fifty Dollars and Zero Cents ($50.00).

63.    **Assessing Claims for California Statutory Damages Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a California Settlement Subclass Member. A California Settlement Subclass shall not be required to submit any documentation or additional information in support of their claim for a California Statutory Damages Payment.  The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.  Settlement Class Members who are not members of the California Settlement Subclass shall not be eligible to receive a claim for a California Statutory Damages Payment(s).

## VI.   PAYMENTS TO PARTICIPATING SETTLEMENT CLASS MEMBERS

64.    **Payment Timing**. Payments for Approved Claims for reimbursement for Out-of-Pocket Losses, Attested Time, and/or California Statutory Damages Payments shall be issued in the form of an electronic payment or check mailed as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. The Settlement Administrator shall utilize electronic payment methods wherever possible.

65.    **Timing**. To the extent payments are made by check, settlement checks shall bear in the legend that they expire if not negotiated within sixty (60) days of their date of issue.

66.    **Returned Checks**. For any electronic payment or settlement check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the electronic payment or check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement electronic payment(s) or settlement check(s) issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

67.    **Uncashed Checks**. To the extent that an electronic payment or settlement check is not cashed, accepted and/or negotiated within sixty (60) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued electronic payment or check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing an electronic payment or check or mailing the Participating Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued electronic payment or check. Any reissued electronic payment(s) or settlement check(s) issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

68.    **Deceased Class Members**. If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the electronic payment(s) or settlement check(s) to the Participating Settlement Class Member's estate upon receiving proof the Participating Settlement Class Member is deceased and after consultation with Class Counsel and RPM's Counsel.

## VII.   CLAIMS; DISTRIBUTION OF SETTLEMENT FUNDS; RESIDUAL SETTLEMENT FUND

69.    **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via a claims website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

70.    **Pro-Rata Contingencies**.

a.    To the extent the total amount of all Approved Claims for Settlement Class Members (including Approved Claims for Out-of-Pocket Losses, Approved Claims for Attested Time, and Approved Claims for California Statutory Damages Payments) at the end of the Claims Period were to exceed the amount in the Net Settlement Fund after payment of other expenses (including payments for all costs of administration of the Settlement and Class Notice, including

all costs to carry out the Notice Program; all Taxes and Tax-Related Expenses; the costs for Approved Credit Monitoring Services; any Fee and Expense Award approved by the Court for or awarded to Class Counsel; and any Service Awards approved by the Court), the monetary benefits to each eligible Settlement Class Member with an Approved Claim would be decreased on a *pro rata* basis.

b.     All payments for costs of administration of the Settlement and Class Notice, the costs for Credit Monitoring Services; any Fee and Expense Award; and any Service Awards approved by the Court shall be paid out before the payment of any Approved Claims.

c.     All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel and RPM's Counsel.

71.     **Residual Distributions**.

a.     **Residual Credit Monitoring Services**. In the event that there are funds in the Residual Settlement Fund, and the remaining amount is not *de minimis* (as determined by Class Counsel and RPM's Counsel based on calculations provided by the Settlement Administrator), the funds remaining in the Residual Settlement Fund shall first be used to purchase additional Credit Monitoring Services for all Settlement Class Members who submitted an Approved Claim for Credit Monitoring Services, up to a total of five (5) years. In order to be entitled to Residual Credit Monitoring Services, a Settlement Class Member need only have submitted a Claim Form for Credit Monitoring Services that has been approved by the Settlement Administrator. In order to receive Residual Credit Monitoring Services, the Settlement Class Member need not submit an additional Claim Form. The Settlement Administrator, upon notice to Class Counsel and RPM's counsel, shall determine the amount of additional year(s) of Residual Credit Monitoring Services to be provided. In determining this amount, the Settlement Administrator shall use the funds in the Residual Settlement Fund to increase the number of year(s) of Credit Monitoring Services to be provided to Settlement Class Members who submitted an Approved Claim for Credit Monitoring Services to the fullest extent possible, up to a total of five (5) years (*i.e.*, two (2) additional years). In no event shall the total years of Credit Monitoring Services and Residual Credit Monitoring Services provided to Settlement Class Members under this Settlement exceed a total of five (5) years. All determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel and RPM's Counsel.

b.     **Residual Cash Payment**. In the event that there are funds in the Residual Settlement Fund after payments/distributions for Residual Credit Monitoring Services, the funds remaining in the Residual Settlement Fund shall thereafter be used to issue a Residual Cash Payment to all Settlement Class Members who submit an Approved Claim. In order to be entitled to a Residual Cash Payment, a Settlement Class Member need only have submitted a Claim Form that has been approved by the Settlement Administrator, in whole or in part. The Claim Form can be submitted for one or more of the benefits available under this Settlement, and need not be of a specific type or amount. In order to receive a Residual Cash Payment, the Settlement Class Member need not submit an additional Claim Form. The Settlement Administrator, upon notice to Class Counsel and Defendants' counsel, shall determine the amount of the Residual Cash Payment. In determining this amount, the Settlement Administrator shall use the funds in the Residual Settlement Fund on an equal basis to Settlement Class Members who have submitted a

Claim Form that has been approved by the Settlement Administrator, in whole or in part.  In no event shall the amount of the Residual Cash Payment exceed One Hundred Dollars and Zero Cents ($100.00).  All determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel and RPM's Counsel.

