1

2

3

4

5

6

7

8

9

HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

BERNADETTE HIGHTOWER, on behalf of
herself and all other similarly situated,

Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

Defendant.

Case No. 2:22-cv-01683-RSM

**PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

**NOTE ON MOTION CALENDAR:**
December 6, 2024

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- i

1

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF FACTS ................................................................................... 1
    A.  Factual Background ........................................................................................ 1
    B.  Procedural History, Discovery, and Settlement Negotiations ........................ 2

III.    SETTLEMENT TERMS ..................................................................................... 3
    A.  Documented Ordinary Losses ....................................................................... 4
    B.  Attested Time Reimbursement ...................................................................... 4
    C.  California Statutory Damages Payment ........................................................ 5
    D.  Credit Monitoring .......................................................................................... 5
    E.  Residual Distributions ................................................................................... 5

IV.     NOTICE TO THE CLASS .................................................................................. 6
    A.  Short Form Notices......................................................................................... 6
    B.  Settlement Website ........................................................................................ 7
    C.  Toll-Free Telephone Number ........................................................................ 7
    D.  Effectiveness of Notice .................................................................................. 8

V.      CLAIMS, OPT OUTS, AND OBJECTIONS ..................................................... 8

VI.     LEGAL ARGUMENT ......................................................................................... 8
    A.  The Settlement Class Continues to Merit Certification.................................. 8
    B.  Notice Satisfies Due Process ........................................................................ 9
    C.  The Settlement Should be Finally Approved Pursuant to Rule 23(e) ........... 11
    D.  Class Counsel and the Class Representatives Have Adequately Represented the Class and Support the Settlement ................................................................................. 12
    E.  The Settlement Has No Indicia of Collusion and is the Result of Hard-Fought Negotiations Before an Experienced Mediator ................................................. 13
    F.  The Relief Provided in the Settlement is Fair and Adequate in Light of the Risk and Complexity of the Case ...................................................................................... 14
        1.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation............. 15
        2.  The Risk of Maintaining Class Action Status Through Trial.................................... 15
        3.  The Amount Offered in Settlement ........................................................................ 16
        4.  The Extent of Discovery Completed and the Stage of Proceedings......................... 17
        5.  The Experience and Views of Counsel ................................................................... 18
        6.  Governmental Participants ..................................................................................... 18
        7.  The Reaction of the Class Members to the Proposed Settlement............................. 18
        8.  The Settlement Treats Settlement Class Members Equitably ................................... 20

VII.    CONCLUSION .................................................................................................. 22

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aikens v. Panatte, LLC*,
  No. 2:17-cv-01519, Dkt. #54 (W.D. Wash. Feb. 5, 2019) ......................................................9

*In re Anthem, Inc. Data Breach Litig.*,
  327 F.R.D. 299 (N.D. Cal. 2018) .......................................................................................13

*Askar v. Health Providers Choice, Inc.*,
  No. 19-CV-06125-BLF, 2021 WL 4846955 (N.D. Cal. Oct. 18, 2021) ..............................11

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ................................................................................12, 13, 14

*Bolding v. Banner Bank*,
  2024 WL 755903 (W.D. Wash. Feb. 23, 2024) ...................................................................17

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ..............................................................................................9

*Churchill Vill., LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) .........................................................................................11, 12

*Clemans v. New Werner Co.*,
  No. 3:12-cv-5186, 2013 WL 12108739 (W.D. Wash. Nov. 22, 2013) ................................19

*Demmings v. KKW Trucking, Inc.*,
  No. 3:14-CV-0494-SI, 2018 WL 4495461 (D. Or. Sept. 19, 2018).....................................18

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ..............................................................................................................9

*Ewing v. Admin. Sys., Inc.*,
  C08-0797 RAJ, 2009 WL 10725426 (W.D. Wash. Sept. 30, 2009) ......................................9

*Garner v. State Farm Mut. Auto. Ins. Co.*,
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010)......................................................................13

*Hammond v. The Bank of N.Y. Mellon Corp.*,
  2010 WL 2643307 (S.D.N.Y. June 25, 2010) ......................................................................15

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................8, 12, 13

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- iii

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

*Hanson v. MGM Resorts Int'l*,
   No. 16-cv-1661-RAJ, 2018 WL 3630284 (W.D. Wash. July 31, 2018) ...............................12

*Hillman v. Lexicon Consulting, Inc.*,
   No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. April 27,
   2017)............................................................................................................................17

*Hughes v. Microsoft Corp.*,
   2001 WL 34089697 (W.D. Wash. Mar. 26, 2001).......................................................19

*Jamil v. Workforce Res., LLC*,
   2020 WL 6544660 (S.D. Cal. Nov. 5, 2020)................................................................9

*Kim v. Allison*,
   8 F.4th 1170 (9th Cir. 2021).......................................................................................12

*Lane v. Brown*,
   166 F. Supp. 3d 1180 (D. Or. 2016)......................................................................18, 19

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998)................................................................................15, 17

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)................................................................................18

*In re Netflix Privacy Litig.*,
   2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) .............................................................13

*Norton v. Maximus, Inc.*,
   NO. 1:14-0030 WBS, 2017 WL 1424604 (D. Idaho Apr. 17, 2017) ..............................18

*In re Omnivision Techs. Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)......................................................................16

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) ....................................................................................21

*Paredes Garcia v. Harborstone Credit Union*,
   2023 WL 4315117 ....................................................................................................20

