1

2

3

4

5

6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

BERNADETTE HIGHTOWER, on behalf of herself and all other similarly situated,

Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

Defendant.

Case No.: 2:22-cv-01683-RSM

**DECLARATION OF PATRICK M. PASSARELLA OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Patrick M. Passarella, declare as follows:

2                                    **INTRODUCTION**

3        1.      I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the

4    Settlement Administrator appointed in the above-captioned case, whose principal office is located

5    at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103. I am over 21 years of age

6    and am authorized to make this declaration on behalf of Kroll and myself. The following statements

7    are based on my personal knowledge and information provided by other experienced Kroll

8    employees working under my general supervision. This declaration is being filed in connection

9    with the final approval of the Settlement.

10       2.      Kroll has extensive experience in class action matters, having provided services in

11   class action settlements involving antitrust, securities fraud, labor and employment, consumer, and

12   government enforcement matters. Kroll has provided notification and/or claims administration

13   services in more than 3,000 cases.

14                                    **BACKGROUND**

15       3.      Kroll was appointed as the Settlement Administrator to provide notification and

16   claims administration services in connection with the Settlement Agreement and Release (the

17   "Settlement Agreement") entered into in this Action. Kroll's duties in connection with the

18   Settlement have and will include: (a) preparing and sending notices in connection with the Class

19   Action Fairness Act; (b) receiving and analyzing the Settlement Class List from Defendant's

20   Counsel; (c) creating a Settlement Website with online claim filing capabilities; (d) establishing a

21   toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing

22   and sending the Short Form Notice via first-class mail; (g) preparing and sending email Notice;

23   (h) receiving and processing mail from the United States Postal Service ("USPS") with forwarding

24   addresses; (i) receiving and processing undeliverable mail, without a forwarding address, from the

25   USPS; (j) receiving and processing Claim Forms; (k) receiving and processing Requests for

26

27   _____

28   [1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the
     Settlement Agreement (as defined below).

1  Exclusion and objections; and (l) such other tasks as counsel for the Parties or the Court request

2  Kroll to perform.

3  ## CAFA MAILING

4       4.     As noted above, on behalf of the Defendant, Kroll provided notice of the proposed

5  Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice").

6  At RPM's Counsel's direction, on July 26, 2024, Kroll sent the CAFA Notice, a true and correct

7  copy of which is attached hereto as **Exhibit A**, identifying the documents required via first-class

8  certified mail, to (a) the Attorney General of the United States, (b) fifty-five (55) state and territorial

9  Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**,

10  and (c) via email to the Nevada Attorney General. The CAFA Notice directed the Attorneys

11  General to the website www.CAFANotice.com, a site that contains all the documents relating to

12  the Settlement referenced in the CAFA Notice.

13  ## DATA AND CASE SETUP

14       5.     On August 9, 2024, Kroll received one (1) data file from the Defendant. The file

15  contained 3,766,598 records for Settlement Class Members. Kroll undertook several steps to

16  analyze the data, which included the removal of 212 duplicate records, resulting in 3,766,386

17  unique records, consisting of 1,721,479 records with a physical address and 2,044,907 records with

18  an email address. These records were then cleaned and normalized to create the eventual Settlement

19  Class List for the email and mailing of Short Form Notices. Additionally, in an effort to ensure that

20  Short Form Notices would be deliverable to Settlement Class Members, Kroll ran the mailing

21  records from the Settlement Class List through the USPS's National Change of Address ("NCOA")

22  database and updated the Settlement Class List with address changes received from the NCOA.

23       6.     On August 6, 2024, Kroll created a dedicated Settlement Website entitled

24  www.RPMDataSettlement.com. The Settlement Website "went live" on September 9, 2024, and

25  contains a summary of the Settlement, important dates and deadlines, contact information for the

26  Settlement Administrator, answers to frequently asked questions, downloadable copies of relevant

27  documents, including the Operative complaint in the Action, Preliminary Approval Order,

28

Settlement Agreement, Long Form Notice in English and Spanish, and Claim Form, and allowed Settlement Class Members an opportunity to file a Claim Form online.

7.      On July 16, 2024, Kroll established a toll-free telephone number, (833) 522-1750, for Settlement Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system and by being connected to a live operator. As of October 17, 2024, the IVR system has received 4,011 calls, and ninety (90) callers have been connected to live operators.

8.      On July 29, 2024, Kroll designated a post office box with the mailing address *RPM Data Incident Settlement*, c/o Kroll Settlement Administration LLC, PO Box 225391, New York, NY 10150-5391, in order to receive Requests for Exclusion, Claim Forms, objections, and correspondence from Settlement Class Members.

## NOTICE PROGRAM

9.      On September 11, 2024, Kroll caused 1,721,479 Short Form Notices to be mailed via first-class mail. A true and correct copy the Short Form Notice, as well as the Long Form Notice and Claim Form, are attached hereto as **Exhibits C, D, and E,** respectively.

