HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADETTE HIGHTOWER, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>Defendant. | Case No. 2:22-cv-01683-RSM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF FINAL APPROVAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 6, 2024** |

## I. INTRODUCTION

Plaintiffs Bernadette Hightower, Latershia Jones, George Dean, and Bruce Mark Woodruff (collectively, "Plaintiffs") submit this Reply in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement. Plaintiffs respectfully request that the Court finally approve the Settlement and overrule the four timely objections (and one untimely objection) that have been submitted in this case, as they are procedurally deficient and, even analyzing their substance, do not provide valid bases to object to the Settlement. Aside from these objections, the reaction of the Class remains favorable since Plaintiffs filed their Motion for Final Approval, with claims increasing to approximately 24,489 (an increase of approximately 8,241 claims, or

PLAINTIFFS' REPLY IN SUPPORT
OF FINAL APPROVAL- 1
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

nearly a 50% increase). And aside from the two additional timely Objections, only 36 total individuals have requested exclusion.

## II.  BACKGROUND

Since the Court granted preliminary approval and the administrator commenced the Notice Plan (Dkt. 73), four Settlement Class Members have timely objected to the Settlement, and one Settlement Class Member submitted an objection past the objection deadline (the "Objections"). The first two Objections—received before Plaintiffs filed their Motion for Preliminary Approval are attached as Exhibit H to the Declaration of Patrick M. Passarella of Kroll Settlement Administration LLC in Connection with Final Approval of Settlement ("Passarella Final Approval Decl."), Dkt. 77 at 38–41.[1] Because those objections were procedurally deficient (insofar as they did not meet the requirements that the Court set out in its Preliminary Approval Order (Dkt. 73)), Settlement Class Counsel directed the Settlement Administrator to contact those two objectors to inform of the deficiencies and request that those objections be re-submitted. *See* Dkt. 76 at 20 (*e.g.*, noting that the objectors failed to state specificity of objection and supporting documents; to what class or classes the objection is aimed; whether they are represented by an attorney; whether they will appear for the final approval hearing; any list of prior objections; and a signature)). On or about October 24, 2024, the Settlement Administrator contacted Ms. Davis and Ms. Clarke to notify them of the deficiencies and ask that they re-submit their objection with appropriate details; as of the time of this filing, neither has re-submitted their respective objections. Two additional objections were timely submitted after Plaintiffs filed their Motion for Final Approval. *See* Supplemental Declaration of Patrick Passarella in Support of Final Approval ("Passarella Supp. Decl.") Ex. D (objection of

---

[1] They are attached again to the Passarella Supplemental Declaration as Exhibits B & C.

PLAINTIFFS' REPLY IN SUPPORT
OF FINAL APPROVAL- 2
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Erica Arevalo) & Ex. E (objection of Caleb Rowton). One objection was postmarked after the objection deadline. *See* Passarella Supp. Decl. Ex. F ( ).

### III.   ARGUMENT

#### A.   The Reaction of the Class Remains Favorable

Since Plaintiffs filed their Motion for Final Approval on October 18, 2024, the submitted claims have increased by nearly 50% from 16,248 (Dkt. 76 at 14) to 24,489. *See* Passarella Supp. Decl. ¶ 6. While Plaintiffs acknowledge that the overall claims rate is on the lower side, as Plaintiffs explained in their opening Motion, it is within the realm of reasonable claims rates given the extremely large size of the class. *See In re TikTok, Inc., Consumer Privacy Litig.*, 617 F. Supp. 3d 904, 929 (N.D. Ill. July 28, 2022) (noting that "the average claims rate for class sizes over 2.7 million is about 1.4%"); *Pollard v. Remington Arms Co., LLC*, 896 F.3d 900, 905–06 (8th Cir. 2018) (finding district court did not abuse its discretion in approving settlement with 0.29% claims rate). The claims rate is only one factor the Court must consider in its decision to finally approve the settlement; while a claims rate may be low, that factor is mitigated by both the non-reversionary nature of the settlement and the effectiveness of the notice plan. *See In re Zoom Video Commc'ns, Inc. Privacy Litig.*, 2022 WL 1593389, at *8 (N.D. Cal. Apr. 21, 2022) ("The settlement is also non-reversionary, mitigating any risk that the one percent claim participation rate was intentionally engineered."); *Summers v. Se Mar Cmty. Health Ctrs.*, 29 Wn. App. 2d 476, 486 (2024) (finding trial court did not abuse its discretion in approving data breach settlement with 0.5% claims rate given that it considered the potential difficulty in reaching class members and the provision of cy pres relief.). Here, the administrator was able to provide direct notice to over 97% of settlement class members. *See* Passarella Final Approval Decl., Dkt. 77 at ¶ 13; Passarella Supp. Decl. ¶¶ 4–5. Further, to the extent that amounts

