HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADETTE HIGHTOWER, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>Defendant. | Case No. 2:22-cv-01683-RSM<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

**WHEREAS,** a consolidated class action is pending in this Court entitled *Hightower et al. v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683-RSM (the "Action");

**WHEREAS**, Plaintiffs BERNADETTE HIGHTOWER, LATERSHIA JONES, GEORGE DEAN, and BRUCE MARK WOODRUFF, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("RPM" or "Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action

FINAL APPROVAL ORDER AND JUDGMENT - 1
Case No. 2:22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS,** by Order dated August 2, 2024 ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class and California Settlement Subclass solely for purposes of effectuating the Settlement; (c) appointed Plaintiffs as Class Representatives; (d) appointed Plaintiff Bruce Mark Woodruff as California Settlement Subclass Representative; (e) appointed Class Counsel as counsel for the Settlement Class; (f) appointed Kroll Settlement Administration LLC as Settlement Administrator (g) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (h) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (i) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS,** four Class Members submitted timely objections, and one class member submitted an untimely objection;

**WHEREAS,** thirty-six Class Members submitted Requests for Exclusion;

**WHEREAS**, the Court conducted a hearing on December 6, 2024 (the "Final Approval Hearing") to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representatives' motion for Service Award Payment(s)

FINAL APPROVAL ORDER AND JUDGMENT - 2
Case No. 2:22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **Jurisdiction**: This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on July 17, 2024; and (b) the Notice documents filed with the Court on October 18, 2024, as Exhibits C–F of the Declaration of Patrick M. Passarella.

3. **Class Certification for Settlement Purposes**: The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendant that their personal information was or may have been compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who

FINAL APPROVAL ORDER AND JUDGMENT - 3
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  submit a valid a Request for Exclusion prior to the Opt-Out Deadline. The Court further hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Settlement Subclass consisting of all individuals who are members of the Settlement Class who are residents of the State of California.

4. **Adequacy of Representation**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class, certifying Plaintiff Bruce Mark Woodruff as Class Representative for the California Settlement Subclass, and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice**: The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payment(s), (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payment(s), (vi) their right to exclude themselves from the Settlement Class, and (vii)

FINAL APPROVAL ORDER AND JUDGMENT - 4
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. **Objection**: Four timely objections were filed by Settlement Class Members. The Court has considered these objections and finds that they do not counsel against settlement approval. While none of the objections purports to state a specific concern about the terms of the settlement agreement, to the extent that the objections state a concern about the value provided by the settlement agreement, the Court notes that the settlement, as with all settlements, is a compromise. The fact that it may have been greater is not itself sufficient to undermine the Court's conclusion that the settlement is fair, reasonable, and adequate. To the extent that any objection raises any other grounds for disapproval not specifically addressed by the Court, the Court finds that they are not well taken and need not be further considered. The Court thus overrules the objections of Annie Davis, Mary Clarke, Erica Arevalo, and Caleb Rowton. The final, untimely, objection is similarly overruled in all respects; even had the objection been timely, it lacks any substance or reason for the court to find that the settlement is not fair, reasonable, and adequate.

7. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to

FINAL APPROVAL ORDER AND JUDGMENT - 5
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8. Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9. **Binding Effect**: The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

10. **Releases**: The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

11. Notwithstanding Paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

FINAL APPROVAL ORDER AND JUDGMENT - 6
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

13. **No Admissions**: This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

14. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for a Service Award Payment(s); and (e) the Settlement Class Members for all matters relating to the Action.

15. A separate order shall be entered regarding Class Counsel's motion for a Fee Award and Costs and Class Representatives' motion for a Service Award Payment(s). Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

FINAL APPROVAL ORDER AND JUDGMENT - 7
Case No. 2:22-cv-01683-RSM

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

17. **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of August 1, 2024, as provided in the Settlement Agreement.

18. **Entry of Judgment**: There is no just reason for delay of entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in the Action.

**IT IS SO ORDERED** this 6th day of December, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

FINAL APPROVAL ORDER AND JUDGMENT - 8
Case No. 2:22-cv-01683-RSM

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992