72.     **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to RPM after the Effective Date. To the extent any monies remain in the Residual Settlement Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be distributed as required by state law or to the Non-Profit Residual Recipient. If the remaining monies are such that, in consultation with the Settlement Administrator, RPM and Class Counsel determine that it would be administratively unfeasible to provide any further benefits to Participating Settlement Class Members, RPM and Class Counsel may direct that the remaining moneys be distributed to the Non-Profit Residual Recipient without further order from the Court.

## IX.     SETTLEMENT CLASS NOTICE

73.     **Timing of Notice**. Within ten (10) days after the date of the Preliminary Approval Order, RPM shall provide the Settlement Class List to the Settlement Administrator. Within forty (40) days after the date of the Preliminary Approval Order, the Settlement Administrator shall disseminate the Short Form Notice to the members of the Settlement Class via email where available, and via U.S. Mail where no email is available. The Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.

74.     **Form of Notice**. Notice shall be disseminated via U.S. mail to Settlement Class Members.

## X.     OPT-OUTS AND OBJECTIONS

75.     **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

76.     **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds

for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

     77.    Within seven (7) days after the deadline for opt-out as set forth in this Paragraph and as approved by the Court, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid requests for exclusions.  In the event that within seven (7) days after receipt of the list from the Settlement Administrator, there have been more than one thousand (1,000) Opt-Outs (exclusions), RPM may, by notifying Class Counsel in writing, void this Agreement.  If RPM voids the Agreement pursuant to this Paragraph, RPM shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and service awards.

## XI.    **DUTIES OF THE SETTLEMENT ADMINISTRATOR**

     78.    **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

    a.   Creating, administering, and overseeing the Settlement Fund;

    b.   Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

    c.   Performing National Change of Address searches and/or skip tracing on the Settlement Class List;

    d.   Providing Notice to Settlement Class Members via U.S. mail and email;

    e.   Establishing and maintaining the Settlement Website;

    f.   Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day;

    g.   Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

h.   Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

i.   Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel and RPM's Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and RPM's Counsel;

j.   Working with the provider of Credit Monitoring Services to receive and send activation codes within thirty (30) days of the Effective Date;

k.   After the Effective Date, processing and transmitting settlement payments to Settlement Class Members;

l.   Providing weekly or other periodic reports to Class Counsel and RPM's Counsel that include information regarding the number of settlement electronic payments and/or checks mailed and delivered, electronic payments and/or settlement checks cashed, undeliverable information, and any other requested information relating to settlement payments. The Settlement Administrator shall also, as requested by Class Counsel or RPM's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

m.   In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to the implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

n.   Performing any function related to settlement administration as provided for in this Agreement or at the agreed-upon instruction of Class Counsel or RPM's Counsel, including, but not limited to, verifying that settlement payments have been distributed.

79.   **Limitation of Liability**. The Parties, Class Counsel, RPM's Counsel, and RPM's insurers and reinsurers, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

80. **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, RPM's Counsel, and RPM's insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## XII.   PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

81. **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class and the California Settlement Subclass, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class and the California Settlement Subclass shall be void. RPM reserves the right to contest class certification for all other purposes. The Parties further stipulate designating the Class Representatives as the representatives for the Settlement Class, and Class Representative Bruce Mark Woodruff as the representative for the California Settlement Subclass.

82. **Preliminary Approval**. Following the execution of this Agreement, Class Counsel shall file a motion for preliminary approval of this Settlement with the Court. Class Counsel shall provide RPM's counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing the same.

83. **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after RPM notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. In connection with the motion for preliminary approval, counsel for the parties shall request that the Court set a date for the Final Approval Hearing that is no earlier than 120 days after entry of the Preliminary Approval Order. Class Counsel shall provide RPM's counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that there are no requested revisions from RPM.

84. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this

Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## XIII.   MODIFICATION AND TERMINATION

85.    **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

86.    **Termination**. Class Counsel (on behalf of the Settlement Class Members) and RPM shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): (1) within seven (7) days of either of the following: (a) the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (b) RPM's receipt of the opt-out list from the Settlement Administrator that includes more than one thousand (1,000) Opt-Outs which right may be exercised solely by RPM as set forth above in Paragraph 77; or (2) within fourteen (14) days of either of the following: (a) the Court's refusal to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

87.    **Effect of Termination**. In the event of a termination as provided in Paragraph 86, this Agreement shall be considered null and void; all the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-settlement claims and defenses will be preserved.

## XIV.   RELEASES

88.    **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

89.    **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Class Representatives, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

90.     **Bar to Future Suits**.  Upon entry of the Final Approval Order and Judgment, the Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order.  It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## XV.     SERVICE AWARD PAYMENT

91.     **Service Award Payment**. At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking service award payments not to exceed Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) for each of the Class Representatives in recognition for his or her contributions to this Action, for a total of Ten Thousand Dollars and Zero Cents ($10,000.00) subject to Court approval.  The Settlement Administrator shall make the Service Award Payment to the Class Representative from the Settlement Fund. Such Service Award Payment shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

92.     **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XVI.    ATTORNEYS' FEES, COSTS, EXPENSES

93.     **Attorneys' Fees and Costs and Expenses**. At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion for an award of attorneys' fees and litigation costs and expenses not to exceed thirty percent (30%) of the Settlement Fund, or One

Million Six Hundred Eighty Thousand Dollars and Zero Cents ($1,680,000.00), to be paid from the Settlement Fund, and subject to Court approval. Fee Award and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, no later than ten (10) days after the Effective Date.