*Pollard v. Remington Arms Co., LLC*,
   896 F.3d 900 (8th Cir. 2018) ....................................................................................10

*Rinky Dink Inc. v. World Bus. Lenders, LLC*,
   No. C14-0268-JCC, 2016 WL 4052588 (W.D. Wash. Feb. 3, 2016) ..............................17

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009).................................................................................16, 19

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- iv

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Roe v. Frito-Lay, Inc.*,
  No. 14-cv-00751, 2017 WL 1315626 (N.D. Cal. Apr. 7, 2017) ..........................................21

*Schneider v. Wilcox Farms, Inc.*,
  No. 07-CV-01160-JLR, 2009 WL 10726662 (W.D. Wash. Jan. 12, 2009) ..........................19

*Spann v. J.C. Penney Corp.*,
  314 F.R.D. 312 (C.D. Cal. 2016)..................................................................................14, 21

*Summers v. Sea Mar Cmty. Health Centers*,
  29 Wash. App. 2d 476, 497, *review denied sub nom. Barnes v. Sea Mar
  Cmty. Health Centers*, 549 P.3d 112 (2024) (Response rate of approximately
  0.5 percent found sufficient where notice plan used known email and postal
  address as well as the use of a settlement website, toll free phone number,
  and Facebook and Instagram posts) .......................................................................10

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
  266 F. Supp. 3d 1 (D.D.C. 2017)..............................................................................15

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) ......................................................................................14

*Weisenberger v. Ameritas Mut. Holding Co.*,
  No. 4:21-CV-3156, 2024 WL 3903550 (D. Neb. Aug. 21, 2024)............................10

**Statutes**

CAFA ..........................................................................................................................18

**Other Authorities**

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................9, 11

Fed. R. Civ. P. 23(e)(2)(C)(iii) ..................................................................................16

Federal Judicial Center, *Judges' Class Action Notice & Claims Process
  Checklist & Plain Language Guide* 3 (2010), *available at*
  https://www.fjc.gov/*sites/default/files/2012/NotCheck.pdf*..........................................9

Rule 23....................................................................................................1, 8, 10, 11

Rule 23(a) ....................................................................................................................9

Rule 23(a) and (b).........................................................................................................8

Rule 23(a) and (b)(3).....................................................................................................8

Rule 23(b)(3) ................................................................................................................9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ♦ FAX 206.682.2992

Rule 23(e) ................................................................................................................11, 13

Rule 23(e)(2) .................................................................................................................11

Rule 23(e)(2)(D) ...........................................................................................................20

Rule 23(e)(3) .................................................................................................................11

Rules 12(b)(1) and 12(b)(6) ............................................................................................3

Rules 12(f) and 23(d)(1)(D) .............................................................................................3

*Scientific Games*, No. 18-cv-525 .....................................................................................9

www.RPMDataSettlement.com ........................................................................................7

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- vi

# I.    INTRODUCTION

As of the date of this Motion, of the 3,766,573 individuals in the Settlement Class, only thirteen have opted out of the settlement and 2 have objected. The proposed settlement, which provides for a $5,600,00.00 non-reversionary common fund settlement, will provide the class with meaningful monetary and non-monetary relief, commensurate with the alleged damages they sustained. Reached through arm's-length negotiations after contested litigation by experienced and well-informed counsel, the Settlement will deliver tangible, immediate benefits to Settlement Class Members, addressing the potential harms of the data breach without protracted and inherently risky litigation.

Plaintiffs, by and through their undersigned counsel, respectfully request this Court grant Plaintiffs' Motion for Final Approval of this Class Action Settlement so that Plaintiffs may begin the process of distributing benefits to those members of the Settlement Class who have submitted valid claims. Because the proposed Settlement is fair, reasonable, and adequate, and because it satisfies all the requirements of Rule 23, the Court should finally certify the Settlement Class and grant final approval.

# II.  STATEMENT OF FACTS

## A.    Factual Background

This matter concerns a putative class action arising out of a data security incident impacting Receivables Performance Management, LLC's ("RPM") server infrastructure that RPM discovered on or about May 12, 2021 (the "Data Incident"). During the Data Incident, Plaintiffs allege that cybercriminals accessed or acquired Plaintiffs' and Class Members' Personally Identifying Information ("PII"), including their Social Security numbers. Plaintiffs further allege that more than 3,700,000 victims had their PII exposed as a result of the Data Incident.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 1

RPM later notified impacted individuals that they needed to protect themselves against fraud and identity theft.

Plaintiffs filed class action complaints on behalf of all persons whose PII may have been compromised in the Data Incident, alleging claims for damages based on RPM's failure to: (i) adequately protect PII; (ii) warn of its inadequate information security practices; and (iii) effectively monitor its network for security vulnerabilities and incidents (the "Litigation"). Plaintiffs allege that RPM failed to comply with industry standards and FTC Guidelines, amounting to negligence and violation of federal and state statutes.

RPM denies each and all of the claims and contentions alleged, or which could be alleged, against it in this litigation. RPM also denies all wrongdoing or liability associated with the Data Incident.