10.     On September 10, 2024, Kroll caused the email Notice to be sent to the 2,044,907 email addresses on file for Settlement Class Members as noted above. A true and correct copy of a complete exemplar email Notice (including the subject line) is attached hereto as **Exhibit F.** Of the 2,044,907 emails attempted for delivery, 284,107 emails were rejected/bounced back as undeliverable. On October 4, 2024, Kroll caused 283,570 Notices to be mailed via first-class mail to those Settlement Class Members for whom emails were rejected/bounced back as undeliverable and a physical address was available.

## NOTICE PROGRAM REACH

11.     As of October 17, 2024, 6,852 Short Form Notices were returned by the USPS with a forwarding address. Of those, 6,809 Short Form Notices were automatically re-mailed to the updated addresses provided by the USPS. The remaining forty-three (43) Short Form Notices were re-mailed by Kroll to the updated address provided by the USPS.

12.    As of October 17, 2024, 318,658 Short Form Notices were returned by the USPS as undeliverable as addressed, without a forwarding address. Kroll ran 312,456 undeliverable records through an advanced address search.[2] The advanced address search produced 234,421 updated addresses. Kroll has re-mailed Short Form Notices to the 234,421 updated addresses obtained from the advanced address search. Of the 234,421 re-mailed Short Form Notices, 258 have been returned as undeliverable a second time. Kroll is continuing to process and respond to Short Form Notices returned by the USPS as undeliverable and will continue to process and respond to all remailings up to the Final Approval Hearing.

13.    Based on the foregoing, following all Short Form Notice re-mailings, Kroll has reason to believe that Short Form Notices likely reached 3,681,354 of the 3,766,386 persons to whom the Short Form Notice was mailed or emailed, which equates to a reach rate of the direct notice of approximately 97.74%. This reach rate is consistent with other Court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4] The table below provides an overview of dissemination results for the direct Notice Program.

---

[2] The remaining 6,202 Short Form Notices were received after the most recent Advanced Address Search was performed and will be included in the next search.

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges, at 27 (3d Ed. 2010).

| Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Volume of Class Members** | **Percentage of Class Members** |
| Settlement Class Members | 3,766,386 | 100.0% |
| **Initial Email Notice Mailing** | | |
| (+) Email Notices (Initial Campaign) | 2,044,907 | 54.29% |
| (-) Total emailed Notices returned as undeliverable | (284,107) | 7.54% |
| **Initial Short Form Notice Mailing** | | |
| (+) Short Form Notices Mailed (Initial Campaign) | 1,721,479 | 45.71% |
| (+) Short Form Notices Mailed where email Notice failed | 283,570 | 7.53% |
| (-) Total Short Form Notices returned as undeliverable | (318,658) | 8.46% |
| **Supplemental Short Form Notice Mailing** | | |
| (+) Total Unique Short Form Notices Re-mailed | 234,421 | 6.22% |
| (-) Total Undeliverable (Re-Mailed) Short Form Notices | (258) | 0.01% |
| **Direct Notice Program Reach** | | |
| (=) Likely Received Direct Notice | 3,681,354 | 97.74% |

## CLAIM ACTIVITY

14.     The Claims Deadline is November 12, 2024.

15.     As of October 17, 2024, Kroll has received eighty-four (84) Claim Forms through the mail and 16,164 Claim Forms filed electronically through the Settlement Website. Kroll is still in the process of reviewing and validating Claim Forms.

16.     To prevent Claim Forms from being filed by individuals outside the Settlement Class List and to curtail fraud, Settlement Class Members were provided a "Unique Claimant ID" on their respective Short Form Notices. The Unique Claimant ID is required for Settlement Class Members to file a Claim Form online.

## EXCLUSIONS AND OBJECTIONS

17.     The Opt-Out and Objection Deadlines are November 12, 2024.

18.     Kroll has received thirteen (13) timely Requests for Exclusion and two (2) objections to the Settlement. A list of the exclusion requests received is attached hereto as **Exhibit G** and the two (2) objections are attached hereto to as **Exhibit H**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>CERTIFICATION</u>**

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on October 17, 2024, in Wendell, North Carolina.

_____
PATRICK M. PASSARELLA

# Exhibit A



<u>VIA U.S. MAIL</u>

Date:    July 26, 2024

To:    All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
(*see attached service list*)

Re:    <u>CAFA Notice for the proposed Settlement in *Hightower et al. v. Receivables*</u>
<u>*Performance Management, LLC*, Case No.: 2:22-cv-01683-RSM, pending in the</u>
<u>United States District Court for the Western District of Washington at Seattle</u>

Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant Receivables Performance Management, LLC ("Defendant" or "RPM") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the Western District of Washington at Seattle (the "Court").

Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled *Hightower v. RPM*:

1.    <u>28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the</u>
<u>complaint and any amended complaints</u>.

The Amended Complaint is available as **Exhibit A**.

2.    <u>28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class</u>
<u>action</u>.

On July 17, 2024, Plaintiff filed a motion for preliminary approval of the class action settlement, and the date of the preliminary approval hearing has not yet been set. The Court has not yet scheduled the Final Approval Hearing for this matter. The proposed Preliminary Approval Order is available as **Exhibit B**.

3.    <u>28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members</u>.