PLAINTIFFS' REPLY IN SUPPORT OF FINAL APPROVAL- 3
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

remaining in the Residual Settlement Fund, all Settlement Class Members who filed an Approved Claim for Credit Monitoring Services will receive additional years of Credit Monitoring Services, up to a total of five (5) years. Settlement Agreement ¶ 71(a). If funds still remain, all Settlement Class Members who filed an Approved Claim will receive a Residual Cash Payment of up to $100.00. *Id.* ¶ 71(b). No amount of the settlement fund will revert to Defendant.

Moreover, the requests for exclusion remain low, with only 36 individuals opting out (an infinitesimal fraction of a percent). And only four individuals have objected to the Settlement. As Plaintiffs argued in their Motion for Final Approval, the law remains favorable for approving the Settlement based on these few objections. *Lane v. Brown*, 166 F. Supp. 3d 1180, 1191 (D. Or. 2016) (noting that the "absence of significant numbers of objectors weighs in favor of finding the settlement to be fair, reasonable and adequate"). Moreover, an extremely low percentage of individuals have requested exclusion (36 of the more than 3,700,000 individuals). Like with objections, Plaintiffs' argument in their Motion for Final Approval reiterates that the law remains favorable for approving the Settlement based on these few exclusions. *See Clemans v. New Werner Co.*, No. 3:12-cv-5186, 2013 WL 12108739, at *5 (W.D. Wash. Nov. 22, 2013) (in settlement where one objection and four exclusions were filed, court found that "the overwhelming non-opposition to and participation in the Settlement [are] strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable"); *see also Rodriguez v. W. Publ'g. Corp.*, 563 F.3d 948, 967 (9th Cir. 2009); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *8–9 (W.D. Wash. Mar. 26, 2001). Based on these updated figures, still extremely small fractions of a percent, the Court is well within its discretion to affirm its finding that the Settlement remains fair, adequate, and reasonable and is fit for Final Approval.

PLAINTIFFS' REPLY IN SUPPORT
OF FINAL APPROVAL- 4
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

### B. The Court Should Overrule the Objections

As an initial matter, none of the Objections concern or take issue with Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards to Plaintiffs. *See* Passarella Final Approval Decl. Ex. H, Dkt. 77 at 39 (providing no details for the objection); Dkt. 77 at 41 (objecting to businesses keeping data); Passarella Supp. Decl. Ex. D (Ms. Arevalo explaining that she has multiple court cases and filed an identity theft report with the Federal Trade Commission); Passarella Supp. Decl. Ex. E (Mr. Rowton objecting to the "low amount of payment" because he "suffered hacking, ID theft, and much more" and stating that he will "write the judge over this case reflecting [his] thoughts and the prosecutor").

More importantly, the Objections do not provide any bases to deny final approval. Ms. Davis's objection simply states that she, as legal guardian of another individual, objects to the settlement. Ms. Davis's objection does not provide any additional details, such as why the Settlement does not address any harms or injuries, whether the Settlement is insufficient to address any harms or injuries, or any other basis. *See generally*, Passarella Final Approval Decl. Ex. H. Similarly, neither Ms. Clarke nor Ms. Arevalo take any issue with the Settlement benefits or how they might be insufficient. Finally, while Mr. Rowton says that the Settlement is low, Mr. Rowton did not provide any substance concerning what would be sufficient or why. The final (and untimely) objection contains no substance at all.