94. **Allocation**. To the extent applicable, and unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' counsel and any other attorneys for Plaintiffs. RPM and its insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

95. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs and expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XVII. NO ADMISSION OF LIABILITY

96. **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

97. **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by RPM in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVIII. MISCELLANEOUS

98. **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

99. **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

100.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

101.    **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

102.    **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

103.    **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

104.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

105.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

106.    **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

107.    **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Washington, without regard to the principles thereof regarding choice of law.

108.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

109.    **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Bryan L. Bleichner
**CHESTNUT CAMBRONNE P.A.**
100 Washington Avenue South, Suite 1700
Minneapolis, Minnesota 55401
bbleichner@chestnutcambronne.com

John Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
jyanchunis@forthepeople.com

Kaleigh N. Boyd
**TOUSLEY BRAIN STEPHENS, PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
kboyd@tousley.com

All notices to RPM provided for herein, shall be sent by overnight mail and email to:

Brian Middlebrook
John T. Mills
**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza
New York, New York 10004
bmiddlebrook@grsm.com
jtmills@grsm.com

Sarah Turner
**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, Washington 98104
sturner@grsm.com

The notice recipients and addresses designated above may be changed by written notice.

110.   **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.


**[remainder of page intentionally left blank]**


**SIGNATURES**

**BERNADETTE HIGTOWER**

By: *Bernadette Hightower*   Date: 07 / 17 / 2024

**LATERSHIA JONES**

By: _____        Date: _____

**GEORGE DEAN**

By: *George Dean*_____        Date: 16/07/24_____

**BRUCE MARK WOODRUFF**

By: _____        Date: _____

**CHESTNUT CAMBRONNE P.A.**, *Counsel for Plaintiffs and the Class*

By: _____        Date: _____
Bryan L. Bleichner

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**, *Counsel for Plaintiffs and the Class*

By: _____        Date: _____
John Yanchunis

**TOUSLEY BRAIN STEPHENS, PLLC**, *Counsel for Plaintiffs and the Class*

By: _____        Date: _____
Kaleigh N. Boyd

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC**

By: _____        Date: _____
Howard George, Chief Executive Officer

**GORDON REES SCULLY MANSUKHANI, LLP**, *Counsel for Defendants (as to form only)*

By: _____        Date: _____
Brian Middlebrook

**LATERSHIA JONES**

By: _____          Date: _____

**GEORGE DEAN**

By: _____          Date: _____

**BRUCE MARK WOODRUFF**

By: _Peter Woodruff, Trustee_          Date: 7/17/2024

**CHESTNUT CAMBRONNE P.A.**, *Counsel for Plaintiffs and the Class*

By: s/Bryan L. Bleichner          Date: July 17, 2024
Bryan L. Bleichner

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**, *Counsel for Plaintiffs and the Class*

By: _____          Date: 07/17/2024
John Yanchunis

**TOUSLEY BRAIN STEPHENS, PLLC**, *Counsel for Plaintiffs and the Class*

By: _____          Date: July 17, 2024
Kaleigh N. Boyd

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC**

By: Howard George          Date: July 16, 2024 | 4:37 PM PDT
Howard George, Chief Executive Officer

**GORDON REES SCULLY MANSUKHANI, LLP**, *Counsel for Defendants (as to form only)*

By: Brian Middlebrook          Date: July 17, 2024 | 7:34 AM PDT
Brian Middlebrook

**LATERSHIA JONES**

By: _Latershia Jones_  Date: 07-17-2024

**GEORGE DEAN**

By: _____  Date: _____

**BRUCE MARK WOODRUFF**

By: _____  Date: _____

**CHESTNUT CAMBRONNE P.A.**, *Counsel for Plaintiffs and the Class*

By: _____  Date: _____
Bryan L. Bleichner

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**, *Counsel for Plaintiffs and the Class*

By: _____  Date: _____
John Yanchunis

**TOUSLEY BRAIN STEPHENS, PLLC**, *Counsel for Plaintiffs and the Class*

By: _____  Date: _____
Kaleigh N. Boyd

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC**

By: _____  Date: _____
Howard George, Chief Executive Officer

**GORDON REES SCULLY MANSUKHANI, LLP**, *Counsel for Defendants (as to form only)*

By: _____  Date: _____
Brian Middlebrook

# **EXHIBIT 1**

**IF YOU WERE NOTIFIED BY RECEIVABLES PERFORMANCE
MANAGEMENT, LLC REGARDING THE MAY 2021 DATA INCIDENT,
YOU MAY BE ELIGIBLE FOR PAYMENT AND CREDIT MONITORING
SERVICES FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Receivables Performance Management ("RPM" or "Defendant") relating to cyberattack against RPM's computer systems that occurred in or around April 2021 (the "Data Incident"). The computer systems possibly affected by the Data Incident potentially contained personal information of certain individuals. The Plaintiffs claim that RPM was responsible for the Data Incident. RPM denies all of the claims.

**WHO IS INCLUDED?** RPM's records show you received a notification from RPM regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member" unless you opt out of the Settlement.