**B.    Procedural History, Discovery, and Settlement Negotiations**

This consolidated class action was initiated on November 28, 2022, when Plaintiff Hightower filed a complaint against RPM arising out of the Data Breach. *See* Dkt. 1. A number of other proposed class actions were filed and later consolidated following a stipulated motion to consolidate. Dkt. 12. The Consolidated Complaint was filed on February 27, 2023 (Dkt. 32) and, following a stipulated motion for leave to file an amended complaint, Plaintiffs filed their Amended Consolidated Complaint was filed on May 4, 2023. Dkt. 42.

The parties agreed to participate in mediation and informally exchanged discovery on a variety of topics related to the Data Incident so that the parties would be well informed for settlement negotiation. On July 13, 2023 parties engaged in an all-day, arms-length mediation before Hon. Wayne Andersen (Ret.). While the parties made some progress in the mediation, the parties were unable to reach a resolution. In the following months, the parties continued to

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

engage in negotiations, including extending the time for RPM to respond to the Amended Consolidated Complaint and for certain discovery deadlines so the parties could focus their efforts and resources on potential resolution. Additionally, Plaintiffs engaged a forensic accounting expert to review several categories of documents from RPM, including audited financial statements, which revealed RPM had no funds to contribute to a settlement in this action. The Plaintiffs' only avenue for recourse in this case was thus RPM's applicable insurance policy.

Despite these protracted and hard-fought negotiations, by April 2024, RPM moved to dismiss Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6), or, alternatively to strike the class allegations from the Complaint pursuant to Rules 12(f) and 23(d)(1)(D). Shortly thereafter, through the continued efforts of counsel and under the supervision of Judge Andersen, the parties reached agreement on the material terms of the Settlement in response to a mediator's proposal, and they continued negotiations to formalize the terms of the settlement set forth in the Settlement Agreement. Plaintiffs filed their Motion for Preliminary Approval on July 17, 2024, which this court granted on August 2, 2024. The Notice Plan approved therein has been carried out, and the response of the Class has been favorable. For the reasons set forth herein, and consistent with the Court's initial decision to grant preliminary approval, the Court should grant final approval of the settlement.

### III. SETTLEMENT TERMS

The following section briefly summarizes the core terms of the Settlement, which Plaintiffs previously filed with the Court, Dkt. 68.

The Settlement Class is defined as: "the persons who are identified on the Settlement Class List, including all individuals residing in the United States who were sent a notification

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

by RPM that their Personal Information was potentially compromised in the Data Incident." Settlement Agreement ("S.A.") ¶ 43. The California Settlement Subclass is defined as: "the persons who are members of the Settlement Class who are residents of the state of California." *Id.* ¶ 4. Under the terms of the Settlement Agreement, RMP will provide a $5,600,000.00 settlement fund in exchange for a full release of claims by the Settlement Class Members. *Id.* ¶ 50. From the $5,600,000 fund, all Settlement Class Members were eligible to submit a claim for the following monetary benefits:

## A.     Documented Ordinary Losses

Class members were eligible to submit a claim for reimbursement for ordinary out-of-pocket expenses related to the Data Incident. *Id.* ¶ 56. Ordinary Losses included, but are not limited to, (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's personal information; (ii) costs incurred on or after April 8, 2021, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges. *Id.*

## B.     Attested Time Reimbursement

Settlement Class Members were eligible for reimbursement for Attested Time up to four (4) hours at Twenty-Five Dollars ($25.00) per hour rounded to the nearest whole hour. *Id.* ¶ 58. Settlement Class Members were able to receive reimbursement of Attested Time with a brief description of the actions taken in response to the Data Incident and the time associated with each action. *Id.*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**C.    California Statutory Damages Payment**

In addition to the monetary relief made available to Settlement Class Members above, all California Settlement Subclass Members were eligible to submit a claim for a California Statutory Damages Payment in the presumptive amount of $50.00. *Id.* ¶ 62.

**D.    Credit Monitoring**

All Settlement Class Members were eligible to enroll in three (3) years of three-bureau Credit Monitoring Services provided by Kroll Settlement Administration LLC ("Kroll") or other comparable provider, regardless of whether the Settlement Class Member submits a claim for

reimbursement of Out-of-Pocket Losses, Attested Time, and/or a California Statutory damages Payment. *Id.* ¶ 61. All claimants who timely activate the credit monitoring service will receive it for a period of three (3) years from the date of activation, including daily three-bureau credit monitoring, identity restoration services, and $1 million in identity theft insurance, among other features. *Id.*

**E.    Residual Distributions**

If there are funds remaining in the Residual Settlement Fund, all Settlement Class Members who filed an Approved Claim for Credit Monitoring Services will receive additional years of Credit Monitoring Services, up to a total of five (5) years. *Id.* ¶ 71(a). Moreover, if there are funds remaining in the Residual Settlement Fund after payment for Residual Credit Monitoring Services, all Settlement Class Members who filed an Approved Claim will receive a Residual Cash Payment of up to $100.00. *Id.* ¶ 71(b).

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## IV. NOTICE TO THE CLASS

As directed by this Court's Preliminary Approval Order, the parties worked diligently to implement the Notice Plan in coordination with the approved Claims Administrator Kroll. Using records provided by Defendant, Kroll fully implemented the comprehensive notice program consisting of direct-mail Postcard Notices, a website, and a toll-free number. As detailed below and in the Declaration of Patrick M. Passarella of Kroll in Connection with Final Approval of Settlement ("Admin. Decl."), submitted herewith, that notice plan is now complete, and the results have been overwhelmingly successful.