Copies of the proposed Short Form Notice, Long Form Notice, and Claim Form will be provided to Class Members and will be available on the Settlement Website created for the administration of this matter. These are available as **Exhibits C**, **D**, and **E**, respectively. The Notices describe, among other things, the Claim submission process and the Settlement Class Members' rights to object or exclude themselves from the Class.

4.      <u>28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement</u>.

The Settlement Agreement is available as **Exhibit F**.

5.      <u>28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

There are no other settlements or other agreements between Class Counsel and Defendant's Counsel beyond what is set forth in the Settlement Agreement.

6.      <u>28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal</u>.

A copy of the proposed Final Approval Order and Judgment is available as **Exhibit G**.

7.      <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

The definition of the Settlement Class in the proposed Settlement Agreement means the persons who are identified on the Settlement Class List, including all individuals residing in the United States who were sent a notification by RPM that their Personal Information was potentially compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in which RPM or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

An estimated breakdown by state for known Class Members is available as **Exhibit H**.

8.      <u>28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Hightower v. RPM*, please contact the undersigned below.

Respectfully submitted,

*Jeffrey A. Gallo*

Jeffrey A. Gallo
Senior Manager
jeff.gallo@kroll.com

# Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
3rd FL, PO Box 7
Utulei, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
Ashley Moody
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
115 S. LaSalle St.
Chicago, IL 60603

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
200 Portland St
Boston, MA 02114

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota St, Suite 1400
St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
* NVAGCAFAnotices@ag.nv.gov

**New Hampshire Attorney General**
John Formella
1 Granite Place South
Concord, NH 03301

* Preferred

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
408 Galisteo St
Santa Fe, NM 87501

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
9001 Mail Service Center
Raleigh, NC 27699

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Michelle A. Henry
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
425 5th Avenue North
PO Box 20207
Nashville, TN 37202

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Ian S.A. Clement
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
PO Box 142320
Salt Lake City, UT 84114

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
State Capitol Bldg.
109 State Capitol
Cheyenne, WY 82002

# Exhibit C

**RPM Data Incident Settlement**
c/o Kroll Setttlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

FIRST CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

---

**RPM Data Incident Settlement**

**U.S. District Court for the WESTERN DISTRICT OF WASHINGTON**

Hightower, et al. v. Receivables Performance Management, LLC, Case No. 2:22-cv-01683-RSM

**IF YOU WERE NOTIFIED BY RECEIVABLES PERFORMANCE MANAGEMENT, LLC REGARDING THE APRIL 2021 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR PAYMENT AND CREDIT MONITORING SERVICES FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web,*

**www.RPM DataSettlement.com.**

---

<<Refnum Barcode>>

UNIQUE CLAIMANT ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

"Defendant") relating to cyberattack against RPM's computer systems that occurred in or around April 2021 (the "Data Incident"). The computer systems possibly affected by the Data Incident potentially contained Personal Information of certain individuals. The Plaintiffs claim that RPM was responsible for the Data Incident. RPM denies all of the claims.

**WHO IS INCLUDED?** RPM's records show you received a notification from RPM regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member" unless you opt out of the Settlement.

**SETTLEMENT BENEFITS.** The Settlement provides payments to people who submit Approved Claims for Out-of-Pocket Losses and Attested Time (up to four (4) hours at $25/hour) relating to the Data Incident, and for Credit Monitoring Services and identity protection services for three (3) years. The Settlement also provides an option for California Settlement Subclass Members to submit a Claim for California Statutory Damages Payment of $50. **The only way to receive a benefit is to file a Claim. To get a Claim Form, visit the Settlement Website, www.RPMDataSettlement.com, or call (833) 522-1750. The Claims Deadline is November 12, 2024.**

**OPT OUT.** If you do not want to be legally bound by the Settlement, you must exclude yourself. A more detailed Notice is available to explain how to exclude yourself. You must mail your Request for Exclusion, postmarked no later than **November 12, 2024**, to the Settlement Administrator. You cannot exclude yourself by phone or email. If you exclude yourself from the Settlement, you will receive no benefits under the Settlement and will not be legally bound by the Court's judgments related to the Settlement Class and RPM in this class action.

**OBJECT.** If you stay in the Settlement, you may object to it by **November 12, 2024**, if you do not agree with any part of it. A more detailed Notice is available to explain how to object. You must mail your written objection to the Settlement Administrator, postmarked no later than **November 12, 2024**. You can object only if you stay in the Settlement Class.

**OTHER OPTIONS.** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement.

**FOR MORE INFORMATION.** Please visit the Settlement Website or call **(833) 522-1750** for a copy of the more detailed Notice. On **December 6, 2024**, the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for Fee Award and Costs up to $1,680,000 and for a Service Award Payment up to $2,500 for each of the four Class Representatives. The Motion for attorneys' fees and expenses and service awards will be posted on the Settlement Website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

For more information or to update your contact information, call **(833) 522-1750**, or visit the Settlement Website, **www.RPMDataSettlement.com**.