As detailed in Plaintiffs' Motion for Preliminary Approval (and Final Approval) the amounts available to Settlement Class Members (*i.e.*, time spent reimbursed at a rate of $25.00 per hour for up to four hours; reimbursement for documented ordinary losses; $50 statutory payments for California Settlement Subclass Members; three (3) years of three-bureau Credit Monitoring Services) falls squarely within the range of relief available in other data breach

PLAINTIFFS' REPLY IN SUPPORT
OF FINAL APPROVAL- 5
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

settlements. Dkt. 68 at 21–22 (comparing the Settlement benefits with *Dickey's Barbeque Restaurants, Inc.*, No. 20-cv-3424 (N.D. Tex.); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 318 (N.D. Cal. 2018); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811 (N.D. Cal. July 22, 2020); *Calderon v. Wolf Firm*, 2018 WL 68437223, at *7–8 (C.D. Cal. Mar. 13, 2018)).

Since these Objections wholly fail to meet the burden of demonstrating what additional amount of relief would be appropriate or how the Settlement achieved is unreasonable, the Court should overrule them. *See, e.g.*, *In re Google Referrer Header Priv. Litig.*, 87 F. Supp. 3d 1122, 1137 (N.D. Cal. 2015); *Schechter v. Crown Life Ins. Co.*, No. 13-cv-5596, 2014 WL 2094323, at *2 (C.D. Cal. May 19, 2014); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). "[I]t is the parties themselves, as opposed to the court or the objectors, who are in the best position to assess whether a settlement fairly reflects their expected outcome in litigation." *Edwards v. National Milk Producers Federation*, No. 11-cv-04766-JSW, 2017 WL 3616638, at *2 (N.D. Cal. June 26, 2017) (overruling objection to settlement despite a conflict in expert valuations). "[T]he possibility that a class settlement does not fully compensate each class member for the full amount of his or her loss is not ipso facto grounds for rejecting the settlement . . . . the risk of proceeding to trial—and possibly recovering nothing—must be weighed against the uncertainty of recovering something." *In re TD Ameritrade Account Holder Litig.*, No. C 07-2852 SBA, 2011 WL 4079226, at *12 (N.D. Cal. Sep. 13, 2011) (overruling objection where purported losses were not covered by settlement). Plaintiffs respectfully submit that the Objections should be overruled.

Finally, the Objections still fail to adhere to the requirements that the Court listed in the Preliminary Approval Order. Dkt. 73. While Plaintiffs believe that the Court can overrule the

PLAINTIFFS' REPLY IN SUPPORT
OF FINAL APPROVAL- 6
Case No. 2:22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Objections based on their failures to provide substantive issues with the Settlement benefits, the Objections still fail to adhere to the Court's requirements. Dkt. 73. None of the Objections identify to what class or classes the objection is aimed; whether they are represented by an attorney; whether they will appear for the final approval hearing; or any list of prior objections.

## IV. CONCLUSION

Plaintiffs have negotiated a fair, adequate, and reasonable Settlement that will provide Class Members with both significant monetary and equitable relief. Since the Court's preliminary approval of the Settlement in August 2024, the class's reaction confirms that the Settlement is fair, adequate, and reasonable. Plaintiffs respectfully request that the Court overrule the Objections and finally approve the Settlement.

I certify that this memorandum contains 1,818 words, in compliance with the Local Civil Rules.

DATED this 26th day of November, 2024.

By: *s/Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA #52684
Jason T. Dennett, WSBA #30686
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600
Fax: (206) 682-2992
kboyd@tousley.com
jdennett@tousley.com

*Interim Liaison Counsel*

Bryan L. Bleichner*
Philip Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
Fax: (612) 336-2940

PLAINTIFFS' REPLY IN SUPPORT
OF FINAL APPROVAL- 7
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | bbleichner@chestnutcambronne.com |
| 2 | pkrzeski@chestnutcambronne.com |
| 3 | John A. Yanchunis* |
| | Ryan J. McGee* |
| 4 | **MORGAN & MORGAN COMPLEX BUSINESS DIVISION** |
| 5 | 201 N. Franklin Street, 7th Floor |
| | Tampa, Florida 33602 |
| 6 | Tel: (813) 223-5505 |
| | jyanchunis@ForThePeople.com |
| 7 | rmcgee@ForThePeople.com |
| 8 | *Interim Co-Lead Counsel* |

PLAINTIFFS' REPLY IN SUPPORT OF FINAL APPROVAL- 8
Case No. 2:22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992