**SETTLEMENT BENEFITS.** The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and lost time (up to 4 hours at $25/hour) relating to the Data Incident, and for credit monitoring and identity protection services for three years. The Settlement also provides an option for California Settlement Subclass Members to submit a claim for California Statutory Damages Payment of $50. **The only way to receive a benefit is to file a claim. To get a Claim Form, visit the website or call [PHONE NUMBER]. The claim deadline is [60 days from Notice Date].**

**OPT OUT.** If you do not want to be legally bound by the Settlement, you must exclude yourself. A more detailed notice is available to explain how to exclude yourself. You must mail your exclusion request, postmarked no later than [60 days from Notice Deadline], to the Settlement Administrator. You cannot exclude yourself by phone or email. If you exclude yourself from the Settlement, you will receive no benefits under the Settlement and will not be legally bound by the Court's judgments related to the Settlement Class and RPM in this class action.

**OBJECT.** If you stay in the Settlement, you may object to it by [60 days from Notice Deadline], if you do not agree with any part of it. A more detailed notice is available to explain how to object. You must mail your written objection to the Settlement Administrator, postmarked no later than [60 days from Notice Deadline]. You can object only if you stay in the Settlement Class.

**OTHER OPTIONS.** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement.

**FOR MORE INFORMATION.** Please visit the website or call [phone number] for a copy of the more detailed notice. On **Month Day, 2024**, the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees up to $1,680,000.00 and for a service award up to $2,500 for each of the four Class Representatives. The Motion for attorneys' fees and expenses and service awards will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

| [insert website] | [insert phone number] |

Docusign Envelope ID: D5A5B0A8-4814-4C1C-BF38-EBB212D2C886

# **EXHIBIT 2**

**U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

*Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM

# If RPM notified you of a Data Incident which occurred in or around April 2021, you may be eligible for benefits from a class action settlement.

*A court authorized this Notice. This is not a solicitation from a lawyer.*

*Si necesita ayuda en español, comuníquese con el administrador al ==[settlement admin phone #]==.*

- A Settlement has been reached in a class action lawsuit against Receivables Performance Management, LLC ("RPM" or "Defendant") concerning a data security incident that occurred in or around May 2021 (the "Data Incident").

- The lawsuit is called *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM (the "Action"). The lawsuit alleges that the Data Incident potentially exposed certain personal identifying information ("PII") of Plaintiff and the members of the putative class.

- The Settlement Class includes all individuals who were sent notification by RPM that their personal information was or may have been compromised in the Data Incident. It excludes: (1) the judges presiding over this Action, and members of their direct families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in which RPM or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline. There is also a California Settlement Subclass, which includes all members of the Settlement Class who are residents of the State of California.

- Your legal rights are affected regardless of whether you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is ==**[60 days from Notice Deadline]**==. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendant and the issues in this case. The deadline to exclude yourself from the Settlement is ==**[60 days from Notice Deadline]**==. |
| **OBJECT TO THE SETTLEMENT** | Write to the Settlement Administrator explaining why you do not agree with the Settlement. The deadline to object is ==**[60 days from Notice Deadline]**==. |

| **ATTEND THE FINAL APPROVAL HEARING** | You or your attorney may attend and speak about your objection at the Final Approval Hearing.  The Final Approval Hearing will be held on [_____ ___], 202_. |
|---|---|
| **DO NOTHING** | You will not get any benefits from the Settlement and you will give up certain legal rights.  You will remain in the Settlement Class and be subject to the Release. |

- These rights and options, and the deadlines to exercise them, are explained in this Notice.  For complete details, please see the Settlement Agreement, whose terms control, available at **[insert website].**

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

## BASIC INFORMATION

### 1.    What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with RPM. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement.  This Notice explains the lawsuit, the Settlement, and your legal rights.

The case is called *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM.

### 2.    What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiffs and Class Representatives Bernadette Hightower, Latershia Jones, George Dean, and Bruce Mark Woodruff—sue on behalf of a group of people who have similar claims.  Together, this group is called a "Class" and consists of "Class Members."  In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.    What is this lawsuit about?

Plaintiffs claim that RPM failed to implement and maintain reasonable security measures to adequately protect the PII in its possession and to prevent the Data Incident from occurring.

RPM denies that it is liable for the claims made in the lawsuit and denies any allegations of wrongdoing.  More information about the complaint in the lawsuit can be found on the Settlement Website at **[insert website name].**

## 4.      Why is there a Settlement?

The Court has not decided whether the Plaintiff or RPM should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Settlement Class Members will be eligible to get compensation now rather than years later—if ever. The Class Representative and attorneys for the Settlement Class Members, called Class Counsel, agree the Settlement is in the best interests of the Settlement Class Members. The Settlement is not an admission of wrongdoing by the RPM.

### WHO'S INCLUDED IN THE SETTLEMENT?

## 5.      How do I know if I am in the Settlement Class?

You are part of the Settlement as a Settlement Class Member if you received a notification letter from RPM stating that your personal information was or may have been compromised in the Data Incident.  You are also a part of the Settlement as a California Settlement Subclass Member if you received a notification letter from RPM stating that your personal information was or may have been compromised in the Data Incident and you are a resident of the State of California.  If you are a member of the California Settlement Subclass, you are also a member of the Settlement Class.