### A. Short Form Notices

On August 9, 2024, Kroll received one (1) data file from the Defendant. Admin Decl., ¶ 5. The file contained 3,766,598 records for Settlement Class Members. Kroll undertook several steps to analyze the data, which included the removal of 212 duplicate records, resulting in 3,766,386 unique records, consisting of 1,721,479 records with a physical address and 2,044,907 records with an email address. *Id.* These records were then cleaned and normalized to create the eventual Settlement Class List for the email and mailing of Short Form Notices. *Id.* Additionally, in an effort to ensure that Short Form Notices would be deliverable to Settlement Class Members, Kroll ran the mailing records from the Settlement Class List through the USPS's National Change of Address ("NCOA") database and updated the Settlement Class List with address changes received from the NCOA. *Id.*

As a result, On September 10, 2024, Kroll caused the email Notice to be sent to the 2,044,907 email addresses on file for Settlement Class Members. *Id.* ¶ 9. Of the 2,044,907 emails attempted for delivery, 284,107 emails were rejected/bounced back as undeliverable. On October 4, 2024, Kroll caused 283,570 Notices to be mailed via first-class mail to those

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT- 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Settlement Class Members for whom emails were rejected/bounced back as undeliverable and a physical address was available. *Id.* ¶ 10.

Then, on September 11, 2024, Kroll caused 1,721,479 Short Form Notices to be mailed via first-class mail. *Id.* ¶ 9. Short Form Notices returned as undeliverable were re-mailed to any new address available through USPS information, or to better addresses that were found using an advance address lookup service. *Id.* ¶ 11–12.

In summary, Short Form Notices reached 3,681,354 of the 3,766,386 persons to whom the Short Form Notice was mailed or emailed, which equates to a reach rate of the direct notice of approximately 97.74%.

**B.      Settlement Website**

On August 6, 2024, Kroll created a dedicated Settlement Website entitled www.RPMDataSettlement.com. *Id.* ¶ 6. The Settlement Website "went live" on September 9, 2024, and it contains a summary of the Settlement, important dates and deadlines, contact information for the Settlement Administrator, answers to frequently asked questions, downloadable copies of relevant documents, including the Operative complaint in the Action, Preliminary Approval Order, Settlement Agreement, Long Form Notice in English and Spanish, and Claim Form, and allowed Settlement Class Members an opportunity to file a Claim Form online. *Id.* The Settlement Website was visible in search engines such as Google and Bing, thus increasing the reach to Settlement Class Members.

**C.      Toll-Free Telephone Number**

On July 16, 2024, Kroll established a toll-free phone number, (833) 522-1750, for the settlement. *Id.* ¶ 7. Callers who dialed in were able to obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system. *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 7

**D.     Effectiveness of Notice**

The Notice Program as designed and implemented reached approximately 97.74% of the identified Settlement Class. *Id.* ¶ 13. The reach of the Notice Program is consistent with other court-approved and best-practicable programs, and was designed to satisfy the requirements of due process.

## V.  CLAIMS, OPT OUTS, AND OBJECTIONS

The reaction of the Settlement Class has been overwhelmingly positive. Although the claims deadline does not expire until November 12, 2024, to date the claims administrator has received 16,248 claims. *Id.* ¶ 14–15. Only 13 Settlement Class members submitted valid exclusion requests, and only 2 class members have objected. *Id.* ¶ 18. Plaintiffs will present the Court with updated data regarding claims, opt-outs, and objections in advance of the Final Approval Hearing.

## VI. LEGAL ARGUMENT

Plaintiffs respectfully request that the Court grant final certification of the Settlement Class because: (1) the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3); (2) the Court-approved notice program satisfies both Rule 23 and due process requirements and has been fully implemented pursuant to the Court's requirements; and (3) the Settlement is fair, reasonable, and adequate.

**A.     The Settlement Class Continues to Merit Certification**

A threshold inquiry at final approval is whether the Class satisfies the requirements of Rule 23(a) and (b). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–22 (9th Cir. 1998). The Court completed this first step in the settlement approval process when it granted preliminary approval and provisionally certified the Settlement Class. *See* Dkt. No. 73. Here, the Court's

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Preliminary Approval Order made specific findings that the Class met each of the four Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. *Id.* Likewise, the Court found that the Settlement Class and California Settlement Subclass met each of the Rule 23(b)(3) requirements: that questions of law and fact common to the members of the class predominate over any "questions affecting only individual class members" and that a class action is superior to other available methods of fairly and efficiently adjudicating this controversy. *Id.* Plaintiffs respectfully submit that nothing has changed since these findings were made, and they remain accurate. Because no relevant facts have changed since the Court certified the Settlement Class the Court need not revisit class certification here. *See, e.g.*, *Scientific Games*, No. 18-cv-525, Dkt. #197 (W.D. Wash. Aug. 12, 2022); *Aikens v. Panatte, LLC*, No. 2:17-cv-01519, Dkt. #54 (W.D. Wash. Feb. 5, 2019); *Ewing v. Admin. Sys., Inc.*, C08-0797 RAJ, 2009 WL 10725426, at *1 (W.D. Wash. Sept. 30, 2009); *see also Jamil v. Workforce Res., LLC*, 2020 WL 6544660, at *3 (S.D. Cal. Nov. 5, 2020).