# Exhibit D

# RPM Data Incident Settlement

## U.S. District Court for the Western District Of Washington

*Hightower, et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM

**IF YOU WERE NOTIFIED BY RECEIVABLES PERFORMANCE MANAGEMENT, LLC REGARDING THE APRIL 2021 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR PAYMENT AND CREDIT MONITORING SERVICES FROM A CLASS ACTION SETTLEMENT.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

*Si necesita ayuda en español, comuníquese con el administrador al **(833) 522-1750**.*

- A Settlement has been reached in a class action lawsuit against Receivables Performance Management, LLC ("RPM" or "Defendant") concerning a data security incident that occurred in or around April 2021 (the "Data Incident").

- The lawsuit is called *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM (the "Action"). The Action alleges that the Data Incident potentially exposed certain personal identifying information ("PII") of Plaintiff and the members of the putative class.

- The Settlement Class includes all individuals who were sent notification by RPM that their Personal Information was or may have been compromised in the Data Incident. It excludes: (1) the judges presiding over this Action, and members of their direct families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in which RPM or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.  There is also a California Settlement Subclass, which includes all members of the Settlement Class who are residents of the State of California.

- Your legal rights are affected regardless of whether you act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is **November 12, 2024.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendant and the issues in this case.  The deadline to exclude yourself from the Settlement is **November 12, 2024.** |
| **OBJECT TO THE SETTLEMENT** | Write to the Settlement Administrator explaining why you do not agree with the Settlement. The deadline to object is **November 12, 2024.** |
| **ATTEND THE FINAL APPROVAL HEARING** | You or your attorney may attend and speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on **December 6, 2024**. |
| **DO NOTHING** | You will not get any benefits from the Settlement and you will give up certain legal rights. You will remain in the Settlement Class and be subject to the Release. |

- These rights and options, and the deadlines to exercise them, are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at **www.RPMDataSettlement.com.**

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

# What This Class Notice Contains

BASIC INFORMATION ........................................................................................................ 3
1.  What is this Notice and why should I read it? ................................................. 3
2.  What is a class action lawsuit? ...................................................................... 3
THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT ................................................ 3
3.  What is this Action about? ............................................................................. 3
4.  Why is there a Settlement? ............................................................................ 3
WHO'S INCLUDED IN THE SETTLEMENT? ..................................................................... 3
5.  How do I know if I am in the Settlement Class? ............................................. 3
THE SETTLEMENT BENEFITS ......................................................................................... 4
6.  What does the Settlement provide? ................................................................ 4
HOW TO GET BENEFITS .................................................................................................. 5
7.  How do I make a Claim? ................................................................................ 5
8.  When will I get my payment? ......................................................................... 5
THE LAWYERS REPRESENTING YOU ............................................................................. 5
9.  Do I have a lawyer in this case? ..................................................................... 5
10.  How will the lawyers be paid? ....................................................................... 5
YOUR RIGHTS AND OPTIONS ......................................................................................... 6
11.  What claims do I give up by participating in this Settlement? ........................ 6
12.  What happens if I do nothing at all? .............................................................. 6
13.  What happens if I ask to be excluded? ........................................................... 6
14.  How do I ask to be excluded? ........................................................................ 6
15.  If I don't exclude myself, can I sue RPM for the same thing later? ................ 7
16.  If I exclude myself, can I get anything from this Settlement? ......................... 7
17.  How do I object to the Settlement? ................................................................ 7
18.  What's the difference between objecting and excluding myself from the Settlement? ......... 7
THE COURT'S FINAL APPROVAL HEARING .................................................................... 7
19.  When and where will the Court hold a hearing on the fairness of the Settlement? .............. 7
20.  Do I have to come to the hearing? .................................................................. 8
21.  May I speak at the hearing? ........................................................................... 8
GETTING MORE INFORMATION ...................................................................................... 8

22.  Where can I get additional information? ............................................................. 8

23.  How do I update my contact information? .......................................................... 8

## BASIC INFORMATION

### 1.  What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with RPM. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The case is called *Hightower, et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM.

### 2.  What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiffs and Class Representatives Bernadette Hightower, Latershia Jones, George Dean, and Bruce Mark Woodruff—sue on behalf of a group of people who have similar claims. Together, this group is called a "Settlement Class" and consists of "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except those who exclude themselves from the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.  What is this Action about?

Plaintiffs claim that RPM failed to implement and maintain reasonable security measures to adequately protect the PII in its possession and to prevent the Data Incident from occurring.

RPM denies that it is liable for the claims made in the Action and denies any allegations of wrongdoing. More information about the complaint in the Action can be found on the Settlement Website, at **www.RPMDataSettlement.com**.

### 4.  Why is there a Settlement?

The Court has not decided whether the Plaintiff or RPM should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Settlement Class Members will be eligible to get compensation now rather than years later—if ever. The Class Representative and attorneys for the Settlement Class Members, called Class Counsel, agree the Settlement is in the best interests of the Settlement Class Members. The Settlement is not an admission of wrongdoing by the RPM.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5.  How do I know if I am in the Settlement Class?