Settlement Class Members will have been mailed notice of their eligibility. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling **[insert settlement admin phone #]**, by emailing **[insert settlement admin email]**, or by visiting the website **[insert settlement admin website].**

This Settlement Class and California Settlement Subclass do not include (1) the judges presiding over this Action, and members of their direct families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in which RPM or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

### THE SETTLEMENT BENEFITS

## 6.      What does the Settlement provide?

Under the proposed Settlement, RPM will pay (or cause to be paid) $5,600,000 into a Settlement Fund. The Settlement Fund, plus interest accrued thereon, will pay notice and administration costs, Court-approved attorneys' fees and costs, Court-approved service awards for class representatives, and certain Settlement Fund taxes and tax expenses (the "Net Settlement Fund"). The Net Settlement Fund will be used to provide eligible Settlement Class Members with payments and benefits described below.[1]

---

[1] If the benefits claimed by all Settlement Class Members meets or exceeds the amount of the Net Settlement Fund, then the payments and/or benefits for your Claim may be reduced *pro rata* by

**Reimbursement for Lost Time and Out-of-Pocket Losses**: If you spent time responding to the Data Incident, you may be eligible to receive compensation for Lost Time. If you incurred financial losses that are fairly traceable to the Data Incident, you may be eligible to receive reimbursement for ordinary out-of-pocket losses.

> **A.** **Attested Time:** A claim for reimbursement may also include a claim for up to 4 hours of time spent in response to the Data Incident. Lost Time will be compensated at $25.00/hour. Claims for Attested Time are subject to a $100.00 cap.

> **B.** **Out-of-Pocket Losses:** A claim for reimbursement may include, but are not limited to the following provided the expenses were incurred primarily as a result of the Data Incident: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's personal information; (ii) costs incurred on or after April 8, 2021, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges.  There is no cap for claims for reimbursement of Out-of-Pocket Losses.

**Credit Monitoring:** All Settlement Class Members are eligible to receive three (3) years of identity theft protection and credit monitoring, which includes identity theft monitoring, alerts, three bureau credit monitoring, fraud resolution, and identity theft insurance coverage for certain costs, identity restoration, and unauthorized electronic fund transfers.

**California Statutory Damages Payment**: In addition to filing a claim for reimbursement of out-of-pocket losses, attested time, or for credit monitoring, all California Settlement Subclass Members may file a claim for an alternative cash payment estimated at $50.00.

**Residual Credit Monitoring Services:** If there are funds remaining in the Settlement Fund after payment of notice and administration costs, Court-approved attorneys' fees and costs, Court-approved service awards for class representatives, and certain Settlement Fund taxes and tax expenses, approved claims for attested time, approved claims for out-of-pocket losses, approved claims for credit monitoring services, and approved claims for California statutory damages payment(s) (the "Residual Settlement Fund"), all Settlement Class Members who file a claim for credit monitoring services that has been approved by the Settlement Administrator will receive additional years of credit monitoring services, up to a total of five (5) years.

**Residual Cash Payment:** If there are funds remaining in the Residual Settlement Fund after payment of approved claims for residual credit monitoring services, all Settlement Class Members who file a claim that has been approved by the Settlement Administrator (regardless of the type or amount of the approved claim) will receive a residual cash payment of up to $100.00.

---

the Settlement Administrator so that the aggregate cost of all payments and benefits does not exceed the amount of the Net Settlement Fund.

## HOW TO GET BENEFITS

| **7.     How do I make a Claim?** |
|---|

To qualify for a Settlement benefit, you must complete and submit a Claim Form.
Settlement Class Members who want to submit a Claim must fill out and submit a Claim Form online at **[insert settlement admin website]** or by mail to the Settlement Administrator. Claim Forms are available through the Settlement website at **[insert settlement admin website]** or by calling **[insert settlement admin phone].**

**All Claim Forms must be submitted no later than [60 days after notice deadline].**

| **8.     When will I get my payment?** |
|---|

The hearing to consider the fairness of the Settlement is scheduled for **[_____ __], 202_**. If the Court approves the Settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed.  Please be patient.

## THE LAWYERS REPRESENTING YOU

| **9.     Do I have a lawyer in this case?** |
|---|

Yes, the Court has appointed Bryan Bleichner of Chestnut Cambronne, P.A., John Yanchunis of Morgan & Morgan Complex Litigation Group and Kaleigh Boyd of Tousley Brain Stephens, PLLC as "Class Counsel" to represent you and all class members. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you at your own expense if you want someone other than Class Counsel to represent you.

| **10.    How will the lawyers be paid?** |
|---|

To date, Class Counsel has not received any payment for their services in conducting this litigation on behalf of the Class and have not been paid for their out-of-pocket expenses.  Class Counsel will ask the Court for an award of attorneys' fees and expenses not to exceed $1,680,000.00 which were incurred in connection with the Action.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

Class Counsel will also request a service award of $2,500.00 for each of the Plaintiffs, for a total of $10,000.00, to be paid from the Settlement Fund.

The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service awards to Plaintiffs.

Class Counsel will file their request for attorneys' fees, costs, and expenses and service awards for Plaintiffs with the Court, which will also be posted on the Settlement Website, at **[insert settlement admin website].**

## Your Rights and Options

### 11.   What claims do I give up by participating in this Settlement?

If you do not exclude yourself from the Settlement, you will not be able to sue RPM about the Data Incident, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. However, you may exclude yourself from the Settlement (*see* Question 14). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims, which are described in the Settlement Agreement at **[insert settlement admin website]**.

### 12.   What happens if I do nothing at all?

If you do nothing, you will receive no benefits under the Settlement.  You will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release.  You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 11 above.  Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against RPM for the claims or legal issues released in this Settlement.

### 13.   What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no benefits under the Settlement. However, you will not be in the Settlement Class and will not be legally bound by the Court's judgments related to the Settlement Class and RPM in this class action.