**B.    Notice Satisfies Due Process**

Prior to granting final approval, this Court must consider whether the members of the class received adequate notice of the settlement. Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Specifically, the court must find that the notice to the class was "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "[T]he rule does not insist on actual notice to all class members in all cases." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (quoting *Mullins v Direct Digital LLC*, 795 F.3d 654, 665 (7th Cir. 2015)). Although what constitutes the "best notice practicable" is case-specific, the Federal Judicial Center has noted that a notice campaign that reaches 70% of a class is often reasonable and satisfies due process. Federal Judicial Center,

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Judges' Class Action Notice & Claims Process Checklist & Plain Language Guide* 3 (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

"A low claim submission rate, while not ideal, is not necessarily indicative of a deficient notice plan." *Pollard v. Remington Arms Co., LLC*, 896 F.3d 900, 906 (8th Cir. 2018) (Affirming district court's order granting final approval of settlement when claims submission rate was 0.29% at the time of the final approval hearing). Specifically for data breach cases, a low claims rate is not unusual. *Weisenberger v. Ameritas Mut. Holding Co.*, No. 4:21-CV-3156, 2024 WL 3903550 at *3 (D. Neb. Aug. 21, 2024) (finding parties efforts to afford class members the opportunity to obtain relief satisfied the Federal Rules and due process when 95,644 class action notices were sent to the settlement class and 1,200 members filed claims). "A response rate is relevant only secondarily to the examination of the notice that was provided in the context of the possible forms of nice reasonably available." *Summers v. Sea Mar Cmty. Health Centers*, 29 Wash. App. 2d 476, 497, *review denied sub nom. Barnes v. Sea Mar Cmty. Health Centers*, 549 P.3d 112 (2024) (Response rate of approximately 0.5 percent found sufficient where notice plan used known email and postal address as well as the use of a settlement website, toll free phone number, and Facebook and Instagram posts).

The Court already provisionally approved the Notice Plan proposed by Plaintiffs and Class Counsel, including the forms of Plaintiffs' Summary Notice and Long Form Notice, finding that they complied with the requirements of Rule 23 and due process. The Court also approved of Plaintiffs' proposed manner of distribution of notice forms as compliant with the requirements of Rule 23 and due process.

Plaintiffs' implementation of that Notice Plan was successful in all aspects. Consistent with the Court's instructions, Notice consisted of 1,721,479 Short Form Notices mailed,

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 10

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

2,044,907 Short Form Notices emailed, a website, and a toll-free number. The Notice Program as designed and implemented reached approximately 97.74% of the identified Settlement Class. Admin. Decl. ¶ 13. That figure exceeds the constitutional due process requirement in this Circuit. *See, e.g.*, *Askar v. Health Providers Choice, Inc.*, No. 19-CV-06125-BLF, 2021 WL 4846955, at *3 (N.D. Cal. Oct. 18, 2021) ("[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23.") (citation omitted). Finally, all forms of notice accurately described the Settlement and directed the recipient to the Settlement Website where further information was available. While the claims rate is low, it is well within the rates approved by other courts, and does not diminish the success of the Notice Program, which reached approximately 97.74% of the Settlement Class through diverse methods of notice.

The Court should therefore find that the Notice Plan, as executed, satisfied Rule 23(c)(2)(B) and fully complied with due process requirements.

**C.    The Settlement Should be Finally Approved Pursuant to Rule 23(e)**

To approve the settlement of a class action as fair, reasonable, and adequate, Rule 23(e)(2) requires the Court to consider "whether (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." At the final approval stage, the court considers the settlement in light of a non-exhaustive list of factors—the so-called *Churchill* factors—including:

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Hanson v. MGM Resorts Int'l*, No. 16-cv-1661-RAJ, 2018 WL 3630284, at *4 (W.D. Wash. July 31, 2018). Not surprisingly, there is overlap between the 23(e) fairness, reasonableness, and adequacy considerations and the factors set out in the Ninth Circuit test in *Churchill*, 361 F.3d at 575. The Ninth Circuit has instructed that the court's 23(e)(2) analysis should be guided by the *Churchill* factors. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**D.    Class Counsel and the Class Representatives Have Adequately Represented the Class and Support the Settlement**

Plaintiffs and Class Counsel have represented the Class adequately in connection with both the litigation and the Settlement. Plaintiffs have claims that are typical of, and coextensive with, those of the Class, and they have no interests that are antagonistic to other members of the Class. *See Hanlon*, 150 F.3d at 1020. Indeed, the Plaintiffs share the primary goal with the Class of obtaining the largest possible recovery from Defendants. Class Counsel diligently represented the Class throughout the course of this complex and hard-fought litigation. Class Counsel, who are experienced in representing plaintiffs in class action and data privacy cases, have spent nearly two years litigating this case and advocating for the Class. As a result of their efforts, the Settlement provides considerable monetary relief to participating Settlement Class members. By any measure, Class Counsel's efforts constitute adequate representation of the Class.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 12

**E.    The Settlement Has No Indicia of Collusion and is the Result of Hard-Fought Negotiations Before an Experienced Mediator**

The Ninth Circuit instructs courts to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (quoting *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). When approving a settlement prior to class certification the Court is required to engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The Settlement here was the result of arm's length negotiations conducted under the guidance of Hon. Wayne Anderson (Ret.), as the Court found at preliminary approval. *See* Dkt. No. 73 at 5. The settlement was reached after months of arm's-length negotiations facilitated by an experienced neutral. The fact that the parties reached the Settlement with the assistance of a neutral mediator is a "factor weighing in favor of a finding of non-collusiveness." *In re Bluetooth*, 654 F.3d at 948. Courts within the Ninth Circuit "have afforded a presumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arms' length negotiations conducted by capable and experienced counsel." *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013); *Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal. 2018) ("[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 13