You are part of the Settlement as a Settlement Class Member if you received a notification letter from RPM stating that your Personal Information was or may have been compromised in the Data Incident. You are also a part of the Settlement as a California Settlement Subclass Member if you received a notification letter from RPM stating that your Personal Information was or may have been compromised in the Data Incident and you are a resident of the State of California. If you are a California Settlement Subclass Member, you are also a Settlement Class Member.

Settlement Class Members will have been mailed notice of their eligibility. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling **(833) 522-1750**, or by visiting the Settlement Website, **www.RPMDataSettlement.com**.

This Settlement Class and California Settlement Subclass do not include (1) the judges presiding over this Action, and members of their direct families; (2) RPM, its subsidiaries, parent companies, successors, predecessors, and any entity in which RPM or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

## THE SETTLEMENT BENEFITS

### 6.   What does the Settlement provide?

Under the proposed Settlement, RPM will pay (or cause to be paid) $5,600,000 into a Settlement Fund. The Settlement Fund, plus interest accrued thereon, will pay Notice and Administrative Expenses, Court-approved Litigation Costs and Expenses, Court-approved Service Award Payments for Class Representatives, and certain Settlement Fund Taxes and Tax-Related Expenses (the "Net Settlement Fund"). The Net Settlement Fund will be used to provide eligible Settlement Class Members with payments and benefits described below.[1]

**Reimbursement for Attested Time and Out-of-Pocket Losses**: If you spent time responding to the Data Incident, you may be eligible to receive compensation for Attested Time. If you incurred financial losses that are fairly traceable to the Data Incident, you may be eligible to receive reimbursement for ordinary Out-of-Pocket Losses.

  **A.  Attested Time:** A Claim for reimbursement may also include a claim for up to four (4) hours of time spent in response to the Data Incident. Lost time will be compensated at $25/hour. Claims for Attested Time are subject to a $100 cap.

  **B.  Out-of-Pocket Losses:** A Claim for reimbursement may include, but are not limited to the following provided the expenses were incurred primarily as a result of the Data Incident: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Settlement Class Member's personal information; (ii) costs incurred on or after April 8, 2021, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. There is no cap for Claims for reimbursement of Out-of-Pocket Losses.

**Credit Monitoring Services:** All Settlement Class Members are eligible to receive three (3) years of identity theft protection and Credit Monitoring Services, which includes identity theft monitoring, alerts, three bureau credit monitoring, fraud resolution, and identity theft insurance coverage for certain costs, identity restoration, and unauthorized electronic fund transfers.

**California Statutory Damages Payment**: In addition to filing a Claim for reimbursement of Out-of-Pocket Losses, Attested Time, or for Credit Monitoring Services, all California Settlement Subclass Members may file a Claim for an alternative cash payment estimated at $50.

---

[1] If the benefits claimed by all Settlement Class Members meets or exceeds the amount of the Net Settlement Fund, then the payments and/or benefits for your Claim may be reduced *pro rata* by the Settlement Administrator so that the aggregate cost of all payments and benefits does not exceed the amount of the Net Settlement Fund.

**Residual Credit Monitoring Services**: If there are funds remaining in the Settlement Fund after payment of Notice and Administrative Expenses, Court-approved Litigation Costs and Expenses, Court-approved Service Award Payments for Class Representatives, and certain Settlement Fund Taxes and Tax-Related Expenses, approved claims for Attested Time, Approved Claims for Out-of-Pocket Losses, Approved Claims for Credit Monitoring Services, and Approved Claims for California Statutory Damages Payment(s) (the "Residual Settlement Fund"), all Settlement Class Members who file a claim for Credit Monitoring Services that has been approved by the Settlement Administrator will receive additional years of Credit Monitoring Services, up to a total of five (5) years.

**Residual Cash Payment**: If there are funds remaining in the Residual Settlement Fund after payment of Approved Claims for Residual Credit Monitoring Services, all Settlement Class Members who file a Claim that has been approved by the Settlement Administrator (regardless of the type or amount of the Approved Claim) will receive a Residual Cash Payment of up to $100.

## HOW TO GET BENEFITS

### 7.  How do I make a Claim?

To qualify for a Settlement benefit, you must complete and submit a Claim Form. Settlement Class Members who want to submit a Claim must fill out and submit a Claim Form online at **www.RPMDataSettlement.com** or by mail to the Settlement Administrator. Claim Forms are available through the Settlement website at **www.RPMDataSettlement.com** or by calling **(833) 522-1750.**

**All Claim Forms must be submitted no later than November 12, 2024.**

### 8.  When will I get my payment?

The Final Approval Hearing, the hearing to consider the fairness of the Settlement, is scheduled for **December 6, 2024**. If the Court approves the Settlement, eligible Settlement Class Members whose Claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed. Please be patient.

## THE LAWYERS REPRESENTING YOU

### 9.  Do I have a lawyer in this case?

Yes, the Court has appointed Bryan Bleichner of Chestnut Cambronne, P.A., John Yanchunis of Morgan & Morgan Complex Litigation Group, and Kaleigh Boyd of Tousley Brain Stephens, PLLC as "Class Counsel" to represent you and all Settlement Class Members. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you at your own expense if you want someone other than Class Counsel to represent you.