### 14.   How do I ask to be excluded?

You can ask to be excluded from the Settlement.  To do so, you must send a written notification to the Settlement Administrator stating that you want to be excluded from the Settlement in *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM. Your written notification must include: (1) the name of the proceeding; (2) your full name and current address; (3) your signature; and (4) the words "Request for Exclusion" or a comparable statement that you do not wish to participate in the Settlement at the top of the communication. You must mail your exclusion request, postmarked no later than **[60 days after Notice Deadline]**, to the following address:

**[settlement admin address]**

You cannot exclude yourself by phone or email.  Any individual who wants to be excluded from the Settlement must submit his or her own exclusion request. No group opt-outs shall be permitted.

## 15.    If I don't exclude myself, can I sue RPM for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue RPM for the claims or legal issues released in this Settlement, even if you do nothing.

## 16.    If I exclude myself, can I get anything from this Settlement?

No.  If you exclude yourself, do not submit a Claim Form to ask for any benefits.

## 17.    How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must mail a written objection to the Settlement Administrator stating that you object to the Settlement in *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM.

The objection must be in writing and be personally signed by you. The objection must include: The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. You must mail your objection to the Settlement Administrator at **[insert address]**, postmarked no later than **[60 days after the notice deadline].**

## 18.    What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19.    When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on **[Insert Hearing Date]** at the Courthouse located at **[Insert Address or Videoconference Information]**.  The purpose of the hearing is for the Court

to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the service awards to Plaintiff.

The location, date and time of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the Settlement Website, [insert website], or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## 20.    Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. If your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. However, you may appear on your behalf or pay a lawyer to attend on your behalf to assert your objection if you would like.

## 21.    May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you (or your attorney) may appear and speak at the Final Approval Hearing concerning any part of the proposed Settlement.

### GETTING MORE INFORMATION

## 22.    Where can I get additional information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at **[website]** or by writing to RPM Data Incident Settlement Administrator, **[address for settlement admin]**.

## 23.    How do I get more information?

**[insert website, phone number, and email for settlement admin]**

### PLEASE DO NOT CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.

# **EXHIBIT 3**

## CLAIM FORM

This claim form should be filled out online or submitted by mail if you received a notification from RPM that your personal information was or may have been compromised in the data security incident in or about April 2021 (the "Data Incident"), and you had out-of-pocket losses or lost time spent dealing with the Data Incident, or you wish to claim credit monitoring and identity protection services, or you wish to claim an California statutory damages payment. You may get a check or electronic payment if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment. The Settlement establishes a $5,600,000 fund to compensate Settlement Class Members for their approved claims for benefits as well as for the costs of notice and administration, certain taxes, service award payment(s), and attorney fee awards and costs as awarded by the Court.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, **[website name]**, or call **[insert settlement admin phone number]** for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. The **DEADLINE** to submit this claim form online (or have it postmarked for mailing) is **[insert date 60 days from Notice Deadline]**.

*Si necesita ayuda en español, comuníquese con el administrador al* ***[insert settlement admin phone number]***.

1.   CLASS MEMBER INFORMATION (ALL INFORMATION IS REQUIRED):

Name:   _____

Address:   _____

_____

Telephone:   _____   Email:   _____

2.   PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and Section III through V of the Settlement Agreement (available at **[website name]**) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.  Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box for each category of benefits you would like to claim. Categories include out-of-pocket losses that you had to pay as a result of the Data Incident, time you had to spend dealing with the effects of the Data Incident, three years of credit monitoring and identity protection services. Additionally, if you are a member of the California Settlement Subclass, you may claim a California statutory damages payment.

Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in bold type (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

a.   Out-of-Pocket Losses Resulting from the Data Incident:

_____ I incurred unreimbursed charges as a result of the Data Incident.

Examples - unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your information; costs incurred on or after April 8, 2021 through **[60 days after notice deadline]** associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; other miscellaneous expenses incurred such as notary, fax, postage, copying, mileage and

long-distance telephone charges that were incurred on or after April 8, 2021 through **[60 days after notice deadline]**

Total amount for this category $ _____

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between April 8, 2021 through [60 days after notice deadline] please attach a copy of a receipt or other proof of purchase for each credit report or product purchased. (Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose).*

Supporting documentation must be provided. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

b.   Between one and four hours of documented time spent dealing with the Data Incident:

_____ I certify that I spent time dealing with the effects of the Data Incident.

Examples – You spent valuable time calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed. You spent valuable time signing up for credit monitoring or identity theft protection services or freezing/unfreezing credit reports with any credit reporting agency.

I certify that the following amount of time in response to the Data incident rounded to the nearest whole hour:

_____ hour(s)

c.   Claim 3 years of credit monitoring and identity protection services:

_____ I would like to claim 3 years of credit monitoring and identity protection services.

The Settlement benefits include up to three years of credit monitoring and identity protection services to any class member who timely claims it.

d.   If you are a resident of California:

_____ I would like to claim a California statutory damages payment.

The Settlement benefits include a cash payment of $50.00 to all Settlement Class Members who are residents of the State of California, in addition to any other benefits which may be available under the settlement outlined above.