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(internal quotation omitted)); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

Finally, the Settlement here has none of the indicia of possible collusion identified by the Ninth Circuit, such as a disproportionate requested attorneys' fee, a "clear sailing" fee agreement separate and apart from class funds, or the reversion of unpaid fees to the defendant. *See In re Bluetooth*, 654 F.3d at 947. There is no reverter in this common fund settlement. And, while Class Counsel's fee will be determined separately, as explained in Class Counsel's fee petition, they seek a percentage recovery that is consistent with Washington law and Ninth Circuit precedent, reflects their work performed, and is proportionate. *See* Plaintiffs' Motion for Attorneys Fees (filed concurrently with this motion). Indeed, despite the availability of a 30% fee (S.A. ¶ 93), Class Counsel have reduced their fee request to 25%, providing more benefits to the Settlement Class. *See id.* Accordingly, all evidence indicates that this Settlement was not "the product of fraud or overreaching by, or collusion between, the negotiating parties." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 324–25 (C.D. Cal. 2016).

**F.    The Relief Provided in the Settlement is Fair and Adequate in Light of the Risk and Complexity of the Case**

In Plaintiffs' Motion for Preliminary Approval, Plaintiffs provided an in-depth discussion regarding the fairness and adequacy of the Settlement. *See* Dkt. 68. In granting preliminary approval to the Settlement, this Court agreed, holding that the relief provided to the class under the settlement is adequate, particularly when considering the costs, risks, and delay associated with proceeding to trial and potential appeal. Dkt. No. 73 at 5. Here evaluating the risks of continued litigation against the scope of relief this Settlement provides to the Class, the Settlement merits final approval, as well.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 14

1
2

**1.      The Risk, Expense, Complexity, and Likely Duration of Further Litigation.**

3
4
5
6
7
8
9
10
11
12
13
14

This Settlement is excellent not only because of the valuable benefits obtained for the Settlement Class (both monetary and non-monetary), but also because Plaintiffs would have faced significant risks in litigating this case through trial. Although nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is a complex class in an uncertain and ever-developing area of the law. Some data breach cases have faced hurdles in surviving even the pleading stage. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, at *1–2 (S.D.N.Y. June 25, 2010) (collecting cases). Finally, as Plaintiffs explained in their Motion for Preliminary Approval, Plaintiffs faced an uphill battle in the collectability of any judgment they may have hoped to obtain due to the financial condition of Defendant.

15
16
17
18
19
20
21
22

Each of these risks poses a risk that Settlement Class Members could end up losing the case at or before trial and recovering nothing at all. Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1, 19 (D.D.C. 2017) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019) (holding that plaintiff had standing to bring a data breach lawsuit). Thus, this factor favors approval.

23

**2.      The Risk of Maintaining Class Action Status Through Trial**

24
25
26

If this case were to proceed forward in adversarial litigation, Plaintiffs face the additional risk of maintaining class certification through trial because Defendant would fiercely oppose class certification. Assuming Plaintiffs were able to proceed forward after obtaining a

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT- 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

ruling certifying a contested class, they would still face risks and delays in maintaining and litigating their class claims. The Ninth Circuit recognizes the inherent risk that a district court "may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Omnivision Techs. Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("Even if the Court were to certify the class, there is no guarantee the certification would survive through trial, as Defendants might have sought decertification or modification of the class."). Moreover, even if Plaintiffs were successful in obtaining class certification and winning trial in the district court, the risk of one or more lengthy appeals would be high. All the while, any relief to Settlement Class Members would remain in limbo and be delayed. Accordingly, the risk and uncertainty surrounding certification of the Class also supports approval of the Settlement.

### 3.  The Amount Offered in Settlement

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. As discussed above, the Settlement makes significant relief available to Settlement Class Members in the form of reimbursement for Out-of-Pocket Losses, reimbursement for Attested Time up to four hours at $25.00 per hour, credit monitoring, and statutory damages payment for the California Settlement Subclass. This Settlement is a strong result for the Class, and as discussed extensively at Preliminary Approval, the amount offered is in line with other settlements in cases involving data breaches of similar scope.

The relief offered by the Settlement is also reasonable in light of "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Here, though Defendant agreed that it would not oppose a request of up to 30% of the common fund, Class Counsel has requested an award of costs and attorneys' fees not to

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 16

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

exceed twenty-five percent (25%), which is squarely in line with, if not less, than Ninth Circuit standards and precedent in this District. *See Bolding v. Banner Bank,* 2024 WL 755903, at *2 (W.D. Wash. Feb. 23, 2024) ("a 33% fee is standard and reasonable for this type of contingency case.").