### 10.  How will the lawyers be paid?

To date, Class Counsel has not received any payment for their services in conducting this litigation on behalf of the Settlement Class and have not been paid for their Out-of-Pocket Losses. Class Counsel will ask the Court for an award of attorneys' fees and expenses ("Fee Award and Costs") not to exceed $1,680,000 which were incurred in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund.

Class Counsel will also request a Service Award Payment of $2,500 for each of the Plaintiffs, for a total of $10,000, to be paid from the Settlement Fund.

The Court will determine the proper amount of any Fee Award and Costs to award Class Counsel and the proper amount of any Service Award Payments to Plaintiffs.

Class Counsel will file their request for Fee Award and Costs and Service Award Payments for Plaintiffs with the Court, which will also be posted on the Settlement Website, at **www.RPMDataSettlement.com.**

## YOUR RIGHTS AND OPTIONS

### 11.  What claims do I give up by participating in this Settlement?

If you do not "opt-out" or exclude yourself from the Settlement, you will not be able to sue RPM about the Data Incident, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. However, you may "opt-out" or exclude yourself from the Settlement (*see* **Question 14**). If you "opt-out" from the Settlement, you will not be bound by any of the Released Claims, which are described in the Settlement Agreement, at **www.RPMDataSettlement.com.**

### 12.  What happens if I do nothing at all?

If you do nothing, you will receive no benefits under the Settlement. You will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 11 above. Unless you exclude yourself or "opt-out", you won't be able to file a lawsuit or be part of any other lawsuit against RPM for the claims or legal issues released in this Settlement.

### 13.  What happens if I ask to be excluded?

If you exclude yourself or "opt-out" from the Settlement, you will receive no benefits under the Settlement.  However, you will not be in the Settlement Class and will not be legally bound by the Court's judgments related to the Settlement Class and RPM in this Action.

### 14.  How do I ask to be excluded?

You can ask to be excluded or "opt-out" from the Settlement. To do so, you must send a written Request for Exclusion to the Settlement Administrator stating that you want to be excluded from the Settlement in *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM. Your written notification must include: (1) the name of the proceeding; (2) your full name and current address; (3) your signature; and (4) the words "Request for Exclusion" or a comparable statement that you do not wish to participate in the Settlement at the top of the communication. You must mail your Request for Exclusion, postmarked no later than **November 12, 2024,** to the following address:

RPM Data Incident Settlement

c/o Kroll Settlement Administration LLC

PO Box 225391

New York, NY 10150-5391

You cannot exclude yourself by phone or email. Any individual who wants to be excluded or "opt-out" from the Settlement must submit his or her own Request for Exclusion. No group "opt-outs" shall be permitted.

## 15.  If I don't exclude myself, can I sue RPM for the same thing later?

No. Unless you exclude yourself or "opt-out", you give up any right to sue RPM for the claims or legal issues released in this Settlement, even if you do nothing.

## 16.  If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself or "opt-out", do not submit a Claim Form to ask for any benefits.

## 17.  How do I object to the Settlement?

If you do not exclude yourself or "opt-out" from the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must mail a written objection to the Settlement Administrator stating that you object to the Settlement in *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM.

The objection must be in writing and be personally signed by you. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. You must mail your objection to the Settlement Administrator: **RPM Data Incident Settlement, c/o Kroll Settlement Administration LLC, PO Box 225391, New York, NY 10150-5391**, postmarked no later than **November 12, 2024.**

## 18.  What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself or "opt-out", you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19.  When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on **December 6, 2024** at the Courthouse located at 700 Stewart Street in Seattle, Washington. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the

fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for Fee Award and Costs and the Service Award Payments to Class Representatives.

The location, date and time of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the Settlement Website, **www.RPMDataSettlement.com**, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## 20.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. If your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. However, you may appear on your behalf or pay a lawyer to attend on your behalf to assert your objection if you would like.

## 21.  May I speak at the hearing?

Yes. If you do not exclude yourself or "opt-out" from the Settlement Class, you (or your attorney) may appear and speak at the Final Approval Hearing concerning any part of the proposed Settlement.

## GETTING MORE INFORMATION

## 22.  Where can I get additional information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at **www.RPMDataSettlement.com**, or by writing to the Settlement Administrator: **RPM Data Incident Settlement, c/o Kroll Settlement Administration LLC, PO Box 225391, New York, NY 10150-5391**.