**\*\*\*Do not check this box if you are not a resident of the State of California.**

_____     **Check here if you would like to receive payment for your approved claim, if any, via electronic means.**

3.   SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____     _____     _____/_____/_____
Signature                                              Print Name                                                                   Date

4.   MAIL YOUR CLAIM FORM, OR SUBMIT YOUR CLAIM FORM ONLINE.

This claim form must be:

Postmarked by **[60 days after notice deadline]** and mailed to: **[insert address for settlement administrator]**; OR

Emailed by midnight on **[60 days after notice deadline]** to **[insert email for settlement administrator]**; OR

Submitted through the Settlement Website by midnight on **[60 days after notice deadline]** at: **[settlement administration website]**.

Docusign Envelope ID: D5A5B0A8-4814-4C1C-B538-EBB212D2C886

# **EXHIBIT 4**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN and BRUCE MARK WOODRUFF, individually and on behalf of all others similarly situated, <br><br>    Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, LLC, <br><br>    Defendant. | Case No.: 2:22-cv-01683-RSM <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**WHEREAS,** a consolidated class action is pending in this Court entitled *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM (the "Action");

**WHEREAS**, Plaintiffs BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN, and BRUCE MARK WOODRUFF, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("RPM" or "Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, Plaintiffs have made an application for an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only,

appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the

Settlement Class, appointing Kroll Settlement Administration LLC as Settlement Administrator,

and allowing notice to Settlement Class Members as more fully described herein

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' motion for preliminary

approval of the Settlement, and the papers filed and arguments made in connection therewith; and

(b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the

same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     **Class Certification for Settlement Purposes Only**. For settlement purposes only

and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of

effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All persons who were sent notification by RPM that their personal information
> and/or protected health information was or may have been compromised in the Data
> Incident.

The Settlement Class includes approximately 3,766,573 people. The Settlement Class

specifically excludes: (1) the judges presiding over this Action, and members of their direct

families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in

which RPM or its parents have a controlling interest and their current or former officers, directors,

and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion

prior to the Opt-Out Deadline.

Additionally, for settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e),

the Court certifies, solely for the purposes of effectuating the proposed Settlement, a California

Settlement Subclass in this matter defined as follows:

> All persons who are members of the Settlement Class who are residents of the State of California.

2.      **Class Findings**:  The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class and California Settlement Subclass is so numerous that joinder of all Settlement Class Members and California Settlement Subclass Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class and the California Settlement Subclass; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the claims of Class Representative Bruce Mark Woodruff are typical of and arise from the same operative facts and seek similar relief as the claims of the California Settlement Subclass Members; (e) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class and the California Settlement Subclass as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and/or the California Settlement Subclass and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class and the California Settlement Subclass; (e) questions of law or fact common to Settlement Class Members and the California Settlement Subclass Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3.      **Class Representatives and Settlement Class Counsel**:      BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN, and BRUCE MARK WOODRUFF are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class

Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives.

BRUCE MARK WOODRUFF is hereby provisionally designated and appointed as the California Settlement Subclass Representative. The Court provisionally finds that the California Settlement Subclass Representative is similarly situated to absent California Settlement Subclass Members and therefore typical of the California Settlement Subclass and that they will be an adequate California Settlement Subclass Representative.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel: Bryan Bleichner of Chestnut Cambronne, P.A., John Yanchunis of Morgan & Morgan Complex Litigation Group, and Kaleigh Boyd of Tousley Brain Stephens, PLLC.

4.    **<u>Preliminary Settlement Approval</u>**.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.  Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(a)    have the class representatives and class counsel adequately represented the class;

(b)    was the proposal negotiated at arm's length;

(c)    is the relief provided for the class adequate, taking into account:

(i)    the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)    the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(d)    does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (a) Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of arm's length negotiations conducted under the auspices of Hon. Wayne Andersen (Ret.); (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data breach class action settlements and has been found to be effective in these types of settlements, and (iii) the conditions under which the Parties may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

5.    **<u>Final Approval Hearing</u>**. A Final Approval Hearing shall be held at ___:___.m. on _____, 2024, in the United States District Court for the Western District of Washington, at the Courthouse located at _____, _____, _____, _____ [by videoconference] for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class; (b) to determine whether a proposed Judgment substantially in the form annexed to the Settlement Agreement as Exhibit 5 should be entered dismissing the Action with prejudice against Defendant; (c) to determine whether the motion of Settlement Class Counsel for a Fee Award and Costs should be approved; (d) to determine whether the motion of the Class Representatives for  Service Award Payments should be approved; and (e) to consider any other

matters that may be properly brought before the Court in connection with the Settlement.  Notice

of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members

as set forth in Paragraph 7 of this Order.

      6.     The Court may adjourn the Final Approval Hearing without further notice to the

Settlement Class Members, and may approve the proposed Settlement with such modifications as

the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

      7.     **Retention of Claims Administrator and Manner of Giving Notice**.  Class

Counsel is hereby authorized to retain Kroll Settlement Administration LLC (the "Settlement

Administrator") to supervise and administer the notice procedure in connection with the proposed

Settlement as well as the processing of Claims as set for more fully below.  Notice of the Settlement

and the Final Approval Hearing shall be given as follows:

      (a)     Within ten (10) days of this Order, Defendant shall provide the Class List

to the Settlement Administrator;

      (b)     As soon as practicable following entry of this Order, the Settlement

Administrator shall establish the Settlement Website and Settlement Toll-Free Number as set forth

in the Settlement Agreement;

      (c)     Within forty (40) days of this Order, the Settlement Administrator shall

disseminate the Short Form Notice via U.S. mail to all Settlement Class Members. At that time,

the Settlement Administrator shall make the Long Form Notice and Claim Form available to

Settlement Class Members on the Settlement Website.