### 4. The Extent of Discovery Completed and the Stage of Proceedings

Plaintiffs were well informed about the strengths and weaknesses of this case before entering into settlement discussions on behalf of class members. Plaintiffs sought informal discovery from Defendant related to the scope of the Data Incident, the merits of Plaintiffs' claims, the potential defenses thereto, the size of the Class, and other issues relating to class certification. Additionally, Plaintiffs engaged a forensic accounting expert to review several categories of documents from RPM, to understand how much RPM could contribute to a settlement in this action. Class Counsel was therefore able to draw on their extensive experience in privacy and data protection litigation to efficiently uncover the relevant information bearing on the critical issues in this case. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2017). Accordingly, Plaintiffs "had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). This factor, too, supports final approval.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 17

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

### 5.    The Experience and Views of Counsel

2

Class Counsel are experienced class action litigators in the field of data breach and data

3

privacy litigation and recommend the Settlement as being fair, reasonable and adequate and in

4

the best interests of the Class Members. *See* Dkt. 68. A great deal of weight is accorded to the

5

recommendation of counsel, who are most closely acquainted with the facts of the underlying

6

litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, NO. 1:14-0030 WBS, 2017 WL 1424636, at *6

7

(D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528

8

(C.D. Cal. 2004). In light of the complexities of the case and the risks of continuing through

9

further discovery, class certification, summary judgment, trial, and inevitable appeals—not to

10

mention collecting on any judgment—Class Counsel firmly believes that the Settlement

11

represents a favorable resolution of this litigation. "Absent fraud or collusion, courts can, and

12

should, rely upon the judgment of experienced counsel for the parties, when assessing a

13

settlement's fairness and reasonableness." *Demmings v. KKW Trucking, Inc.*, No. 3:14-CV-

14

0494-SI, 2018 WL 4495461, at *9 (D. Or. Sept. 19, 2018) (internal quotations omitted). Thus,

15

Class Counsel's recommendation that the Settlement is fair, reasonable, and adequate "strongly

16

favor" approval. *Lane v. Brown*, 166 F. Supp. 3d 1180, 1191 (D. Or. 2016).

17

### 6.    Governmental Participants

18

Notice pursuant to CAFA was issued on July 26, 2024. Admin Decl. ¶ 4. As of this

19

filing, there is no governmental participant in this matter. This factor is neutral.

20

### 7.    The Reaction of the Class Members to the Proposed Settlement

21

The reaction of the Class Members to the Proposed Settlement has been positive and

22

supports approval. The number of class members who object to a proposed settlement "is a

23

factor to be considered when approving a settlement" and the "absence of significant numbers

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 18

of objectors weighs in favor of finding the settlement to be fair, reasonable and adequate." *Lane*, 166 F. Supp. 3d at 1191. "When few class members object, a court may appropriately infer that a class action settlement is fair, adequate, and reasonable." *Schneider v. Wilcox Farms, Inc.*, No. 07-CV-01160-JLR, 2009 WL 10726662, at *3 (W.D. Wash. Jan. 12, 2009). Here, *only two class members have objected. See* 4 NEWBERG ON CLASS ACTIONS, § 11:48 (4th ed. 2002) ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections [citations omitted]").

Moreover, as of October 18, 2024, Kroll has received only thirteen valid requests for exclusion and two objections. Admin. Decl. ¶ 18. This near total lack of opposition is a strong indication that the class supports the settlement. *See Clemans v. New Werner Co.*, No. 3:12-cv-5186, 2013 WL 12108739, at *5 (W.D. Wash. Nov. 22, 2013) (in settlement where one objection and four exclusions were filed, court found that "the overwhelming non-opposition to and participation in the Settlement [are] strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable."); *see also Rodriguez*, 563 F.3d at 967 (concluding that the district court "had discretion to find a favorable reaction" when 54 of 376,301 class members objected to settlement); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *8–9 (W.D. Wash. Mar. 26, 2001) (granting final approval where "less than 1% of the class opted out and only nine objections were submitted").

Accordingly, the Class's supportive reaction to the Settlement favors final approval.

Plaintiffs and Class Counsel, consistent with the Court's Order Granting Preliminary Approval, will submit argument concerning any objections to the Settlement. *See* Dkt. 73, at 12 (ordering that "Plaintiffs may file a Reply, if any, in support of their Motions for Final Approval, Service Award Payments and Attorneys' Fee Award and Costs within 14 days

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 19

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

following the Objection Deadline). The Objection Deadline is November 12, 2024, and therefore Plaintiffs and Class Counsel will file their reply on or before November 26, 2024. However, as a procedural matter, the two (2) current objections do not comply with the Court's requirements for objections. *See* Dkt. 73 at 9–10. Both objections fail to: (1) state "with specificity the grounds for the objection" and "any documents supporting the objection;" (2) confirm "whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;" (3) identify whether any attorneys represent the objectors; (4) state whether the objectors will appear at the final approval hearing; (5) provide any list of "all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement;" and (6) provide any signature.

### 8.    The Settlement Treats Settlement Class Members Equitably

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018).

In determining whether this factor weighs in favor of approval, a Court must determine whether the Settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Paredes Garcia v. Harborstone Credit Union*, 2023 WL 4315117, *5 (W.D. Wash. July 3, 2023) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

Here, the Settlement does not improperly discriminate between any segments of the

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 20

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

class, as all class members are entitled to the same relief, with the exception of the California Settlement Class, who have the opportunity to submit a claim for a California Statutory Damages Payment. Although Class Members will receive differing payouts depending on whether they are a member of both the Settlement Class and the California Settlement Class or only the Settlement Class, this difference in treatment is appropriate and reasonable. *S.C. v. Buddi US LLC*, 2024 WL 1459808, at *8 (C.D. Cal. Apr. 1, 2024) (holding that the differing payouts depending on whether they are a member of both the settlement class and California subclass or only the settlement class is appropriate and reasonable); *see also Carter v. Vivendi Ticketing United States LLC*, 2023 WL 8153712, at *11 (C.D. Cal. Oct. 30, 2023); *Weiner v. Ocwen Fin. Corp.*, 2024 WL 1257261, at *11 (E.D. Cal. Mar. 25, 2024).