## 23.  How do I update my contact information?

You may contact the Settlement Administrator online on the Settlement Website, **www.RPMDataSettlement.com**, by calling toll-free at **(833) 522-1750**, or by writing to:

RPM Data Incident Settlement

c/o Kroll Settlement Administration LLC

PO Box 225391

New York, NY 10150-5391

**PLEASE DO NOT CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

Exhibit E



830790000000

<table>
<tr><td><strong>Claims Deadline:</strong><br>November 12, 2024</td><td><em><strong>RPM Data Incident Settlement Claim Form</strong></em><br><em>Hightower et al. v. Receivables Performance Management, LLC,</em><br>Case No. 2:22-cv-01683-RSM<br>United States District Court, Western District of Washington</td><td>For Office Use<br>Only</td></tr>
</table>

This Claim Form should be filled out online or submitted by mail if you received a notification from RPM that your Personal Information was or may have been compromised in the data security incident in or about April 2021 (the "Data Incident"), and you had Out-of-Pocket Losses or Attested Time spent dealing with the Data Incident, or you wish to claim Credit Monitoring Services, or you wish to Claim a California Statutory Damages Payment. You may get a check if you fill out this Claim Form, if the Settlement is approved, and if you are found to be eligible for a payment.

**You may request an electronic payment if you submit your Claim on the Settlement Website, www.RPMDataSettlement.com.** The Settlement establishes a $5,600,000 fund to compensate Settlement Class Members for their Approved Claims for benefits as well as for the costs of Notice and Administrative Expenses, certain Taxes, Service Award Payment(s), and Class Counsel's Fee Award and Costs, as awarded by the Court.

The Settlement Notice describes your legal rights and options. Please visit the official Settlement Website, **www.RPMDataSettlement.com**, or call **(833) 522-1750** for more information.

If you wish to submit a Claim for a Settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. The **CLAIMS DEADLINE** to submit this Claim Form online (or have it postmarked for mailing) is **November 12, 2024.**

*Si necesita ayuda en español, comuníquese con el administrador al **(833) 522-1750**.*

## 1. CLASS MEMBER INFORMATION (ALL INFORMATION IS REQUIRED):

Full Name: _____

Address 1: _____

Address 2: _____

City: _____  State: _____  Zip: _____

Telephone: _____  Email: _____

Unique Claimant ID: **8 3 0 7 9** ___ ___ ___ ___ ___ ___ ___ ___

8 3 0 7 9 0 0 0 0 0 0 0

---

**2. PAYMENT ELIGIBILITY INFORMATION**

**You may request an electronic payment if you submit your Claim on the Settlement Website, www.RPMDataSettlement.com.**

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Check the box for each category of benefits you would like to claim. Categories include: (1) Out-of-Pocket Losses that you had to pay as a result of the Data Incident, (2) time you had to spend dealing with the effects of the Data Incident, and (3) three years of Credit Monitoring Services. (4) Additionally, if you are a California Settlement Subclass Member, you may Claim a California Statutory Damages Payment.

*Please be sure to fill in all questions within each category that you are claiming and to attach documentation of the charges as described. (If you are asked to provide account statements as part of proof required for any part of your Claim, you may mark out any unrelated transactions if you wish.)*

# (1) Out-of-Pocket Losses Resulting from the Data Incident:

☐    **I incurred unreimbursed charges as a result of the Data Incident.**

Examples - Unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your information; costs incurred on or after April 8, 2021 through November 12, 2024 associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; other miscellaneous expenses incurred such as notary, fax, postage, copying, mileage and long-distance telephone charges that were incurred on or after April 8, 2021 through November 12, 2024.

　　　*\* Supporting documentation must be provided.*

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between April 8, 2021 through November 12, 2024, please attach a copy of a receipt or other proof of purchase for each credit report or product purchased.*

*You may mark out any transactions that are not relevant to your claim before sending in the requested documentation.*

*Complete the following to outline the details of the Out-of-Pocket Losses being claimed. If additional space is required, please attach additional pages.*

---

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| **EXAMPLE:** *Identity Theft Protection Service* | **EXAMPLE:** *07 / 17 / 20* | **EXAMPLE:** *$50.00* | **EXAMPLE:** *Copy of identity theft protection service bill* |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____.____ | |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____.____ | |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____.____ | |

**Note**: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose.

## (2) Between one and four hours of documented time spent dealing with the Data Incident:

☐   **I certify that I spent time dealing with the effects of the Data Incident**.

Examples - You spent valuable time calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed. You spent valuable time signing up for credit monitoring or identity theft protection services or freezing/unfreezing credit reports with any credit reporting agency.

**I certify that I spent the following amount of time in response to the Data incident rounded to the nearest whole hour: _____ hour(s)**

## (3) Claim 3 years of credit monitoring and identity protection services:

☐   **I would like to claim 3 years of credit monitoring and identity protection services.**

The Settlement benefits include up to three years of credit monitoring and identity protection services to any class member who timely claims it.

## (4) If you are a resident of California:

☐   **I would like to claim a California Statutory Damages Payment.**

*\* Do not check this box if you are not a resident of the State of California.*

**For more information or to submit a Claim Form online, visit www.RPMDataSettlement.com.**






The Settlement benefits include a cash payment of $50 to all Settlement Class Members who are residents of the State of California, in addition to any other benefits which may be available under the settlement outlined above.