      8.     **Approval of Form and Content of Notice**. The Court (a) approves, as to form and

content, the Summary Notice, the long form Notice, and Claim Form attached to the Settlement

Agreement as Exhibits 1, 2 and 3, and as modified by the Parties and filed with the Court on

_____, 2024 <mark>(ECF No. ____)</mark>, and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representatives' request(s) for Service Award Payment(s), of their right to object to the Settlement, Class Counsel's request for Fee Award and Costs, and/or Class Representatives' request(s) for Service Award Payment(s), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

9.      **Participation in the Settlement**.  Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within sixty (60) days after the Notice is issued to the Settlement Class Members.  If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

10. **Claims Process and Distribution and Allocation Plan**. Class Representatives and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

11. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days after the Notice Deadline** (the "Opt-Out Deadline"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12.     **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed to the Settlement Administrator, post marked no later than ==60 days after the notice deadline== as specified in the Notice and Paragraph 76 of the Settlement Agreement. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 76 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

13.     Any Settlement Class Member who fails to comply with the provisions in Paragraph 11 may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if a Final Approval Order and Judgment is entered.  If a Final Approval Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such

objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Award Payment(s), or the motion for Fee Award and Costs.

14.    **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15.    **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16.    **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other

members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

17.   **Settlement Administration Fees and Expenses**.  All reasonable costs incurred by notifying Settlement Class Members of the Settlement and administering the Settlement shall be paid as set forth in the Settlement Agreement.  However, the costs of notice and administration shall not exceed $1,306,000.00 absent further Order of the Court.

18.   **Settlement Fund**.  The contents of the Settlement Fund shall be deemed and considered to be *in custoda legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19.   **Taxes**.  The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

20.   The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

21.   **Summary of Deadlines**.  The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline**: 40 Days after Preliminary Approval Order

**Motions for Final Approval, Service Award Payment(s), and Attorneys' Fee Award and Costs**: 30 days after Notice Deadline. Plaintiffs may file a Reply, if any, in support of their Motions for Final Approval, Service Award Payments and Attorneys' Fee Award and Costs within 14 days following the Objection Deadline.

**Opt-Out Deadline**: 60 Days after Notice Date

**Objection Deadline**: 60 Days after Notice Date

**Claims Deadline**: 60 Days after Notice is sent to the Settlement Class

**Final Approval Hearing**: _____, which is more than 120 days after entry of the Preliminary Approval Order

**IT IS SO ORDERED** this ___ day of _____, 202___.

_____
The Honorable Ricardo S. Martinez
United States District Judge

Docusign Envelope ID: D5A5B0A8-4814-4C1C-B53B-EBB212D2C886

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN and BRUCE MARK WOODRUFF, individually and on behalf of all others similarly situated, | Case No.: 2:22-cv-01683-RSM |
| Plaintiff, | **FINAL APPROVAL ORDER AND JUDGMENT** |
| v. | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | |
| Defendant. | |

**WHEREAS,** a consolidated class action is pending in this Court entitled *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM (the "Action");

**WHEREAS**, Plaintiffs BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN, and BRUCE MARK WOODRUFF, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("RPM" or "Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS,** by Order dated _____, 2024 ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class and California Settlement Subclass solely for purposes of effectuating the Settlement; (c) appointed Plaintiffs as Class Representative; (d) appointed Plaintiff Bruce Mark Woodruff as California Settlement Subclass Representative; (e) appointed Class Counsel as counsel for the Settlement Class; (f) appointed Kroll Settlement Administration LLC as Settlement Administrator (g) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (h) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (i) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS, [XX]** Class Members submitted objections;

**WHEREAS, [XX]** Class Members submitted Requests for Exclusion;

**WHEREAS,** the Court conducted a hearing on **[INSERT FINAL APPROVAL HEARING DATE]** (the "Final Approval Hearing") to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representatives' motion for Service Award Payment(s) should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE,** the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written

comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    **Jurisdiction**:  This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents**:  This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on _____, 2024; and (b) the Notice documents filed with the Court on _____, 2024.

3.    **Class Certification for Settlement Purposes**:  The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendant that their personal information was or may have been compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.  The Court further hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Settlement Subclass consisting of all individuals who are members of the Settlement Class who are residents of the State of California.

4.      **Adequacy of Representation**:  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class, certifying Plaintiff Bruce Mark Woodruff as Class Representative for the California Settlement Subclass, and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice**:  The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payment(s), (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payment(s), (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.      **Objection**: [TO BE DETERMINED]

7.      **Final Settlement Approval and Dismissal of Claims**:  Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8.      Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9.      **Binding Effect**:  The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

10.      **Releases**:  The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

11.     Notwithstanding Paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12.     **Rule 11 Findings**:  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

13.     **No Admissions**:  This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

14.     **Retention of Jurisdiction**:  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for a Service Award Payment(s); and (e) the Settlement Class Members for all matters relating to the Action.

15.     A separate order shall be entered regarding Class Counsel's motion for a Fee Award and Costs and Class Representatives' motion for a Service Award Payment(s).  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement**:  Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the

Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination of Settlement**:  If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of _____, 2024, as provided in the Settlement Agreement.

18.     **Entry of Judgment**:  There is no just reason for delay of entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in the Action.

        **IT IS SO ORDERED** this ___ day of _____, 2024.


                                        _____
                                        The Honorable Ricardo S. Martinez
                                        United States District Judge