Likewise, the provision of service awards for the Named Plaintiffs is consistent with the equitable treatment of class members. The requested service awards of $2,500 per class representative is reasonable and in line with awards granted in similar cases. *See, e.g.*, *Roe v. Frito-Lay, Inc.*, No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (noting a $5,000 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards of $5,000). Moreover, as the service awards fall in line with the caps on claims for monetary relief in the settlement, there is not a "'significant disparity between the incentive awards and the payments to the rest of the class members' such that it creates a conflict of interest." *Spann*, 314 F.R.D. at 328 (citing *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013)).

In sum, the Settlement treats all Class Members equitably relative to each other, and final approval is appropriate.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 21

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## VII.    CONCLUSION

2
    For the reasons contained in this memorandum, Plaintiffs respectfully request that the

3
Court grant this motion for final approval of class action settlement as fair, reasonable, and

4
adequate.

5
    I certify that this memorandum contains 6,245 words, in compliance with the Local

6
Civil Rules.

7

8
    DATED this 18th day of October, 2024.

9
                                    By: *s/ Kaleigh N. Boyd*

10                                      Kaleigh N. Boyd, WSBA #52684
                                        Jason T. Dennett, WSBA #30686

11                                      1200 Fifth Avenue, Suite 1700
                                        Seattle, WA 98101-3147

12                                      Tel: (206) 682-5600
                                        Fax: (206) 682-2992

13                                      kboyd@tousley.com
                                        jdennett@tousley.com

14

15                                      *Interim Liaison Counsel*

16                                      Bryan L. Bleichner*
                                        Philip Krzeski*

17                                      **CHESTNUT CAMBRONNE PA**

18                                      100 Washington Avenue South, Suite 1700
                                        Minneapolis, MN 55401

19                                      Tel: (612) 339-7300
                                        Fax: (612) 336-2940

20                                      bbleichner@chestnutcambronne.com
                                        pkrzeski@chestnutcambronne.com

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 22

1    John A. Yanchunis*
Ryan D. Maxey*
2    **MORGAN & MORGAN COMPLEX BUSINESS DIVISION**
3    201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
4    Tel: (813) 223-5505
jyanchunis@ForThePeople.com
5    rmaxey@ForThePeople.com

6

*Interim Co-Lead Counsel*

7

Nathan D. Prosser*
8    **HELLMUTH & JOHNSON PLLC**
9    8050 West 78th Street
Edina, MN 55439
10    Tel: (952) 522-4291
nprosser@hjlawfirm.com

11

Terence R. Coates*
12    Dylan J. Gould*
13    **MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
14    Cincinnati, OH 45202
Tel: (513) 651-3700
15    tcoates@msdlegal.com
dgould@msdlegal.com

16

17    Joseph M. Lyon*
**THE LYON FIRM**
18    2754 Erie Ave.
Cincinnati, OH 45208
19    Tel: (513) 381-2333
jlyon@thelyonfirm.com

20

21    Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS**
22    **GROSSMAN, PLLC**
221 West Monroe St., Suite 2100
23    Chicago, IL 60606
Tel: (866) 252-0878
24    gklinger@milberg.com

25

William B. Federman*
26    **FEDERMAN & SHERWOOD**

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 23

10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tele: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

A. Brooke Murphy*
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
abm@murphylegalfirm.com

Samuel J. Strauss, WSBA #46971
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: (608) 237-1775
Fax: (608) 509-4423
sam@turkestraus.com

Carl v. Malmstrom*
**WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLC**
11 W. Jackson Street, Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
malmstrom@whafh.com

Laura Van Note, Esq.*
Cody Alexander Bolce, Esq.*
**COLE & VAN NOTE**
555 12th St., Ste. 1725
Oakland, CA 94607
Tel: (510) 891-9800
Fax: (510) 891-7030
lvn@colevannote.com
cab@colevannote.com

Mark J. Hilliard, Esq.*
**BROTHERS SMITH LLP**
2033 N. Main St., Ste. 720
Walnut Creek, CA 94596
Tele: (925) 944-9700
Fax: (925) 944-9701
mhilliard@brotherssmithlaw.com

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Bryan Paul Thompson *
**CHICAGO CONSUMER LAW CENTER, P.C.**
Cook County Firm No. 62709
33 N. Dearborn St., Ste. 400
Chicago, Illinois 60602
Tel: (312) 858-3239
Fax: (312) 610-5646
Bryan.thompson@cclc-law.com

Michael Kind, Esq. (Pro Hac Vice Forthcoming)
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Ste. 106
Las Vegas, NV 89123
Tel: (702) 337-2322
Fax: (702) 329-5881
Email: mk@kindlaw.com

Gary E Mason*
Danielle L. Perry*
**MASON LLP**
5101 Wisconsin Ave., NW, Ste. 305
Washington, D.C. 20016
Tel: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com

Michael C. Subit
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Ave., Ste. 1200
Seattle, WA 98104
Tel: (206)624-6711
msubit@frankfreed.com

*admitted *pro hac vice*

Additional Counsel for Plaintiffs

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT- 25