## 3.  SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____        _____        __ __ / __ __ / __ __ __ __
Signature                      Print Name                          Date


## 4.  MAIL YOUR CLAIM FORM, OR SUBMIT YOUR CLAIM FORM ONLINE

This claim form must be:

Postmarked by **November 12, 2024,** and mailed to:

**RPM Data Incident Settlement**
**c/o Kroll Settlement Administration LLC**
**PO Box 225391**
**New York, NY 10150-5391**

OR

Submitted online by **11:59 p.m. PT** on **November 12, 2024,** through the Settlement Website, **www.RPMDataSettlement.com.**

**For more information or to submit a Claim Form online, visit www.RPMDataSettlement.com.**

Exhibit F

**Subject: Notice of Class Action Settlement**

---

**Unique Claimant ID:** <<RefNum>>

**IF YOU WERE NOTIFIED BY RECEIVABLES PERFORMANCE MANAGEMENT, LLC REGARDING THE APRIL 2021 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR PAYMENT AND CREDIT MONITORING SERVICES FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Receivables Performance Management ("RPM" or "Defendant") relating to cyberattack against RPM's computer systems that occurred in or around April 2021 (the "Data Incident"). The computer systems possibly affected by the Data Incident potentially contained Personal Information of certain individuals. The Plaintiffs claim that RPM was responsible for the Data Incident. RPM denies all of the claims.

**WHO IS INCLUDED?** RPM's records show you received a notification from RPM regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member" unless you opt out of the Settlement.

**SETTLEMENT BENEFITS.** The Settlement provides payments to people who submit Approved Claims for Out-of-Pocket Losses and Attested Time (up to four (4) hours at $25/hour) relating to the Data Incident, and for Credit Monitoring Services and identity protection services for three (3) years. The Settlement also provides an option for California Settlement Subclass Members to submit a Claim for California Statutory Damages Payment of $50. **The only way to receive a benefit is to file a Claim. To get a Claim Form, visit the Settlement Website, www.RPMDataSettlement.com, or call (833) 522-1750. The Claims Deadline is November 12, 2024.**

**OPT OUT.** If you do not want to be legally bound by the Settlement, you must exclude yourself. A more detailed Notice is available to explain how to exclude yourself. You must mail your Request for Exclusion, postmarked no later than **November 12, 2024**, to the Settlement Administrator. You cannot exclude yourself by phone or email. If you exclude yourself from the Settlement, you will receive no benefits under the Settlement and will not be legally bound by the Court's judgments related to the Settlement Class and RPM in this class action.

**OBJECT.** If you stay in the Settlement, you may object to it by **November 12, 2024,** if you do not agree with any part of it. A more detailed Notice is available to explain how to object. You must mail your written objection to the Settlement Administrator, postmarked no later than **November 12, 2024**. You can object only if you stay in the Settlement Class.

**OTHER OPTIONS.** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement.

**FOR MORE INFORMATION.** Please visit the Settlement Website or call **(833) 522-1750** for a copy of the more detailed Notice. On **December 6, 2024**, the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for Fee Award and Costs up to $1,680,000 and for a Service Award Payment up to $2,500 for each of the four Class Representatives. The Motion for attorneys' fees and expenses and service awards will be posted on the Settlement Website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

For more information or to update your contact information, call **(833) 522-1750**, or visit the Settlement Website, **www.RPMDataSettlement.com**.

# Exhibit G

# Exclusion List

| Count | Record Identification Number |
|-------|------------------------------|
| 1     | 83079CZ1KZ8PD                |
| 2     | 83079FZ9TXFHV                |
| 3     | 83079FBX032R4                |
| 4     | 83079H7CDGSZG                |
| 5     | 83079H542RSD4                |
| 6     | 83079D7Y6FZ71                |
| 7     | 83079CD0FNFKB                |
| 8     | 83079F85GWJYX                |
| 9     | 83079GH43K0TM                |
| 10    | 83079DNY2NCY7                |
| 11    | 83079FWKV3TG0                |
| 12    | 83079NK7QRY2J                |
| 13    | 83079FJ90D9RQ                |

# Exhibit H

Annie Marie Davis
12 Kim Herman Cove
Indianola, MSS. 38751

JACKSON MS  390

17 SEP 2024  PM 3  L

Thinking

FREEDOM
STATION
FOREVER/USA

RPM Date Incident Settlement
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

10150-539191

83079

COR0000005

COR0000005

Dear Sir,
   my name is Annie
Mae Davis I am the
Guardian of Dominiquesia
Davis I will like to Object
to the Settlement

                    Thank you

Mary Clarke
3230 Strafford Dr.
Macon, GA 31211



FOREVER | USA

RPM Data incident Settlement
C/O Kroll Settlement Administration LLC.
P.O. Box 225391
New York, NY. 10150-5391

10150@5391 B030

COR0000054

COR0000054

OBJECT:

Reason: Stay in the Settlement Class

EXPlain: I'm from the Old School, paper there were Not Computer, We all brough those Story's those Company was selling about more Servicer reach out Kept up with the time,

so thing change. Then We got all things faster & better living master Mind.

America Are the only Natural Data get cyber attack they Data, OR that Not Known why is that??
so I want the Companies that let my Data get taken let them know your Servicer can or Can't keep my Data Safe Leaves the bussiness move with the time important,

but until My Object Settlement Class